# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

## CAUSE NUMBER 25-10752
_____

## CONGHUA YAN,
**Plaintiff/Appellant**

### V.

## THE STATE OF TEXAS, LESLIE STARR BARROWS, IN INDIVIDUAL CAPACITY; WILLIAM ALBERT PIGG, IN INDIVIDUAL CAPACITY; LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE; PANOPYRA P.L.L.C., A PRIVATE COMPANY; FUYAN WANG, IN INDIVIDUAL CAPACITY; JIAYIN ZHENG, IN INDIVIDUAL CAPACITY; YUANLI TANG, IN INDIVIDUAL CAPACITY,

**Defendants/Appellees**
_____

On Appeal from the United States District Court for
the Northern District of Texas - Fort Worth Division;
Cause No. 4:24-cv-579; Hon. Reed C. O'Connor, District Judge
_____

## BRIEF OF DEFENDANT/APPELLEE
## WILLIAM ALBERT PIGG
_____

Respectfully Submitted

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy, Ste. 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Appellee
William Albert Pigg

CAUSE NUMBER 25-10572
CONGHUA YAN v. THE STATE OF TEXAS, *et al.*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Judge | Honorable Reed C. O'Connor |
| Magistrate Judge: | Honorable Hal R. Ray, Jr. |
| Plaintiff/Appellant: | Conghua Yan |
| Defendant/Appellee: | The State of Texas |
| Defendant/Appellee: | Lori L. DeAngelis |
| Defendant/Appellee: | Leslie Starr Barrows |
| Defendant/Appellee: | William Albert Pigg |
| Defendant/Appellee: | Panopyra, LLC |
| Defendant/Appellee: | Fuyan Wang |
| Defendant/Appellee: | Jiayin Zheng |
| Defendant/Appellee: | Yuanli Tang |

*/s/ William A. Pigg*
Attorney of Record for
Defendant/Appellee
William Albert Pigg

## **<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

The present case does not involve complex issues of law or fact such as warrant Oral Argument. Therefore, no oral argument is necessary.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ........................................... ii

TABLE OF CONTENTS................................................................................... iii

TABLE OF AUTHORITIES ................................................................. …………iv

JURISDICTIONAL STATEMENT……………………………………………...v

STATEMENT OF ISSUES PRESENTED FOR REVIEW .................................vi

STATEMENT OF THE CASE AND PROCEDURAL HISTORY……………1-4

SUMMARY OF THE ARGUMENT ................................................................ 4,5

ARGUMENT AND AUTHORITIES.............................................................. 5-8

    IT WAS NOT ERROR FOR THE DISTRICT COURT TO DISMISS
    YAN'S SECTION 1983 AND 14TH AMENDMENT CLAIMS ON
    GROUNDS OF *RES JUDICATA*. HOWEVER, THOSE CLAIMS ARE
    NOW MOOT HEREIN GIVEN THIS COURT'S ORDER OF REMAND
    IN CAUSE NUMBER 24-
    10543…………………………………………………………………….5,6

    IT WAS NOT ERROR FOR THE DISTRICT COURT TO DISMISS
    YAN'S 5TH AMENDMENT AND PENDENT CLAIMS UNDER TEXAS
    AND MINNESOTA STATE LAW………………………………………..6-8

CONCLUSION ................................................................................................ .8,9

CERTIFICATE OF SERVICE ........................................................................ 10

CERTIFICATE OF COMPLIANCE................................................................. .11

# TABLE OF AUTHORITIES

## Cases

*Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)……………………………………………………………5

*Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460, 467 (5th Cir. 2015)……………..6

*Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir.1975) (per curiam)……………………………………………….........5

*Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993)…………………………………8

## Constitutions

United States Constitution Amendment V………………………….vi, 3, 4, 5, 7, 8
United States Constitution Amendment XIV………………..vi, 2, 3, 4, 5, 6, 7, 8

## Statutes

42 U.S.C. § 1983……………………………………………iv, 2, 3, 4, 5, 6, 7, 8
28 U.S.C. § 1291……………………………………………………………….v
28 U.S.C. § 1331……………………………………………………………….v
28 U.S.C. § 1343(a)(3)..………………………………………………………..v

