Case No. 25-10752

# In the United States Court of Appeals for the Fifth Circuit

---

Conghua Yan,

Plaintiff - Appellant

v.

The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. Deangelis, in Individual Capacity and Official Capacity as Associated Judge; Panopyra P.L.L.C., A Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,

Defendants - Appellees

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

---

**BRIEF FOR DEFENDANT-APPELLEE LORI L. DEANGELIS**

---

PHIL SORRELLS
Tarrant County Criminal
District Attorney

MALLORY ANN SCHUIT
Texas State Bar No. 24078212
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: maschuit@tarrantcountytx.gov

COUNSEL FOR DEFENDANT-APPELLEE LORI DEANGELIS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

Plaintiff-Appellant Conghua Yan, pro se;

Defendant-Appellee The State of Texas, represented by Roy Adams of the Office of the Attorney General for the State of Texas;

Defendant-Appellee Leslie Starr Barrows, represented by J. Nathaniel James and Caroline Cyrier of Harris, Finley & Bogle, P.C.;

Defendant-Appellee William Pigg, represented by William Pigg of William A Pigg PLLC;

Defendant-Appellee Lori DeAngelis, represented by Katherine E. Owens in the District Court and Katherine E. Owens and Mallory A. Schuit in this Court; and

Defendant-Appellees Panopyra P.L.L.C., Fuyan Wang, and Yuanli Tang, represented by Charles Davis Chapman of the Law Office of C Davis Chapman and Cody Martin of Martin Oostdyk, PLLC; and

Defendant-Appellee Jiayin Zheng, pro se.

/s/ *Mallory Ann Schuit*
Mallory Ann Schuit

Counsel of Record for Defendant-
Appellee Lori DeAngelis

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Lori DeAngelis contends that oral argument will not assist the Fifth Circuit in resolving the issues on appeal because the governing legal principles are well settled. Because the District Court's "Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge" is thorough and well-reasoned (ROA.692-714), the March 6, 2025 Final Judgment (ROA.746-747) should be summarily affirmed upon submission on the briefs.

However, if oral argument is granted, Defendant-Appellee Lori DeAngelis requests an opportunity to argue in response.

TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ....................................... ii

**STATEMENT REGARDING ORAL ARGUMENT** ............................ iv

**TABLE OF CONTENTS** ......................................................... v

**TABLE OF AUTHORITIES** ................................................... vii

**STATEMENT OF JURISDICTION** ............................................ 1

    A.    District Court Jurisdiction ............................................ 1

    B.    Court of Appeals Jurisdiction ....................................... 1

**ISSUES PRESENTED** ........................................................... 2

**STATEMENT OF THE CASE** ................................................... 3

    A.    Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court. ...................................... 3

    B.    Judge DeAngelis moved to dismiss all of Yan's claims against her ............................................... 4

    C.    The District Court correctly dismissed all of Yan's claims against Judge DeAngelis. ........................... 5

**SUMMARY OF THE ARGUMENT** ........................................... 6

**ARGUMENTS AND AUTHORITIES** ......................................... 7

I.    This Court should affirm the dismissal of Yan's claims against Judge DeAngelis. .......................................... 7

    A.    12(b)(1) standard of review ....................................... 7

    B.    12(b)(6) standard of review ....................................... 7

C.      The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis. ............................8

D.      The District Court properly determined that Judge DeAngelis was immune from Yan's claims. ........11

E.      The District Court properly declined to exercise supplemental jurisdiction over Yan's state law claims .....................................................................14

II.    Alternative grounds in Associate Judge DeAngelis's motion to dismiss support an affirmance. ...................15

PRAYER FOR RELIEF ...............................................................17

CERTIFICATE OF SERVICE ....................................................18

CERTIFICATE OF COMPLIANCE ..........................................19

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................. 8

*Bailey v. Willis,*
No. 417CV00276ALMCAN, 2018 WL 3321461 (E.D. Tex. Jan. 11, 2018) .......................................................................................... 10

*Bauer v. Tex.,*
341 F.3d 352 (5th Cir. 2003) ............................................. 9, 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................. 7

*Collins v. Garcia,*
No. 3:18-CV-3299-N-BH, 2020 WL 4296376 (N.D. Tex. May 12, 2020) ........................................................................................... 9

