No. 25-10752

In the United States Court of Appeals
for the Fifth Circuit

CONGHUA YAN,

    *Plaintiff – Appellant*,

v.

THE STATE OF TEXAS, LESLIE STARR BARROS, IN INDIVIDUAL CAPACITY, WILLIAM ALBER PIGG, IN INDIVIDUAL CAPACITY, LORI L. DEANGELIS, IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS ASSOCIATED JUDGE, PANOPYRA P.L.L.C, A PRIVATE COMPANY, FUYAN WANG, IN INDIVIDUAL CAPACITY, JIAYIN ZHENG, IN INDIVIDUAL CAPACITY, YUANLI TANG, IN INDIVIDUAL CAPACITY,

    *Defendants – Appellees*.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:24-CV-579, The Hon. Reed Charles O'Connor, Presiding

## Brief for Appellee State of Texas

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief General Litigation Division

ROY ADAMS
Assistant Attorney General
roy.adams@oag.texas.gov

COUNSEL FOR DEFENDANTS –
APPELLEES

# Certificate of Interested Persons

No. 25-10752

Conghua Yan,

         *Plaintiff – Appellant*,

v.

The State of Texas, Leslie Starr Barros, in Individual Capacity, William Alber Pigg, in Individual Capacity, Lori L. Deangelis, in Individual Capacity and Official Capacity as Associated Judge, Panopyra P.L.L.C, A Private Company, Fuyan Wang, in Individual Capacity, Jiayin Zheng, in Individual Capacity, Yuanli Tang, in Individual Capacity,

         *Defendants – Appellees*.

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellee, as a governmental party, need not furnish a certificate of interested persons.

         */s/ Roy Adams*
         Roy Adams
         Assistant Attorney General

## STATEMENT REGARDING ORAL ARGUMENT

State of Texas does not believe that oral argument is necessary to resolve this case. Nonetheless, if the Court finds that oral argument will be helpful, State of Texas requests the opportunity to participate.

# Table of Contents

Certificate of Interested Persons ..................................................................1

Statement Regarding Oral Argument........................................................ 2

Table of Contents ........................................................................................ 3

Table of Authorities.................................................................................... 4

Introduction ................................................................................................ 6

Statement of Jurisdiction ........................................................................... 7

      A.  District Court's Jurisdiction: ......................................................... 7

      B.  Court of Appeals' Jurisdiction: ...................................................... 7

      C.  Timeliness of Appeal:...................................................................... 7

Statement of the Issue................................................................................ 7

Statement of the Case................................................................................ 7

Summary of the Argument........................................................................ 8

Standard of Review ................................................................................... 9

Arguments................................................................................................... 9

      I.   Texas' Sovereign Immunity Deprived the District Court of.............. 9

      Jurisdiction. ............................................................................................ 9

      II.  The Eleventh Amendment Bars Yan's § 1983 Claim...................... 10

      III. The *Ex parte Young* exception does not apply. .............................. 11

Conclusion.................................................................................................12

Certificate of Service................................................................................13

Certificate of Compliance ........................................................................13

Table of Authorities

**Cases**

*Andrade v. v. NAACP of Austin*,
    345 S.W.3d 1 (Tex. 2011) ..................................................................11

*Bryant v. Texas Dep't of Aging & Disability Servs.*,
    781 F.3d 764 (5th Cir. 2015) ............................................................11

*Fox v. Mississippi*,
    551 Fed. Appx. 772 (5th Cir. 2014) ................................................. 10

*Martinez v. Zapata Cnty., Texas*,
    No. 5:23-CV-00050, 2024 WL 1315898 (S.D. Tex. Mar. 27,
    2024) ..................................................................................................11

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ............................................................................. 9

*Quern v. Jordan*,
    440 U.S. 332 (1979) .......................................................................... 10

*Raj v. La. State Univ.*,
    714 F.3d 322 (5th Cir.2013) ........................................................ 10, 11

*Roberson v. McShan*,
    No. 05-20055, 2005 WL 2673516 (5th Cir. Oct. 20, 2005) ................. 10