## Rules

FED. R. APP. P. 5(c)(1)………………………………………………………...11
FED. R. APP. P. 32(f)…………………………………………………………..11
FRCP 12(b)(1)………………………………………………………………….4
FRCP 12(b)(6)………………………………………………………………….4
Local Rule 25.2.1………………………………………………………………10
Local Rule 25.2.13……………………………………………………………..10

## Treatises

18A CHARLES A. WRIGHT & ARTHUR D. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4427 (2d ed. 2012)…………………………6

# JURISDICTIONAL STATEMENT

A. **District Court Jurisdiction**

Yan asserted claims arising under Federal statutes and alleged violations of the United States Constitution. Therefore, the District Court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

B. **Appellate Jurisdiction**

Pursuant to 28 U.S.C. § 1291, this Court has Appellate Jurisdiction over the District Court's March 6, 2025 Final Judgment [ROA.746].

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. WHETHER YAN'S CLAIMS UNDER 42 U.S.C. § 1983 AND THE 14TH AMENDMENT ARE MOOT GIVEN THIS COURT'S REMAND OF THOSE CLAIMS TO THE DISTRICT COURT IN CAUSE NUMBER 24-10543.

2. WHETHER THE DISTRICT COURT ERRED IN DISMISSING YAN'S 5TH AMENDMENT CLAIM AND HIS PENDENT STATE LAW CLAIMS UNDER TEXAS AND MINNESOTA LAW.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This matter arises from Defendant/Appellee William Albert Pigg's (hereinafter "Pigg") representation of Plaintiff/Appellant Conghua Yan (hereinafter "Yan") in Yan's divorce action.

The divorce action was contentious and Yan was a challenging client, rarely following Pigg's advice and believing among other things that the 325th State District Court was biased against him. Nonetheless, by early September 2022, Pigg was able to steer Yan's case toward a proposed resolution that would have inured to Yan's ultimate benefit as it would have given Yan most of what he professed to want. Yan categorically and unequivocally refused to negotiate the proposed settlement put forth by his then wife's attorney Defendant/Appellee herein Leslie Starr Barrows, reiterating his desire to punish his wife for her alleged criminal activity and stating there was "NO WAY" he would sign anything prepared by Ms. Barrows in the 325th District Court.

At that time, the Associate Judge in the 325th District Court was Defendant/Appellee herein Lori L. DeAngelis.

Given what Pigg perceived to be Yan's intractable position and his continued unwillingness to follow Pigg's advice, Pigg withdrew from Yan's representation. Pigg's withdrawal was in conformity with the Texas Rules of

1

Civil Procedure on attorney withdrawals and Pigg returned the entirety of Yan's file to him. The Court signed off on Pigg's withdrawal in September 2022, and Yan secured other counsel.

Yan filed a grievance against Pigg with the Texas State Bar in January 2023 which was summarily dismissed in July 2023.

Yan filed another grievance with the Bar against Pigg in November 2023, alleging, as in this action, that Pigg forged his signature on a temporary restraining order [ROA.78]. Pigg duly responded and the Bar dismissed Yan's grievance in March 2024.

Yan's Federal causes of action against Pigg in this matter for alleged violations of 42 U.S.C. § 1983 and his 14th Amendment rights [ROA.71] are duplicative of the same allegations filed by Yan against Pigg in his Third Amended Complaint in an earlier proceeding in the action bearing the caption "Conghua Yan vs. The State Bar of Texas, et al." Cause Number 4:23-cv-00758-P (hereinafter, "Lawsuit 1") [ROA.24-10543.1092-1094].

In Lawsuit 1, Yan sued Pigg for violations of 42 USC § 1983 and violations of his rights under the 14th Amendment to the U.S. Constitution [ROA.24-10543.1092-1094]. The gravamen of Yan's allegations in that suit are difficult to ascertain in the eighty-two pages of his Third Amended Complaint, but essentially Yan alleges that Pigg conspired with Ms. Barrows and Judge

2

DeAngelis to enter into a fraudulent Qualified Domestic Relations Order resulting in an order entitling Yan's wife to a portion of his retirement.

In Lawsuit 1, Judge Pittman entered a Final Judgment of Dismissal in April 23, 2024 [ROA.24-10543.2094]. Yan filed a timely notice of appeal of Judge Pittman's decision and on September 29, 2025 this Court remanded the case to the District Court, where it is now pending.