*Daves v. Dallas Cnty., Tex.,*
22 F.4th 522 (5th Cir. 2022) ................................................. 12

*Davis v. Tarrant Cnty. Tex.,*
565 F.3d 214 (5th Cir. 2009) ................................................ 12

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,*
675 F.3d 849 (5th Cir. 2012) .................................................. 8

*Harry v. Lauderdale Cnty.,*
212 F. App'x 344 (5th Cir. 2007) .......................................... 13

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.,*
892 F.3d 719 (5th Cir. 2018) .................................................. 7

*Kokkonen v. Guardian Life Ins. Co.,*
511 U.S. 375 (1991) ................................................................. 7

*Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*,
  904 F.3d 363 (5th Cir. 2018) ............................................................. 15

*Machetta v. Moren*,
  726 F. App'x 219 (5th Cir. June 4, 2018) ........................................ 10

*Mark v. Spears*,
  722 F. App'x 362 (5th Cir. 2018) ..................................................... 16

*Mireles v. Waco*,
  502 U.S. 9 (1991) ............................................................................ 11

*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89 (1984) .......................................................................... 16

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ............................................................. 8

*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) ............................................................. 7

*Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.*,
  797 F. App'x 889 (5th Cir. 2020) ..................................................... 12

*Ruiz v. Estelle*,
  161 F.3d 814 (5th Cir. 1998) ........................................................... 10

*Spencer v. Kemna*,
  523 U.S. 1 (1998) .............................................................................. 9

*Turner v. Raynes*,
  611 F.2d 92 (5th Cir. 1980) ............................................................. 12

*Wood v. Parker Cnty.*,
  463 F. App'x 360 (5th Cir. 2012) ..................................................... 13

*Yan v. State Bar of Texas*,
  No. 4:23-CV-00758-P, 2023 WL 8649817 (N.D. Tex. December 13,
  2023) .................................................................................................. 3

*Yan v. State Bar of Texas*,
  No. 24-10543, (5th Cir. Sept. 29, 2025) (per curiam) ........................ 4

*Yan v. Taylor,*
    No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024) ..... 3

*Yan v. Taylor,*
    No. 24-10288, 2024 WL 4579606 (5th Cir. October 25, 2024), *cert.*
    *denied*, 145 S. Ct. 2793 (2025) .................................................................. 3

*Yohey v. Collin*s,
    985 F.2d 222 (5th Cir. 1993) .............................................................. 16

Statutes

Tex. Fam. Code Ann. § 201.017 ..................................................... 12

Tex. Fam. Code Ann. § 201.308 ..................................................... 12

Tex. Fam. Code Ann. § 201.316 ..................................................... 12

Tex. Fam. Code Ann. § 201.317 ..................................................... 12

Rules

Fed. R. Civ. P. 12(b)(1) ...................................................................... 7

Fed. R. Civ. P. 12(b)(6) ...................................................................... 7

## STATEMENT OF JURISDICTION

### A.    District Court Jurisdiction

Because Conghua Yan asserted a claim under the RICO Act and 42 U.S.C. § 1983, the District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

### B.    Court of Appeals Jurisdiction

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over the District Court's March 6, 2025 Final Judgment, ROA.746-747, which Yan timely appealed following the June 11, 2025 denial of his motion to alter the judgment, ROA.771 (Notice of Appeal dated June 11, 2025).

**Response to Appellant's Issues:** Yan has stated 9 issues presented, one of which references a "state statutory associate judge" (Judge DeAngelis). Appellant's Brief at pp. 11-13. In his argument, however, Yan contends that the District Court erred in dismissing his claims against Judge DeAngelis when it determined that: (1) he lacked standing to sue Judge DeAngelis; (2) Judge DeAngelis was entitled to judicial immunity; and (3) it should decline from exercising supplemental jurisdiction over Yan's state court claims. This Court should affirm the District Court's dismissal of Yan's claims against Judge DeAngelis.

## STATEMENT OF THE CASE

### A. Conghua Yan is challenging state family court Associate Judge Lori DeAngelis's judicial rulings in federal court.

Appellant Conghua Yan's ("Yan") complaints against Texas Associate Judge Lori DeAngelis ("Judge DeAngelis") arose during the pendency of his divorce proceeding. ROA.71-73; ROA.180-182. Judge DeAngelis presided over a portion of Yan's divorce and, among other things, ordered Yan to pay child support as well as attorney's fees to both Yan's and his wife's attorneys from certain funds under Yan's control. ROA.212-213; ROA.227.