*Thomas v. State*,
    294 F. Supp. 3d 576 (N.D. Tex. 2018), *report and
    recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL
    1254926 (N.D. Tex. Mar. 12, 2018) .................................................. 10

*United States v. Delgado-Nunez*,
    295 F.3d 494 (5th Cir. 2002) .............................................................. 9

*United States v. Tex. Tech. Univ.*,
    171 F.3d 279 (5th Cir. 1999) .............................................................. 9

*Yan v. State Bar of Texas*,
    No. 4:23-CV-00758-P, 2024 WL 1739368 (N.D. Tex. Apr. 23,
    2024), *appeal dismissed and remanded*, No. 24-10543, 2025
    WL 2759560 (5th Cir. Sept. 29, 2025) ............................................ 6, 8

## Statutes

28 U.S.C. § 1291 ............................................................................................. 7

28 U.S.C. § 1331 ............................................................................................. 7

28 U.S.C. § 1343 ............................................................................................. 7

42 U.S.C. § 1983 ................................................................................... 6, 10, 11

## Constitutional Provisions

U.S. Const. amend. XI ................................................................................... 9

## INTRODUCTION

This is not Yan's first attempt to litigate his grievances through federal court. On July 21, 2023, Yan filed a wide-ranging lawsuit against a "small army of defendants," asserting constitutional and civil rights violations, fraud, and conspiracy claims arising from his 2021 divorce proceedings. *See Yan v. State Bar of Texas*, No. 4:23-CV-00758-P, 2024 WL 1739368, at *1 (N.D. Tex. Apr. 23, 2024), *appeal dismissed and remanded*, No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025). That case centered on allegations that family court judges, attorneys, and members of the Texas State Bar conspired against him in connection with attorney's fees and adverse rulings in his divorce. Yan also acknowledges his lawsuit against the Texas State Bar. *See* App. Brief at 38.

In this current action, Yan again sues a broad group of defendants—including the State of Texas—raising similar constitutional theories as he did in his previous divorce case. *See generally* App. Brief. He alleges violations of 42 U.S.C. § 1983 under the Fourteenth and Fifteenth Amendments, claiming that various attorneys involved in his child support proceedings conspired to deprive him of due process by fraudulently obtaining a temporary restraining order and writ of garnishment. App. Brief at 18-19.

## STATEMENT OF JURISDICTION

**A.   District Court's Jurisdiction:**

Jurisdiction in the District Court is predicated upon the federal question and civil rights provisions of 28 U.S.C. §§ 1331 and 1343.

**B.   Court of Appeals' Jurisdiction:**

This Court has jurisdiction under 28 U.S.C. § 1291 because the district court's order constitutes a final judgment disposing of all parties and all claims.

**C.   Timeliness of Appeal:**

Pursuant to 28 U.S.C. § 1291, this Court has appellate jurisdiction over this appeal because the district court entered final judgment on March 6, 2025. ROA.2 at 746. Yan filed a Motion to Alter Final Judgment on April 1, 2025. *Id.* at 748. The district court denied the Motion to Alter on June 11, 2025. *Id.* at 768.

## STATEMENT OF THE ISSUE

I.   Whether the trial court erred in its application of sovereign immunity.

## STATEMENT OF THE CASE

This case raises from Yan's dissatisfaction with the trial court dismissing his case. ROA.2 at 746-47. Yan brings this action against the State of Texas, several attorneys involved in his prior divorce proceedings, and

7

other individuals he claims participated in a conspiracy to conceal money laundering, violate his constitutional rights, and commit fraud under Texas and Minnesota law. ROA.2 at 693. These allegations stem from Yan's dissatisfaction with rulings and events in his underlying state divorce case. *Id.*

As in a previous case before the Honorable Judge Mark T. Pittman, *Yan v. State Bar of Texas*, No. 4:23-cv-758-P-BJ, Yan again asserts that the state court acted unlawfully by ordering him to pay attorney's fees and spousal support, and that various defendants conspired against him throughout those proceedings. ROA.2 at 693