While Lawsuit 1 was pending on appeal, Yan filed a Second Amended Complaint in the District Court (hereinafter "Lawsuit 2"), alleging the following causes of action against Pigg:

1. Violation of 42 U.S.C. § 1983 [ROA.71];

2. Violations of Yan's rights under the 5th and 14th Amendments to the U.S. Constitution [ROA.71];

3. Fraud and Conspiracy under Texas law [ROA.76,78];

4. Violations of various unspecified Texas state statutes related to Legal Malpractice, Breach of Contract, Negligent Misrepresentation, Breach of Fiduciary Duty, Deceptive Trade Practices, aiding and abetting fraud, and abuse of process [ROA.79-80]; and

5. "Civil complaints under Minesota civil causes of action fraud" [sic] and violations of various unspecified Minnesota state statutes [ROA.82].

When one compares Yan's allegations in Lawsuit 1 to those alleged in Lawsuit 2, it becomes clear that Yan alleges Pigg, Ms. Barrows, and Judge DeAngelis conspired to enter fraudulent domestic relations orders that deprived

him of a portion of his income. In both Lawsuits, Yan alleges Pigg violated 42 USC § 1983 and his rights under the 14th Amendment to the U.S. Constitution [ROA.71; ROA.24-10543.1092-1094]; the only difference between the two being his 5th Amendment claim (not identified as a cause of action in his Second Amended Complaint in Lawsuit 2, but referenced in the body thereof [ROA.71]), his pendent state law claims related to attorney malpractice [ROA.79-80], and his unintelligible complaint under Minnesota state law in Lawsuit 2 [ROA.82].

Prior to this Court issuing its Order of Remand in Lawsuit 1, Pigg filed a 12(b)(1) and (6) Motion to Dismiss in Lawsuit 2 on grounds of *res judicata* and lack of subject matter jurisdiction [ROA.241] which the District Court granted [ROA.746]. Yan appealed and here the matter stands.

## SUMMARY OF THE ARGUMENT

It was not error for the District Court to dismiss Yan's Second Amended Complaint in this matter (Lawsuit 2) on *res judicata* grounds at the time the Order was rendered as the issues contained therein were pending on appeal. Since this Court remanded Lawsuit 1 to the District Court, Yan's claims under 42 U.S.C. § 1983 and the 14th Amendment herein are moot as they are currently pending in Lawsuit 1.

However, since Yan could have, but did not plead his 5th Amendment claim and pendent state law claims in Lawsuit 1, the District Court's dismissal of those causes of action, with prejudice, on grounds of *res judicata* was correct and its Judgment related thereto should be affirmed.

## ARGUMENT AND AUTHORITIES

1. **IT WAS NOT ERROR FOR THE DISTRICT COURT TO DISMISS YAN'S SECTION 1983 AND 14TH AMENDMENT CLAIMS ON GROUNDS OF *RES JUDICATA*. HOWEVER, THOSE CLAIMS ARE NOW MOOT HEREIN GIVEN THIS COURT'S ORDER OF REMAND IN CAUSE NUMBER 24-10543.**

The doctrine of *res judicata* is a civil litigation principle that means "a thing adjudicated" which bars relitigating the same issue or an issue arising therefrom in a subsequent lawsuit by the same parties (or their privies) once the first lawsuit has been decided by a court of competent jurisdiction.

As Chief Justice Rehnquist succinctly stated: "There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (and cases cited therein).

Accordingly, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fid. Standard Life Ins. Co.*

v. *First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir.1975) (per curiam); *Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460, 467 (5th Cir. 2015); 18A CHARLES A. WRIGHT & ARTHUR D. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4427 (2d ed. 2012) ("[R]es judicata ordinarily attaches to a final lower-court judgment even though an appeal has been taken and remains undecided.").

While Yan's appeal of Lawsuit 1 was pending, he filed Lawsuit 2. Accordingly, the District Court was correct to grant Pigg's motion to dismiss on grounds of *res judicata* at the time of its rendition pursuant to the case law cited above.