Rather than challenging these rulings in state court, Yan sued in federal district court, alleging (among other things) a mass conspiracy among his former lawyer (Pigg), his wife's former lawyer (Barrows), and Judge DeAngelis. ROA.71-73.[1] Yan sought to recover over $28 million in

---

[1] This is Yan's third lawsuit against official actors (and second against Judge DeAngelis) for violations of law stemming from his divorce proceedings. On March 22, 2023, Yan sued the Tarrant County Sheriff's Office, Tarrant County District Attorney's Office, and specific employees for allegedly failing to investigate and prosecute Plaintiff's claims of perjury against witnesses in his divorce case. This case was subsequently dismissed with prejudice. *Yan v. Taylor,* No. 4:23-cv-0288-P, 2024 WL 1173737 (N.D. Tex. March 19, 2024) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against various county and state actors be dismissed for lack of standing), *aff'd* No. 24-10288, 2024 WL 4579606 (5th Cir. October 25, 2024), *cert. denied* 145 S. Ct. 2793 (2025). Then, on July 21, 2023, Plaintiff filed a nearly identical suit to this current suit against Judge DeAngelis and Tarrant County, Texas, among other defendants. This case was also subsequently dismissed with prejudice. *Yan v. State Bar of Texas,* No. 4:23-CV-00758-P, 2023 WL 8649817,

compensatory and punitive damages from Judge DeAngelis for alleged damages arising out of her judicial rulings in Yan's ongoing divorce proceeding (ROA.73-79; ROA.82-84).

## B. Judge DeAngelis moved to dismiss all of Yan's claims against her.

Judge DeAngelis filed a motion to dismiss all of Yan's claims against her, raising the following grounds:

1.     Yan lacked standing to sue Judge DeAngelis for the judicial rulings she made in Yan's underlying state court proceeding;

2.     The District Court should abstain under the *Younger* abstention doctrine;

3.     Yan's claims were barred by judicial immunity;

4.     Yan's official capacity claims against Judge DeAngelis were barred by Eleventh Amendment immunity;

5.     Yan did not state a claim under section 1983 or other law; and

6.     Yan's individual capacity claims against Judge DeAngelis were barred by qualified immunity.

---

at *4 (N.D. Tex. December 13, 2023) (Pittman, J.) (accepting magistrate's recommendation that Plaintiff's claims against Judge DeAngelis and other defendants be dismissed for lack of standing), *appeal dismissed for lack of jurisdiction and remanded*, No. 24-10543 (5th Cir. Sept. 29, 2025) (per curiam).

ROA.182.

## C. The District Court correctly dismissed all of Yan's claims against Judge DeAngelis.

The United States Magistrate Judge recommended granting Judge DeAngelis's motion to dismiss, concluding that Yan lacked standing to sue Judge DeAngelis; that Judge DeAngelis was entitled to judicial immunity; and that the exercise of supplemental jurisdiction was inappropriate. ROA.692-693; ROA.703-706; ROA.713. Yan objected. ROA.715.

The District Court overruled Yan's objections and accepted the United State Magistrate Judge's findings, conclusions, and recommendations, ROA.745, and dismissed Yan's claims against Judge DeAngelis, ROA.746-747. The District Court dismissed Yan's other claims against the other parties and signed a Final Judgment. ROA.745; ROA.746-747. Thereafter, Yan filed a motion to alter the judgment, ROA.748, which the District Court denied, ROA.768-770. Yan then appealed. ROA.771.

Conghua Yan, a Texas family court litigant who appeared before Judge DeAngelis, has twice sued Judge DeAngelis in federal court because he disagreed with her family court rulings. Instead of confining himself to his state court remedies, he alleged in federal court a conspiracy among his lawyer, his wife's lawyer, and Judge DeAngelis (among other causes of action).