Yan further contends that Defendant Judge DeAngelis and the State of Texas—through Judge DeAngelis in her official capacity—colluded to enter a fraudulent temporary restraining order (TRO) containing a forged signature and subsequently obtained a writ of garnishment based on that TRO. ROA.2 at 694. He alleges that this state court writ violated his rights to procedural due process under the Fifth and Fourteenth Amendments and continues to cause harm because it withholds his income for child support. *Id.*

### SUMMARY OF THE ARGUMENT

Yan's claims fail because they are barred by sovereign immunity. The magistrate judge and the district court correctly concluded that the Eleventh

Amendment prohibits suits against a state in federal court unless the state consents or Congress clearly abrogates that immunity. Neither occurred here. Because the State of Texas did not waive immunity and no statute invoked by Yan abrogates it, the court lacked subject matter jurisdiction.

## STANDARD OF REVIEW

"As a general rule, constitutional and other legal questions are reviewed de novo." *United States v. Delgado-Nunez*, 295 F.3d 494, 496 (5th Cir. 2002) (internal quotations omitted).

## ARGUMENTS

### I. Texas' Sovereign Immunity Deprived the District Court of Jurisdiction.

Sovereign immunity is a jurisdictional bar. *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. CONST. amend. XI). The magistrate judge and the district judge correctly concluded that sovereign immunity forecloses Yan's claim against the State of Texas. The magistrate judge explained that "under the Eleventh Amendment, states may not be sued in federal court unless they consent or Congress clearly abrogates immunity," and that neither exception applies here. ROA.2 at 701-02; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). The district judge reviewed the recommendation, adopted it in full, and dismissed the action for lack of jurisdiction. ROA.2 at 745.

9

Because the State has not waived its immunity, Yan's claims are barred and must be dismissed for lack of subject matter jurisdiction.

## II. The Eleventh Amendment Bars Yan's § 1983 Claim.

Yan's federal claims are barred by the Eleventh Amendment. The State of Texas has not waived its sovereign immunity from suits brought under 42 U.S.C. § 1983. *Halderman*, 465 U.S. at 98. The Supreme Court has held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir. 2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities).

With respect to any state law claims, those claims are also barred by the Eleventh Amendment. *See Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013); *see also Thomas v. State*, 294 F. Supp. 3d 576, 591 (N.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018), citing *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Even if sovereign immunity was waived by the State of Texas (which it was not), Yan STILL may not avail himself of any waiver because he has not pled a viable claim against the State of Texas. *See Martinez v. Zapata Cnty., Texas*, No. 5:23-CV-00050, 2024 WL 1315898, at *7 (S.D. Tex. Mar. 27, 2024), citing *Andrade v. v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of claims that included allegations of constitutional violations in reviewing plea to jurisdiction and noting that immunity was retained unless "viable claim" pleaded).

Accordingly, any § 1983 claims against the State of Texas fail as a matter of law.

### III. The *Ex parte Young* exception does not apply.

Yan acknowledges that he "sought nine forms of prospective relief against the state actor's official capacity." App. Brief at 40. To the extent Yan suggests that Texas' immunity is waived under the *Ex parte Young* doctrine, he is wrong. The *Ex parte Young* exception does not apply to the State of Texas itself or its agencies. *See Bryant v. Texas Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015)*; Raj,* 714 F.3d at 328. Because Yan asserts his claims directly against the State of Texas, the *Ex parte Young* exception is inapplicable, and his claims must be dismissed.

CONCLUSION

The Court should dismiss Yan's appeal or, in the alternative, reaffirm the trial court's judgment. Sovereign immunity forecloses Yan's claims against the State of Texas.

**November 24, 2025**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Respectfully submitted,

*/s/ Roy Adams*
ROY ADAMS
Assistant Attorney General
roy.adams@oag.texas.gov

OFFICE OF
THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Telephone: (737) 239-2099

COUNSEL FOR STATE OF TEXAS - APPELLEE

## CERTIFICATE OF SERVICE

On November 24, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

*/s/ Roy Adams*
ROY ADAMS
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because it contains roughly 2,080 words, excluding the parts exempted by Rule 32(f); and (2) the typeface and type-style requirements of Rules 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point) using Microsoft Word (the same program used to calculate the word count).

*/s/ Roy Adams*
ROY ADAMS
Assistant Attorney General