However, since this Court remanded Lawsuit 1 after the District Court dismissed Yan's Section 1983 and 14th Amendment claims in this matter, those claims have not been finally adjudicated as they are still pending in the District Court. Accordingly, those claims are now moot herein.

2. **IT WAS NOT ERROR FOR THE DISTRICT COURT TO DISMISS YAN'S 5TH AMENDMENT AND PENDENT CLAIMS UNDER TEXAS AND MINNESOTA STATE LAW.**

Yan is a *pro se* Complainant. The District Court has given him five opportunities to amend his Complaints in two separate lawsuits having duplicative allegations. When one compares his allegations in Lawsuit 1 to those alleged herein in Lawsuit 2, it becomes clear that Yan alleges Pigg, Ms. Barrows,

and Judge DeAngelis conspired to enter fraudulent domestic relations orders that deprived him of a portion of his income. In both Lawsuits, Yan alleges Pigg violated 42 USC § 1983 and a violation of his rights under the 14th Amendment to the U.S. Constitution. In Lawsuit 2, Yan alleges Pigg violated 42 USC § 1983, his Constitutional rights under the 5th, 14th Amendments, and various offenses under Texas and Minnesota state law.

Yan could have alleged his 5th Amendment and state law violations at some point in Lawsuit 1 – either in his Original Complaint or in one or more of his three Amended Complaints. He did not do that despite Judge Pittman's giving him three opportunities to do so.

A final judgment issued from the District Court in this matter dismissing Yan's 5th Amendment and pendent state law claims [ROA.746]. Therefore, the only inquiry as to those causes of action is whether the District Court erred in dismissing them.

Yan's 5th Amendment and pendent state law violations alleged in Lawsuit 2 spring from the same nucleus of operative fact for which Yan is suing Pigg in Lawsuit 1; namely, alleged dishonesty during the term of his representation of Yan in Yan's divorce proceeding.

As explained by Magistrate Ray and accepted by Judge O'Connor in the present matter, "a complaint is subject to dismissal when it raises claims arising

7

out of a common nucleus of operative fact that could have been brought in the prior litigation." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) [ROA.692,709].

Lawsuit 1 and Lawsuit 2 both involve claims arising out of a common nucleus of operative fact; namely, Yan's allegations that Pigg and other Defendant/Appellees herein committed various criminal acts and violations of his Constitutional rights in connection with his divorce proceeding.

Yan could have brought his 5th Amendment and pendent state law claims in Lawsuit 1. He did not. Therefore, it was correct for the District Court to dismiss those claims on *res judicata* grounds in Lawsuit 2 and he should not be allowed a second, or more accurately, a tenth bite at the apple.[1] For those reasons, the Judgment of the District Court dismissing Yan's 5th Amendment and pendent state law claims should be affirmed.

## CONCLUSION

Based on the foregoing, Defendant/Appellee William Albert Pigg contends this Court should DISMISS Yan's 42 U.S.C. § 1983 and 14th Amendment claims on grounds of mootness, AFFIRM the decision of the District Court dismissing Yan's 5th Amendment claim and his pendent claims

---

[1] Yan has previously sought relief from two Bar Complaints, two Original Complaints, and five Amended Complaints in two separate lawsuits.

under Texas and Minnesota state law on grounds of *res judicata*, and for any and all other relief to which he may be entitled at law or equity.

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expwy., Ste 109
Dallas, Texas 75231
(469) 557-1182
Attorney for Defendant/Appellee
William Albert Pigg

# CERTIFICATE OF SERVICE

I, William Pigg, hereby certify that on this the ___ day of November 2025, the Appellee's Brief was served via electronic service to Plaintiff-Appellee.

I further certify that: (1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; (2) the electronic submission is an exact copy of the paper documents pursuant to 5t$^h$ Cir.Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of Norton Anti-Virus software and is free of viruses.

*/s/ William A. Pigg*
Attorney for Defendant/Appellee
William Albert Pigg

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of FED. R. APP. P. 5(c)(1) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains _____ words

2. This brief has been prepared in proportionally spaced typeface using Word 10 in Times New Roman typeface and 14-point font size.

Dated: November 15, 2025

<i>/s/ William A. Pigg</i><br>
Attorney for Defendant/Appellee<br>
William Albert Pigg