On appeal, Yan has written a long and convoluted brief. Yan's arguments, however, do nothing to change the bottom line—that the District Court did not err in granting Judge DeAngelis's motion to dismiss. First, the District Court properly determined that Yan lacked standing to sue Judge DeAngelis. Second, the District Court properly determined that Judge DeAngelis was immune from suit for damages. Third, the District Court appropriately declined the exercise of supplemental jurisdiction. Moreover, Judge DeAngelis raised other independent dismissal grounds that support the District Court's ruling.

For these reasons, this Court should affirm the Final Judgment. ROA.746-747.

ARGUMENTS AND AUTHORITIES

## I.   This Court should affirm the dismissal of Yan's claims against Judge DeAngelis.

For the following reasons, this Court should overrule Yan's issues on appeal and affirm the District Court's Final Judgment dismissing Yan's claims against Judge Lori DeAngelis. *See* ROA.746-747.

## A.   12(b)(1) standard of review.

This court reviews de novo a district court's decision to dismiss based on lack of subject matter jurisdiction and applies the same standard as the district court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991).

## B.   12(b)(6) standard of review.

This Court reviews a dismissal for failure to state a claim de novo. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga.*, 892 F.3d 719, 726 (5th Cir. 2018). To avoid a motion to dismiss under rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

7

(2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court accepts all well-pleaded facts as true and views all facts in the light most favorable to plaintiffs. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012). However, this Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

## C.   The District Court correctly determined that Yan lacked standing to sue Judge DeAngelis.

The bulk of Yan's Brief is focused on issues and case law that are simply irrelevant to the District Court's ruling dismissing Yan's claims against Judge DeAngelis. Regarding his claim that Article III standing exists, Yan argues in his brief that "FCR erred by concluding 'that Yan has failed to establish standing for any of his claims against Judge DeAngelis,' and erred by finding that 'Yan argues that the continued garnishment of his wages constitutes an ongoing harm that gives him standing.'" Appellant's Br. at p. 29. This simply is not the case. To the contrary, the District Court correctly analyzed Judge DeAngelis's standing arguments and correctly concluded that Yan lacked standing to

sue Judge DeAngelis. ROA.745 (referencing, agreeing with, and accepting ROA.692-714).

Article III of the Constitution limits federal court jurisdiction to live "case[s] or controvers[ies]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that Yan had to show that he and "the defendant [Judge DeAngelis] have adverse legal interests." *See Bauer v. Tex.*, 341 F.3d 352, 358-59 (5th Cir. 2003). Yan made no such showing. Rather, Yan's complaints about Judge DeAngelis expressly involved her judicial rulings in Yan's state court family law proceeding. ROA.62-63; ROA.71-72 at ¶¶ 54-56 (complaining that Judge DeAngelis colluded with Barrows and Pigg to enter a "fraudulent temporary restraining order" and a writ of garnishment to withhold income for child support in the state court family law case); *see also* ROA.198-237 (the challenged judicial rulings).

The law is clear—Yan has no case or controversy with the judge who issued rulings in his divorce proceeding. Instead, his disagreement with and about state court rulings can and should only be litigated against his actual adversary—his wife—not the judge who made the disputed rulings. *See Collins v. Garcia*, No. 3:18-CV-3299-N-BH, 2020 WL 4296376, at *4 (N.D. Tex. May 12, 2020), *report and recommendation*

*adopted*, No. 3:18-CV-3299-N-BH, 2020 WL 4284580 (N.D. Tex. July 27, 2020); *Bailey v. Willis*, No. 417CV00276ALMCAN, 2018 WL 3321461 at *5 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted*, No. 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018).

To illustrate, in *Machetta v. Moren*, a disgruntled family court litigant sued the Texas state judges who presided over his case, seeking injunctive and declaratory relief. 726 F. App'x 219, 219-20 (5th Cir. June 4, 2018). This Court affirmed the district court's dismissal of the case "because no case or controversy exists between 'a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" *Id.* at 220 (quoting *Bauer*, 341 F.3d at 361). This Court further stated that "[w]ithout a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Id.* (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). This is so because the judge is not the cause of the statute being enacted or enforced. *Id.*

This is precisely the case here. The entire basis of Yan's claims against Judge DeAngelis stems from her judicial decisions during the pendency of his state court family law case. It is axiomatic that there is

no case or controversy between Yan (a family court litigant) and Judge DeAngelis (the judge presiding over his case).

For these reasons, this Court should affirm the District Court's dismissal of Yan's claims against Judge DeAngelis for lack of standing.

## D. The District Court properly determined that Judge DeAngelis was immune from Yan's claims.

In addition to determining Yan lacked standing to sue Judge DeAngelis, the District Court also specifically ruled that Judge DeAngelis is immune from Yan's claims in the lawsuit. ROA.705-706. On appeal, Yan persists in arguing that, because Judge DeAngelis is an associate judge, she is not entitled to judicial immunity. Appellant's Br. at pp. 41-45. This is not the law. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (stating that "[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages" and applying judicial immunity doctrine in action brought against state court judge).

Both elected state district court judges and their appointed state court associate judges can properly invoke the doctrine of judicial

immunity.[2] ROA.706 (citing Tex. Fam. Code Ann. § 201.017 (noting "[a]n associate judge . . . has the judicial immunity of a district judge")); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 532–42 (5th Cir. 2022); *see also Davis v. Tarrant Cnty. Tex.,* 565 F.3d 214, 221 (5th Cir. 2009); *Rodgers v. 323rd Dist. Court Tarrant Cnty. Tex.*, 797 F. App'x 889 (5th Cir. 2020) (agreeing associate judge enjoyed absolute judicial immunity for rulings in state family court proceedings).

As the District Court pointed out, to get around Judge DeAngelis's judicial immunity, Yan would need to have pleaded that Judge DeAngelis acted "in the complete absence of jurisdiction" or that her "actions were nonjudicial in nature." ROA.706. *See Turner v. Raynes*, 611 F.2d 92, 95 (5th Cir. 1980) ("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his

---

[2] As Yan has pleaded throughout these proceedings, Judge DeAngelis was acting in her capacity as an associate judge in ordering the payment of child support and attorneys' fees in Yan's family law case. *See, e.g.*, ROA.63 at ¶ 4; ROA.71-73. Section 201 of the Texas Family Code enumerates the powers of Texas associate judges and establishes a framework for associate judge rulings that can then be challenged before the elected district court judge. *See* Tex. Fam. Code Ann. § 201.308 (enumerating the powers of associate judges), § 201.316 (discussing action a referring court can take on an associate judge's ruling), § 201.317 (providing the right to a de novo hearing).

action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.").[3]

In a feeble attempt to support his claims, Yan used "conclusory labels like '*ultra vires*' to assume that immunity does not apply because [he claimed] 'DeAngelis outsourced Barrows to perform a judicial act. . .'" ROA.706. The District Court saw through this mischaracterization and found that Yan's conclusory allegations bore no weight given his own repeated admissions that Judge DeAngelis issued the orders that are the very subject of his complaint. ROA.71-73; ROA.76; ROA.78; ROA.706. *See also* ROA.198-237 (the challenged judicial rulings).

Because the District Court properly found that Yan did not plead that Judge DeAngelis acted without any authority or jurisdiction in

---

[3] *See also Harry v. Lauderdale Cnty.*, 212 F. App'x 344, 347 (5th Cir. 2007) (explaining that even where state appellate court held that judge acted without subject matter jurisdiction that holding was "not coterminous with the conclusion that [the judge] acted in 'complete absence of all subject matter jurisdiction' " because if "this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity," and that "proposition seems antithetical to the concerns underlying absolute judicial immunity"); *Wood v. Parker Cnty.*, 463 F. App'x 360, 361 (5th Cir. 2012) ("[T]he judges of the county court at law are entitled to immunity because they did not act in clear absence of all jurisdiction, despite the state appellate court later determining the county court lacked subject matter jurisdiction over the testamentary trust issues presented.").

issuing attorney's fees rulings in Yan's state family law proceeding, the District Court correctly determined that Yan could not overcome Judge DeAngelis's judicial immunity and dismissed Yan's claims. ROA.745-747.

Accordingly, this Court should affirm the District Court's ruling that Judge DeAngelis was entitled to judicial immunity from Yan's claims.

## E.   The District Court properly declined to exercise supplemental jurisdiction over Yan's state law claims.

When evaluating Yan's assertion that Judge DeAngelis committed fraud and conspiracy under Texas and Minnesota law (in addition to similar claims against other defendants), the District Court concluded that it had only supplemental jurisdiction over these claims because they do not raise any issues of federal law, the parties were not of diverse citizenship, and no other ground of subject matter jurisdiction existed. ROA.713; ROA.745-747. Declining to exercise supplemental jurisdiction, the District Court instead dismissed these claims without prejudice to Yan's right to bring them in an appropriate state court. ROA.713; ROA.745-747.

In his brief, Yan asked this Court to reconsider the exercise of supplemental jurisdiction in the event this Court revives any federal

claim. Appellant's Br. at pp. 46-47. Judge DeAngelis respectfully requests that the Court uphold the District Court's decision to refrain from exercising supplemental jurisdiction of these state court claims.

## II. Alternative grounds in Judge DeAngelis's motion to dismiss support an affirmance.

"This Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result." *Lauren C. by & through Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 374 (5th Cir. 2018). Judge DeAngelis moved to dismiss on several alternative grounds that were not expressly reached. *Compare* ROA.183-194 (Judge DeAngelis's motion to dismiss), *with* ROA.692-714 (analyzing and recommending dismissal on the standing and judicial immunity grounds).

Specifically, in addition to raising standing and judicial immunity dismissal grounds, Judge DeAngelis moved to dismiss on the following independent bases supporting affirmance:

- Because Yan's claims against Judge DeAngelis sought injunctive relief concerning his state court divorce proceedings, the

district court should abstain from exercising jurisdiction over any such claims.[4] ROA.182; ROA.185-186.

- Because Judge DeAngelis functioned as a state judicial official when presiding over the portion of Yan's family law proceeding that he is complaining about, Yan's official-capacity claims against Judge DeAngelis were barred by Eleventh Amendment Immunity.[5] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). ROA.189-190.

- Yan failed to state a claim against Judge DeAngelis under section 1983 or other law. ROA.182.

- Yan's individual-capacity claims against Judge DeAngelis are barred by qualified immunity. ROA.182; ROA.190-191.

Because Yan failed to brief any of these independent grounds for affirmance, he waived his right to challenge them. *See Yohey v. Collin*s, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Mark v. Spears*, 722 F. App'x

---

[4] Yan addressed the District Court's abstention ruling in his brief; however, these arguments are not addressed herein because the District Court's abstention ruling only covered claims against Defendants Panopyra LLC, Fuyan Wang, Jiayin Zheng, and Yuanli Tang, and not Judge DeAngelis. *See* ROA.711-712; ROA.745-747.

[5] Similarly, the District Court's Eleventh Amendment rulings did not include Judge DeAngelis; thus, Yan's arguments on this point are not addressed herein. ROA.701-702; ROA.745-747.

362 (5th Cir. 2018). However, were this Court to examine the other grounds for dismissal stated above, those independent grounds support the affirmance of the district court's Final Judgment, ROA.746-747.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Defendant Lori DeAngelis respectfully requests the following relief from this Court: (1) overrule Conghua Yan's issues on appeal; (2) affirm the District Court's "Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motions" dismissing Yan's claims against Judge DeAngelis (ROA.745) and the March 6, 2025 Final Judgment (ROA.746-747); and (3) grant all such further relief to which Judge DeAngelis is entitled.

Respectfully submitted,

*/s/ Mallory Ann Schuit*
**MALLORY ANN SCHUIT**
State Bar No. 24078212
**KATHERINE E. OWENS**
State Bar No. 240781683
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: maschuit@tarrantcountytx.gov
keowens@tarrantcountytx.gov
**COUNSEL FOR DEFENDANT - APPELLEE, LORI DEANGELIS**

## CERTIFICATE OF SERVICE

I certify that, on November 21, 2025, a true and correct copy of the above and foregoing document was served to all parties who have entered and appeared (via their counsel) and Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

Conghua Yan                                    *Via Regular U.S. Mail*
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
**PRO SE PLAINTIFF**

/s/ Mallory Ann Schuit
**MALLORY ANN SCHUIT**

**CERTIFICATE OF COMPLIANCE**

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

The undersigned counsel certifies this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3,130 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), as computed by the word-processing system used to prepare this brief.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

*/s/ Mallory Ann Schuit*
MALLORY ANN SCHUIT

Dated: November 21, 2025