No. 25-10752

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Conghua Yan,

Plaintiff - Appellant

v.

The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. Deangelis, in Individual Capacity, and Official Capacity as Associated Judge; Panopyra P.L.L.C., a Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Action No. 4:24-cv-00579-O-BP

_____

**BRIEF FOR APPELLEE LESLIE STARR BARROWS**

_____

J. Nathaniel James
Roland K. Johnson
Caroline M. Cyrier
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:   817-870-8700
Facsimile:   817-332-6121
njames@hfblaw.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Plaintiff/Appellant: | Counsel for Appellant: |
|---|---|
| 1. Conghua Yan | Pro Se |

| Defendants/Appellees: | Counsel for Appellees: |
|---|---|
| 2. Leslie Starr Barrows | J. Nathaniel James (appellate)<br>Roland K. Johnson (trial and appellate)<br>Caroline M. Cyrier (trial and appellate)<br>Harris, Finley & Bogle, P.C.<br>777 Main Street, Suite 1800<br>Fort Worth, Texas 76102<br>Telephone: 817-870-8700<br>Email: njames@hfblaw.com |
| 3. State of Texas | Roy Adams (trial and appellate)<br>Assistant Attorney General<br>Office of the Attorney General, General Litigation Division<br>P.O. Box 12548 (MC-019), Capital Station<br>Austin, Texas 78711-2548<br>Telephone: 512-463-2120<br>Email: roy.adams@oag.texas.gov |
| 4. Lori DeAngelis, Individual Capacity and Official Capacity as Associated Judge | Katherine E. Owens (trial and appellate)<br>Craig M. Price (appellate)<br>Mallory Schuit (appellate)<br>Tarrant County Criminal District Attorney's Office<br>401 W. Belknap, 9th Flr. – Civil Division |

Fort Worth, Texas 76196
Telephone:  817-884-1233
Email: keowens@tarrantcountytx.gov

5.  William Albert Pigg

William A. Pigg
Charles L. Woods
William A. Pigg, PLLC
10455 N. Central Expressway, Ste. 109
Dallas, Texas 75231
Telephone:  214-551-9331
Email: wapigg@pigglawfirm.com

6.  Panopyra, P.L.L.C

Charles Davis Chapman (trial)
Law Office of C. Davis Chapman
P.O. Box 387
Fort Worth, Texas 76101
Telephone: (817)781-0211
Email: c.davis.chapman@gmail.com

and

Cody Martin (trial)
CWMartin Law Office, PLLC
233 N. Judkins St.
Fort Worth, TX 76111-4010
Telephone: (817) 813-7777
Email: cmartin@cwmartinlaw.com

7.  Fuyan Wang

Charles Davis Chapman (trial)
Law Office of C. Davis Chapman
P.O. Box 387
Fort Worth, Texas 76101
Telephone: (817)781-0211
Email: c.davis.chapman@gmail.com

and

Cody Martin (trial)
CWMartin Law Office, PLLC
233 N. Judkins St.
Fort Worth, TX 76111-4010
Telephone: (817) 813-7777

Email: cmartin@cwmartinlaw.com

8. Yuanli Tang

Charles Davis Chapman (trial)
Law Office of C. Davis Chapman
P.O. Box 387
Fort Worth, Texas 76101
Telephone: (817)781-0211
Email: c.davis.chapman@gmail.com

and

Cody Martin (trial)
CWMartin Law Office, PLLC
233 N. Judkins St.
Fort Worth, TX 76111-4010
Telephone: (817) 813-7777

Email: cmartin@cwmartinlaw.com

9. Jiayin Zheng

Jiayin Zheng (Pro se)
2209 Creekside Circle
Irving, TX 75063
Telephone: 972-375-1128
Email: jiayin.zheng@gmail.com


*/s/ J. Nathaniel James*
J. Nathaniel James

Attorney of record for Appellee
Leslie Starr Barrows

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary to aid the Court's decisional process because this appeal involves the application of well-established principles of law. However, in the event the Court receives oral argument, Appellee Leslie Starr Barrows requests she be permitted to argue in response.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ........................................ v

TABLE OF CONTENTS ................................................................................ vi

TABLE OF AUTHORITIES ........................................................................ ix

STATEMENT OF JURISDICTION ................................................................ 1

    A.    District Court Jurisdiction ........................................................ 1

    B.    Appellate Jurisdiction ............................................................. 1

STATEMENT OF ISSUES IN RESPONSE ..................................................... 2

STATEMENT OF THE CASE ........................................................................ 3

SUMMARY OF THE ARGUMENT ................................................................ 8

ARGUMENTS AND AUTHORITIES .......................................................... 10

I.    Standard of Review ........................................................................ 10

    A.    The dismissal of Yan's claims based on duplication is reviewed for abuse of discretion. ................................. 10

    B.    The remaining grounds for dismissal are subject to de novo review. ...................................................................... 10

    C.    Though liberally construed, a pro se complaint is properly dismissed after affording the pro se plaintiff adequate opportunity to plead his best case. ............................... 12

II.    Barrows requests that the Court take judicial notice of the record and pleadings in *Yan I*. ........................................................... 12

III.    The claims against Barrows were properly dismissed because they duplicate claims asserted in *Yan I*. ............................................ 13

    A.    A final judgment is not required to dismiss subsequent claims based on duplication. ........................................ 14

B.   Dismissal was proper because the identify of parties and claims elements are satisfied as between Barrows and Yan. ....... 16

IV.   In the alternative, if necessary, the District Court's dismissal should be affirmed because Yan failed to plead any plausible claim. .............. 20

   A.   Yan failed to state a plausible RICO claim. ................................. 20

      1.   Yan's allegations of criminal conduct are mere conclusions. ....................................................................... 21

      2.   Adversarial litigation conduct is an improper foundation for RICO claims. ............................................. 24

      3.   The Complaint lacks sufficient continuity facts. ............... 25

      4.   Yan's Section 1962(a) claim fails because he does not plead injury from the use or investment of racketeering income. ............................................................................... 28

   B.   In the alternative, dismissal of the Section 1983 claims should be affirmed because Barrows is not a state actor. ............ 28

      1.   Private attorneys do not act under color of state law. ......... 29

      2.   The conspiracy or corruption exceptions do not apply ...... 29

         a.   Conclusory allegations of conspiracy are ineffective. ............................................................. 30

         b.   No inference of conspiracy or corruption arises from a judge's entry of an order in reliance on attorney submissions. ............................................... 30

V.   The District Court did not abuse its discretion in declining jurisdiction over supplemental state law claims. .................................... 33

VI.   In the alternative, the District Court's dismissal of Yan's Texas and Minnesota claims against Barrows should be affirmed under Rule 12(b)(1) or Rule 12(b)(6). ......................................................................... 34

   A.   The doctrine of attorney immunity deprives the Court of jurisdiction over the Texas claims. ................................................ 34

B.     Even if the Minnesota fraud claim could escape attorney immunity, Yan did not state a cognizable Minnesota common law claim. ....................................................... 37

CONCLUSION ................................................................. 39

CERTIFICATE OF SERVICE ......................................... 41

CERTIFICATE OF COMPLIANCE ................................ 42

# TABLE OF AUTHORITIES

## Federal Cases

*Abraham v. Singh*,
    480 F.3d 351 (5th Cir. 2007) ....................................................................21, 25

*Adams v. Alcolac, Inc.*,
    974 F.3d 540 (5th Cir. 2020) ................................................................................37

*Aloe Crème Laboratories, Inc. v. Francine*,
    425 F.2d 1295 (5th Cir. 1970) .............................................................................12

*Armadillo Hotel Grp., L.L.C. v. Harris*,
    84 F.4th 623 (5th Cir. 2023) ........................................................................*passim*

*Arsenaux v. Roberts*,
    726 F.2d 1022 (5th Cir. 1982) .............................................................................32

*Asadi v. G.E. Energy (USA), L.L.C.*,
    720 F.3d 620 (5th Cir. 2013) ........................................................10, 14, 20, 28

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................11

*Ballard v. Wall*,
    413 F.3d 510 (5th Cir. 2005) ...............................................................................29

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................11, 22, 30

*Brinkmann v. Johnston*,
    793 F.2d 111 (5th Cir. 1986) ...............................................................................30

*Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*,
    554 F.3d 595 (5th Cir. 2009) ...............................................................................33

*Bye v. MGM Resorts Int'l, Inc.*,
    49 F.4th 918 (5th Cir. 2022) ................................................................................12

*Canada v. United States*,
    950 F.3d 299 (5th Cir. 2020) ...............................................................................13

*Carrington v. Maye*,
  707 F. App'x 847 (5th Cir. 2018) ....................................................16

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
  394 F.3d 285 (5th Cir. 2004) .......................................................18

*Combs v. City of Dallas*,
  289 F. App'x 684 (5th Cir. 2008) .................................................29

*Curtis v. Citibank, N.A.*,
  226 F.3d 133 (2d Cir. 2000) .........................................................15

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
  98 F.4th 198 (5th Cir. 2024)...........................................21, 25, 26, 27

*Day v. Johns Hopkins Health Sys. Corp.*,
  907 F.3d 766 (7th Cir. 2018) .......................................................23

*Dennis v. Sparks*,
  449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) ........................29

*Dreyfus v. First Nat'l Bank of Chicago*,
  424 F.2d 1171 (7th Cir. 1970), *cert. denied,* 400 U.S. 832, 91 S.Ct.
  64, 27 L.Ed.2d 63 (1970) ............................................................17

*Efron v. Embassy Suites, Inc.*,
  223 F.3d 12 (1st Cir. 2000)..........................................................26

*Elliot v. Foufas*,
  867 F.2d 877 (5th Cir. 1989) .......................................................21

*Enochs v. Lampasas County*,
  641 F.3d 155 (5th Cir. 2011) .......................................................33

*Eubanks v. FDIC*,
  977 F.2d 166 (5th Cir. 1992) .......................................................17

*Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*,
  837 F. Supp. 2d 288 (D.D.C. 2012)..............................................24

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) .......................................................11

*Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*,
    510 F.2d 272 (5th Cir. 1975) (per curiam), *cert denied*, 423 U.S.
    864 (1975) ............................................................................................13

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
    565 F.3d 200 (5th Cir. 2009) ..............................................................35

*Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*,
    95 F.3d 358 (5th Cir. 1996) ...........................................................14, 19

*General Land Off. v. Biden*,
    71 F.4th 264 (5th Cir. 2023) ................................................................10

*Grant v. Cuellar*,
    59 F.3d 523 (5th Cir. 1995) (per curiam) ............................................12

*H.J. Inc. v. Nw. Bell Tel. Co.*,
    492 U.S. 229 (1989)........................................................................25, 26

*HCB Fin. Corp. v McPherson*,
    8 F.4th 335 (5th Cir. 2021) ..................................................................21

*Heggemeier v. Caldwell Cty, Texas.*,
    826 F.3d 861 (5th Cir. 2016) ...............................................................33

*Heinze v. Tesco Corp.*,
    971 F.3d 475 (5th Cir. 2020) ...............................................................10

*In re Burzynski*,
    989 F.2d 733 (5th Cir. 1993) ...............................................................27

*In re Great Lakes Dredge & Dock Co.*,
    624 F.3d 201 (5th Cir. 2010) ...............................................................11

*Jennings v. Auto Meter Prod., Inc.*,
    495 F.3d 466 (7th Cir. 2007) ...............................................................27

*Katz v. Gerardi*,
    655 F.3d 1212 (10th Cir. 2011) .....................................................15, 16

*Klaxon v. Stentor Electric Mfg. Co.*,
    313 U.S. 487 (1941).............................................................................37

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)..................................................................10

*Kruebbe v. Beevers*,
  692 F. App'x 173 (5th Cir. 2017) (per curiam) ...................12

*Landmark Land Co., Inc. v. Office of Thrift Supervision*,
  990 F.2d 807 (5th Cir. 1993) ...............................................13

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962)...............................................................36

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
  238 F.3d 363 (5th Cir. 2001) ...............................................21

*Lugar v. Edmondson Oil Co.*,
  457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed. 482 (1982).........29

*Lynch v. Cannatella*,
  810 F.2d 1363 (5th Cir. 1987) .......................................30, 32

*Malvino v. Delluniversita*,
  840 F.3d 223 (5th Cir. 2016) ...............................................25

*McAfee v. 5th Cir. Judges*,
  884 F.2d 221 (5th Cir. 1989) ...............................................30

*McClure v. Ashcroft*,
  335 F.3d 404 (5th Cir. 2003) ...............................................10

*Mills v. Crim. Dist. Ct. No. 3*,
  837 F.2d 677 (5th Cir. 1988) ...............................................29

*Milner v. Baptist Health Montgomery*,
  132 F.4th 1354 (11th Cir. 2025) ..........................................16

*Molina-Aranda v. Black Magic Enters., L.L.C.*,
  983 F.3d 779 (5th Cir. 2020) ...............................................21

*Nolen v. Nucentrix Broadband Networks Inc.*,
  293 F.3d 926 (5th Cir. 2002) .........................................20, 28

*Oliney v. Gardner*,
   771 F.2d 856 (5th Cir. 1985) .................................................14, 15, 19

*Parker & Parsley Petroleum Co. v. Dresser Indus.*,
   972 F.2d 580 (5th Cir. 1992) ...............................................................33

*Petro-Hunt, LLC v. United States*,
   365 F.3d 385 (5th Cir. 2004) ...............................................................17

*Pittman v. Moore*,
   980 F.2d 994 (5th Cir. 1993) ...............................................................14

*Plotkin v. IP Axess Inc.*,
   407 F.3d 690 (5th Cir. 2005) ...............................................................11

*Richard v. Hoechst Celanese Chem. Group, Inc.*,
   355 F.3d 345 (5th Cir. 2003) .........................................................31, 32

*SIL-FLO, Inc. v. SFHC, Inc.*,
   917 F.2d 1507 (10th Cir. 1990) ...........................................................27

*Smith v. Ayer*,
   101 U.S. 320 (1979)..............................................................................36

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
   833 F.3d 512 (5th Cir. 2016) ...............................................................24

*St. Paul Mercury Ins. Co. v. Williamson*,
   224 F.3d 425 (5th Cir. 2000) .........................................................20, 28

*Stone v. Dep't of Aviation*,
   453 F.3d 1271 (10th Cir. 2006) ...........................................................15

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
   975 F.2d 1134 (5th Cir. 1992) .............................................................11

*Troice v. Proskauer Rose, LLP*,
   816 F.3d 341 (5th Cir. 2016) ...............................................................34

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo,
   Inc.*,
   971 F.2d 244 (9th Cir.1992) .................................................................16

*United States v. Eisen*,
974 F.2d 246 (2d Cir. 1992) ...............................................23

*United States v. Pendergraft*,
297 F.3d 1198 (11th Cir. 2002) ...........................................24

*United States v. Wilkes*,
20 F.3d 651 (5th Cir. 1994) .................................................12

*XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*,
513 F.3d 146 (5th Cir. 2008) ...............................................12

*Yan v. State Bar of Texas, et al.*,
No. 24-10543, 2025 WL 275960 (5th Cir. Sept. 29, 2025).......................*passim*

*Yan v. Taylor*,
No. 24-10288, 2024 WL 4579606 (5th Cir. Oct. 25, 2024), *cert. denied*, 145 S.Ct. 2793 (2025) ...........................................3

*Yohey v. Collins*,
985 F.2d 222 (5th Cir. 1993) ...............................................12

*Zastrow v. Hous. Auto Imports Greenway Ltd.*,
789 F.3d 553 (5th Cir. 2015) ...............................................27

## State Cases

*Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*,
580 S.W.3d 136 (Tex. 2019) ...............................................36

*Cantey Hanger, LLP v. Byrd*,
467 S.W.3d 477 (Tex. 2015) ...............................................35

*Davis v. Re-Trac Mfg. Corp.*,
276 Minn. 116, 149 N.W.2d 37 (1967) ...............................................39

*Red Roof Inns, Inc. v. Murat Holdings, L.L.C.*,
223 S.W.3d 676 (Tex. App.—Dallas 2007, pet. denied)...............................................38

*Stevenson v. Ford Motor Co.*,
608 S.W.3d 109 (Tex. App.—Dallas 2020, no pet.) ...............................................38

*Youngkin v. Hines*,
    546 S.W.3d 675 (Tex. 2018) ...............................................................35

## Federal Statutes and Rules

18 U.S.C. § 1343 .................................................................................23

18 U.S.C. § 1621 .................................................................................23

18 U.S.C. § 1956(a)(1) ........................................................................22

18 U.S.C. § 1956(c)(7) ........................................................................22

18 U.S.C. § 1962(a) .................................................................21, 25, 28

18 U.S.C. § 1962(c) .............................................................................25

18 U.S.C. § 1962(d) .............................................................................25

18 U.S.C. § 1983 ..........................................................................*passim*

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1343(a)(3) ..........................................................................1

28 U.S.C. § 1367(c) .............................................................................33

31 U.S.C. § 5324 .................................................................................23

Fed. R. Civ. P. 9(b) ..............................................................11, 21, 35, 39

Fed. R. Civ. P. 12(b)(1)..............................................................10, 34

Fed. R. Civ. P. 12(b)(6)........................................................11, 20, 34

## State Statutes and Rules

Tex. Fam. Code § 201.007(14) ...........................................................32

# **Miscellaneous**

5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297 (1990).............................................................................................11

Restatement (Second) of Conflicts of Laws, § 145 .................................................38

## STATEMENT OF JURISDICTION

**A.    District Court Jurisdiction.**

Yan asserted claims arising under federal statutes and alleged violations of the United States Constitution. Accordingly, the District Court had statutory jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**B.    Appellate Jurisdiction.**

Pursuant to 28 U.S.C. § 1291, this Court has appellate jurisdiction over the District Court's March 6, 2025, Final Judgment. ROA.746-747. Yan filed a Motion to Alter or Amend the Judgment on April 1, 2025. ROA.748. The District Court denied Yan's post-judgment motion by order dated June 11, 2025. ROA.768. Also on June 11, 2025, Yan filed a notice of appeal. ROA.771.

The judgment is final because it affirmatively disposes of all parties and claims. The magistrate recommended that the various motions to dismiss by Barrows, Pigg, DeAngelis, and the State of Texas be granted. ROA.692-93. The magistrate also recommended dismissal of the claims against the remaining defendants, Panopyra, Wang, Tang, and Zheng, because they were frivolous and duplicative [ROA.710] and subject to abstention [ROA.711-12]. The District Court accepted the magistrate's recommendations and dismissed all claims. [ROA.745].

# STATEMENT OF ISSUES IN RESPONSE

1.   Whether the District Court properly exercised its discretion to dismiss the Section 1983 and RICO claims against Barrows because they duplicated claims already asserted against her in an earlier proceeding?

2.   In the alternative, if necessary, whether the dismissal of the RICO claims against Barrows should be affirmed, including because:

   a.   Yan failed to plead facts supporting a reasonable inference that RICO predicate crimes were committed;

   b.   Yan failed to plead continuity facts necessary to show a pattern of racketeering activity;

   c.   Yan failed to plead facts supporting the conclusory conspiracy allegations;

   d.   adversarial litigation conduct is an improper foundation for civil RICO liability; and

   e.   Yan failed to plead injury from the use or investment of alleged racketeering income?

3.   In the alternative, if necessary, whether the dismissal of the Section 1983 claims should be affirmed because Barrows is a purely private actor whose conduct is not fairly attributable to the state?

4.   Whether the District Court, having dismissed the federal claims, properly exercised its discretion to refuse jurisdiction over supplemental state claims?

5.   In the alternative, if necessary, whether the dismissal of Yan's state law claims should be affirmed because:

   a.   The claims are barred by the attorney immunity doctrine; and

   b.   Yan failed to plead sufficient factual matter to state a plausible claim for conspiracy or fraud?

## STATEMENT OF THE CASE

Yan has twice appeared before this Court as an appellant following the dismissal of claims related to his contentious Texas divorce. *See Yan v. Taylor*, No. 24-10288, 2024 WL 4579606 (5th Cir. Oct. 25, 2024), *cert. denied*, 145 S.Ct. 2793 (2025); *Yan v. State Bar of Texas, et al.*, No. 24-10543, 2025 WL 275960 (5th Cir. Sept. 29, 2025) ("*Yan I*"). In *Yan I*, Yan alleged civil RICO, antitrust, and constitutional claims against his own divorce attorney, Pigg, his ex-wife's divorce attorney, Barrows, the Texas associate judge who presided over a portion of the divorce proceedings, DeAngelis, the bank that disbursed funds from his retirement account pursuant to a court order, U.S. Bank, and against the State Bar of Texas and attorneys from its Office of Chief Disciplinary Counsel.[1]

Yan filed this lawsuit eight days after noticing his appeal from the District Court's judgment in *Yan I*. *Compare* ROA.11 (dated June 20, 2024), *with* ROA.24-10543.2153 (notice of appeal dated June 12, 2024). Here, among various common-law tort claims, Yan alleges another civil RICO conspiracy claim against Barrows, together with Section 1983 and state common-law claims against Barrows, Judge DeAngelis, and Pigg. ROA.61. Though he added additional defendants, including

---

[1] *Yan I* rose on appeal from Civil Action No. 4:23-cv-758-P, also filed in the United States District Court for the Northern District of Texas. The District Court relied on the pleadings in *Yan I* to resolve Barrows' motion to dismiss. ROA.707–710. Barrows identifies the pleadings in *Yan I* by reference to the electronic record on appeal in *Yan I* (Case No. 24-10543), of which Barrows request this Court take judicial notice. *Infra* 12.

Wang, his ex-wife, the core factual allegations revolve around the divorce proceedings.

Yan alleged that Wang, along with two of her business associates, participated in a broader "Dallas Fort Worth based money laundering network." ROA.69, ¶ 34. Using Panopyra, Wang's massage therapy business, as the purported enterprise, Yan claims Wang conspired to evade taxes and avoid discovery disclosure obligations during the divorce. ROA.66-69. According to Yan, Wang used cash transactions to facilitate transfers to overseas co-conspirators, to purchase investment properties, and make payments to Barrows, her divorce attorney. ROA.66-69.

Liberally construed, Yan connects Barrows to the supposed scheme by alleging she instructed Wang in connection with money laundering and the structuring of cash transactions and, jointly with Wang, submitted false statements to the state family court concealing Wang's financial assets. ROA.67-68. He claims he was injured by suffering increased attorneys' fees and other expenses during the divorce, incurring unnecessary living expenses due to the loss of use of the marital home, and by being forced to pay higher spousal support. ROA.69.

Yan's Section 1983 claim against Barrows is predicated on an alleged conspiracy between Barrows, Pigg, and Judge DeAngelis to obtain a fraudulent "temporary restraining order" and writ of garnishment used to withhold his income for child support. ROA.71. Yan alleges that Pigg forged his signature on the agreed

TRO which he claims was secretly entered without his knowledge and without notice or opportunity to be heard. ROA.71, 73, 78.

Yan's claims regarding the "TRO" are premised on the notion that Wang never filed a motion requesting a "TRO" thereby depriving him of the opportunity to be heard in opposition. ROA.71, ¶54. But, the "TRO" described by Yan is in the record. ROA.198. It is titled "Temporary Orders," and it governs interim child custody, child support, use and conservation of marital property and other matters pending the final decree of divorce. ROA.198–235. Yan admitted that the "Temporary Orders" is the order at issue. ROA.620. On its face, the "Temporary Orders" reflects that an in-person hearing was held on November 8, 2021. ROA.198. Both Yan and Wang personally appeared and were represented by counsel at the November hearing. ROA.198.[2]

Yan filed three iterations of his Complaint. ROA.11, 24, 60. The State of Texas, DeAngelis, Pigg, and Barrows separately moved to dismiss the claims asserted against them. ROA.129, 173, 241, 538.

Barrows moved to dismiss the Complaint on each of the following grounds:

- The Complaint duplicates claims asserted in *Yan I*;

- The claims were barred by res judicata;

---

[2] The November hearing is one of the subjects of Yan's Third Amended Complaint in *Yan 1*. ROA.453–55. In that case, Yan complains extensively about the hearing and the resulting Associate Judge's Report. ROA.453–55.

- Yan failed to plead a plausible RICO claim;

- Yan failed to plead a plausible Section 1983 claim because Barrows is a private actor;

- The court should decline to exercise supplemental jurisdiction over the state law claims;

- Alternatively, the state law claims should be dismissed based on the doctrine of attorney immunity and for failure to state a plausible claim for relief.

ROA.538–565. On January 16, 2025, Magistrate Judge Hal Ray recommended that Barrows' Motion to Dismiss be granted and that Yan's claims against her be dismissed with prejudice. ROA.692. The Magistrate's Findings, Conclusions, Recommendations (the "FCR") also recommended that the District Judge decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice. ROA.692–714. The FCR also recommended granting the motions filed by the State, Pigg, and DeAngelis and recommended dismissal of the claims against Panopyra, Wang, Tang, and Zheng because they were frivolous, duplicative, and subject to Younger Abstention. ROA.692–714. On January 29, 2025, Yan timely objected to the FCR. ROA.715.

On March 6, 2025, United States District Judge Reed O'Connor entered an order accepting the FCR and overruling Yan's objections. ROA.745. Final Judgment was entered on March 6, 2025. ROA.746. On April 1, 2025, Yan filed a Motion to Alter or Amend a Judgment and to Revise an Order. ROA.748. On June 11, 2025,

the District Court denied Yan's post-judgment motion. ROA.768–770. Yan timely

filed a Notice of Appeal on June 11, 2025. ROA.771.

## SUMMARY OF THE ARGUMENT

Eight days after noticing his appeal in *Yan I*, Yan filed a second lawsuit to re-allege cumulative RICO and Section 1983 claims against Barrows. In each case, the core allegations against Barrows concern her representation of Yan's ex-wife in the context of that divorce. The District Court properly determined that the second suit duplicated the first and dismissed the duplicative claims accordingly. Because the District Court has discretion to dismiss based on duplication even where the prior suit remains pending, it is immaterial that *Yan I* was remanded for want of appellate jurisdiction in the interim.

The Court should affirm the dismissal of the RICO and Section 1983 claims against Barrows because the District Court has discretion to administer its own docket, prevent successive suits urging common claims arising out of the same operative facts, and foreclose Yan's efforts to sidestep the procedural bar to repleading in the first suit by merely instituting a second.

Having properly dismissed Yan's federal claims, the District Court had discretion to decline jurisdiction over Yan's supplemental state law tort claims. All of the factors governing the District Court's consideration of supplemental jurisdiction weigh in favor of the refusal, which should be affirmed.

In addition to the grounds relied on by the District Court, Barrows raised a host of other Rule 12 grounds in her motion to dismiss. In short, Yan's RICO claim

is factually and legally infirm. Among other defects, the RICO claim is premised solely on adversarial litigation conduct which is an improper foundation for a RICO claim, Yan does not plead the predicate crimes with sufficient particularity, and Yan fails to plead facts demonstrating the continuity necessary to set forth a plausible pattern of racketeering activity. Likewise, Yan's Section 1983 claim against Barrows fails because Barrows is a purely private actor and her conduct is not fairly attributable to the state. Yan does not address these alternative grounds which are supported by the record and provide independent bases for affirming the dismissal of all claims against Barrows.

<u>**ARGUMENTS AND AUTHORITIES**</u>

## I. Standard of Review.

Barrows raised multiple, independent grounds for dismissal. ROA.538–565. The judgment may be affirmed on any basis supported by the record. *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013).

### A. The dismissal of Yan's claims based on duplication is reviewed for abuse of discretion.

The abuse of discretion standard of review applies whenever a district court order dismisses a complaint based on duplication or claims splitting. *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) (citing *General Land Off. v. Biden*, 71 F.4th 264, 269 n.6 (5th Cir. 2023)). A district court abuses its discretion if it: "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citation omitted). Yan's brief is silent regarding the District Court's *discretion* in finding that Yan's Complaint duplicated the claims in *Yan I*.

### B. The remaining grounds for dismissal are subject to de novo review.

Aside from the duplication basis, the order of dismissal is reviewed de novo. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). To avoid dismissal under Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pleaded facts are accepted as true and the complaint is construed "in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

Although construed in favor of the plaintiff, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Likewise, mere labels and formulaic recitations of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555. Rule 9(b) applies to allegations of fraud. Fed. R. Civ. P. 9(b). Where rule 9(b) applies, the plaintiff must plead with particularity the "'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1297 (1990)).

**C.** **Though liberally construed, a pro se complaint is properly dismissed after affording the pro se plaintiff adequate opportunity to plead his best case.**

Notwithstanding the liberal construction in favor of pro se litigants, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) and *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)). Likewise, the liberal construction of pro se briefs does not extend to consideration of issues asserted for the first time on appeal. *Kruebbe v. Beevers*, 692 F. App'x 173, 175 (5th Cir. 2017) (per curiam) (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)); *see also Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 926 (5th Cir. 2022) ("Neither the defendant nor the district court were required to read into the carefully stated complaint . . . a wholly different claim that was not pled."). In *Yan I*, Yan filed four iterations of his Complaint asserting Section 1983 and RICO claims against Barrows arising out of his state court divorce. In this case, he filed three more. Yan has pleaded his best case.

**II.** **Barrows requests that the Court take judicial notice of the record and pleadings in *Yan I*.**

The District Court properly took judicial notice of the pleadings in *Yan I* (Civil Action No. 4:23-cv-758-P), as requested by Barrows. ROA.548; ROA.707–710. *Aloe Crème Laboratories, Inc. v. Francine*, 425 F.2d 1295, 1296 (5th Cir. 1970)

("The District Court clearly had the right to take judicial notice of its own files and records."). The Magistrate's FCR cites extensively to the Court's record of the proceedings in Yan I in the analysis of the res judicata and claims duplication grounds raised by the parties. ROA.707–10.

This Court may likewise take judicial notice of the "record in prior related proceedings and draw reasonable inferences therefrom." *Canada v. United States*, 950 F.3d 299, 313 n. 16 (5th Cir. 2020). Accordingly, Barrows respectfully requests that this Court take judicial notice of the district court pleadings and record on appeal in *Yan I* (Case No. 24-10543; Civil Action No. 4:23-cv-758-P).

## III. The claims against Barrows were properly dismissed because they duplicate claims asserted in *Yan I*.

The District Court found that Yan's claims against Barrows were barred by res judicata. *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*, 510 F.2d 272 (5th Cir. 1975) (per curiam) ("A case pending appeal is res judicata . . . unless and until reversed on appeal."), *cert denied*, 423 U.S. 864 (1975). At the time of the March 6, 2025 Final Judgment, *Yan I* was pending on appeal before this Court. This Court subsequently dismissed the appeal in *Yan I* for want of appellate jurisdiction. *Yan I*, 2025 WL 275960, at *2. *Yan I* is now pending in the district court on remand. Accordingly, Barrows concedes that at this time, *Yan I* is no longer final for purposes of res judicata. *Landmark Land Co., Inc. v. Office of Thrift Supervision*, 990 F.2d 807, 811 (5th Cir. 1993).

Barrows also argued that Yan's Section 1983 claims and RICO claims should be dismissed because they duplicated causes of action asserted in *Yan I*. ROA.548–550. And, the FCR expressly recommended dismissal of claims against Barrows for this reason. ROA.710 ("Here, the Court should dismiss with prejudice all claims against Barrows, Pigg, Panopyra, Wang, Zheng, and Tang as duplicative."). The District Court accepted the Magistrate's FCR. ROA.745. Duplication is an independent basis for affirming the judgment as to Barrows. *Asadi*, 720 F.3d at 622.

## A. A final judgment is not required to dismiss subsequent claims based on duplication.

A district court is authorized to dismiss claims that duplicate others asserted in earlier action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("[W]e find no error in the district court's order dismissing FOE's second complaint as duplicative of the first."); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff."). The rule is particularly applicable where the plaintiff asserts duplicative claims to gain a procedural advantage. *Oliney*, 771 F.2d at 859 ("[T]he district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy."); *Friends of the Earth*, 95 F.3d at 362.

"A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions." *Stone v. Dep't of Aviation,* 453 F.3d 1271, 1278 (10th Cir. 2006). It operates to prevent a party "from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023). Though distinct from res judicata, it is premised, in part, on res judicata principles. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Armadillo*, 84 F.4th at 628. Notably, its application does not depend on the existence of a final judgment. *Armadillo*, 84 F.4th at 628 ("This test is modified when the prior suit is pending because, by definition, no final judgment from the prior suit exists.") (citing *Oliney*, 771 F.2d at 859).

The two doctrines serve some of the same policies," including "to foster judicial economy and the comprehensive disposition of litigation" and "to protect parties from the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138. "But claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (holding a district court may dismiss duplicative cases "[a]s part of its general power to administer its docket"). "[T]he test for claim splitting is not whether there is finality

of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz*, 655 F.3d at 1218.

**B.    Dismissal was proper because the identify of parties and claims elements are satisfied as between Barrows and Yan.**

When the earlier suit remains pending, a subsequent suit may be dismissed if the parties are the same or in privity and if the same claim or cause of action is involved in both suits. *Armadillo*, 84 F.4th at 628. That is, the Court considers only the first and fourth factors under the traditional res judicata test. *Id.*

The identity of parties requirement is met because Yan and Barrows were cast as adversaries in *Yan I*. Yan's addition of new defendants in this suit does not affect the identity of parties analysis as between Barrows and Yan. *Carrington v. Maye*, 707 F. App'x 847, 849 (5th Cir. 2018) ("Res judicata would be a feeble doctrine if plaintiffs could evade its reach by adding or subtracting defendants. . . . [I]t is sufficient that both Carrington and Maye were involved in the previous case."); *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357–58 (11th Cir. 2025) ("The presence of additional parties in either the first or second action is irrelevant to whether res judicata applies between two opposing parties in consecutive lawsuits."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir.1992) ("[T]he naming of additional parties does not eliminate the res judicata effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom

the doctrine is asserted was a party to the former litigation.'") (quoting *Dreyfus v. First Nat'l Bank of Chicago,* 424 F.2d 1171, 1175 (7th Cir. 1970), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970)).

This suit involves the same claim or cause of action at issue in *Yan I* because it is based on the same nucleus of operative facts. *Armadillo*, 84 F.4th at 628. Applying the transactional test, the Court considers "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992). The transactional test also considers whether the "factual predicate of both suits is 'related in time, space, origin, or motivation.'" *Armadillo*, 84 F.4th at 629 (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)).

In both cases, the claims arise out of Barrows' representation of Yan's ex-wife in the underlying divorce proceeding. In *Yan I*, Yan alleged that Barrows engaged in a RICO conspiracy with Pigg, DeAngelis, and other Texas attorneys to "obtain money from [Yan's] 401K account through false and fraudulent pretenses." ROA.473. Yan also alleged that Pigg, DeAngelis, and Barrows were liable under Section 1983 for their role in facilitating the entry of family court orders that led to the loss of a portion of Yan's retirement savings. ROA.494-500. In the first suit, Yan also assailed the validity of: (a) DeAngelis' Associate Judge's Report following the

November 2021 hearing on temporary orders [ROA.454–55]; and (2) a subsequent garnishment order [ROA.457].

Here, Yan complains that Barrows engaged in a RICO conspiracy by concealing Wang's involvement in a money-laundering scheme during the discovery phase of the divorce. He alleges Barrows' conduct had the effect of downplaying Wang's true financial status, leading the family court to enter orders resulting in Yan's loss of use of the marital home, Yan's payment of higher amounts for spousal support, child support, and attorneys' fees in the divorce. ROA.63, 67-69. As in *Yan I*, Yan's Section 1983 claim against Barrows is premised on allegations that Barrows facilitated the family court's entry of supposed fraudulent orders.

This time around, the orders at issue are a garnishment order and what Yan calls a "TRO." Yan utilizes the term "TRO" in an apparent attempt to avoid revealing that the order is actually the family court's interim "Temporary Orders," entered in response to evidence received at November 2021 hearing on temporary orders at issue in *Yan I*. ROA.198, 657. Yan admitted that the "Temporary Orders" is the supposedly "fraudulent June 21 TRO" at issue in the Complaint. ROA.657.[3] Indeed, the Associate Judge's Report for the November 2021 hearing is an exhibit to Third Amended Complaint in *Yan I*. ROA.24-10543.1170–1174. That report expressly

---

[3] The District Court was permitted to consider the Temporary Orders, attached to DeAngelis' motion to dismiss, because it is referenced in the Complaint and is central to Yan's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

contemplates that counsel would submit a formalized order conforming to the Associate Judge's Report. ROA.24-10543.1172. Yan's allegations regarding the formalized order are a mere continuation of his complaints in *Yan I*.

Yan's allegations about a broader DFW money-laundering network (not mentioned in *Yan I*) do not sufficiently distinguish the operative facts of this case. All of the injuries Yan alleges arise in the context of his divorce proceeding, where he claims he suffered increased litigation costs, spousal and child support obligations, and the loss of use of the marital home. ROA.63, 69. All of Barrows alleged wrongdoing arises in the context of her representation of Wang during the divorce. The factual predicate of each suit is plainly related in time, in space, in origin, and in motivation. *Armadillo*, 84 F.4th at 629. Under the transactional test applied by this Court, the District Court did not abuse its discretion in determining there is an identity of claims between this suit and *Yan I*.

Yan's Original Complaint was filed after the District Court dismissed Yan's claims against Barrows. ROA.24-10543.2076. Here, the District Court properly exercised its discretion in dismissing based on duplication to prevent Yan from evading the procedural bar to pleading amendment in *Yan I* or otherwise frustrating the District Court's management of its own docket. *See Oliney*, 771 F.2d at 859; *Friends of the Earth*, 95 F.3d at 362. The court had discretion to foreclose successive

claims against Barrows based on the same operative facts. The District Court's dismissal based on duplication should be affirmed.

## IV. In the alternative, if necessary, the District Court's dismissal should be affirmed because Yan failed to plead any plausible claim.

Though not reached by the District Court, this Court may alternatively affirm the dismissal of Yan's claims against Barrows under Rule 12(b)(6), an independent basis for dismissal urged by Barrows below. *Asadi*, 720 F.3d at 622. ROA.551-65. On appeal, Yan does not address the alternative, independent grounds for affirming the dismissal of claims against Barrows.

### A. Yan failed to state a plausible RICO claim.

Yan failed to plead a plausible RICO claim because: (1) the Complaint lacks well-pleaded facts supporting the elements of the alleged wire fraud, money laundering, and "structuring tactics" predicate acts; (2) the pleaded facts do not show continuity, a necessary requirement for alleging a pattern of racketeering activity; and (3) adversarial litigation conduct is an improper basis for RICO liability. Each of these defects provides an independent basis for affirming the dismissal of Yan's RICO claims. Additionally, Yan's Section 1962(a) claim fails because he does not allege an injury flowing "from the use or investment of racketeering income." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)).

### 1. Yan's allegations of criminal conduct are mere conclusions.

To state a civil RICO claim, the plaintiff must plead "(1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *HCB Fin. Corp. v McPherson*, 8 F.4th 335, 338 (5th Cir. 2021). To plead a violation of 1962(a), (c), and (d), Yan was obligated to establish "three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204-05 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 255 (5th Cir. 2007)).

A RICO plaintiff must plead facts establishing the elements of the criminal predicate offenses. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The RICO claims against Barrows are premised on alleged predicate acts of wire fraud, money laundering, and "structuring tactics." ROA.66. Allegations of wire fraud are subject to Rule 9(b)'s heightened pleading requirements. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Thus, Yan was required to "describe, in short, the who, what, when, and where supporting [his] fraud allegations." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020) (internal quotation marks omitted).

Regarding Barrows supposed role in a RICO conspiracy, Yan alleged:

- Barrows "laundered no less than $10,800 in <u>CASH</u>, using account under attorney's possession, without disclosing the true source of the income." ROA.67.

- Barrows "committed additional acts to further conceal and proceed money laundering cash using attorney's account." ROA.67.

- Barrows "submitted multiple perjury statement under sworn in affidavits." ROA.67.

- "Wang under the instruction of [Barrows], opened no less than 3 new bank accounts in 2021, committed no less than thirty counts of money laundering and wire fraud by deposition of cash into her account. . . ." ROA.68.

- "Barrows and Fuyan Wang intentionally concealed all of these subsequent cash money laundering transactions during disclosure and discovery stage." ROA.68.

Mere application of "money laundering" and "wire fraud" labels does not suffice to state a plausible claim, and the Court is not obligated to accept those conclusions as true. *Twombly*, 550 U.S. at 555.

At a minimum, money laundering requires the defendant to knowingly conduct a financial transaction involving proceeds from a specified "specified unlawful activity." 18 U.S.C. § 1956(a)(1). The term "specified unlawful activity" is defined by the statute. *Id.* at § 1956(c)(7). Yan does not allege or plead any facts regarding a "specified unlawful activity." And Yan pleads no facts regarding Barrows knowledge of any underlying unlawful activity. To the extent the

Complaint is predicated on Barrows' alleged receipt of cash payments, the receipt of cash payment for services is not unlawful.

Yan's wire fraud and structuring allegations are woefully deficient. Yan repeatedly alleges that wire fraud was accomplished "by deposition of <u>CASH</u>." ROA.66-69. Yan never alleges any facts that could to explain how making cash deposits is related to a transmission by "wire, radio, or television in interstate or foreign commerce" nor how depositing cash is in any way fraudulent. 18 U.S.C. § 1343. The Complaint is likewise devoid of factual matter supporting any inference that Barrows caused a business or financial institution to violate federal reporting requirements for financial transactions. 31 U.S.C. § 5324.

The Complaint also includes a conclusory assertion that Barrows submitted perjurious documents to the Texas family court. ROA.67. Even if stated by other than conclusory allegations, perjury is not a RICO predicate and cannot form the basis for civil RICO liability. *Day v. Johns Hopkins Health Sys. Corp.*, 907 F.3d 766, 776–77 (7th Cir. 2018) ("The statute cross-references various acts of witness tampering and obstruction of justice, but it does not include the criminal sanction for perjury, found at 18 U.S.C. § 1621." (citing *United States v. Eisen*, 974 F.2d 246, 254 (2d Cir. 1992)).

## 2. Adversarial litigation conduct is an improper foundation for RICO claims.

The gravamen of Yan's RICO claims against Barrows concerns the supposed concealment of Wang's financial status during the discovery phase of the divorce. ROA.67; Br. at 38 ("The only overlapping individual is Barrows, alleged as a principal in the ERISA case but primarily a concealment conspirator here."). But the alleged acts and omissions of an attorney in an adversarial litigation context are an improper foundation for a civil RICO claim. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016) ("In the absence of corruption, we agree… that 'prosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system and would arguably turn many state-law actions for malicious prosecutions into federal RICO actions.'") (quoting *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002)).

Accordingly, Civil RICO liability should not exist unless the pleadings allege actual criminal activity. *Id.* at 525 ("Only in *Feld* did the court allow litigation activity to sustain a civil-RICO action, but in that case the litigation activity included bribery of parties and witnesses." (citing *Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 837 F. Supp. 2d 288, 307 (D.D.C. 2012))). Yan's complaint that Barrows concealed Wang's finances during discovery is a mere conclusion. In any event, it is insufficient to support a reasonable inference of

criminal conduct or corruption necessary to elevate adversarial litigation conduct to actionable racketeering.

### 3. The Complaint lacks sufficient continuity facts.

Among the grounds argued in support of her motion to dismiss, Barrows argued Yan's RICO claims should be dismissed because he failed to plead continuity facts essential to establish an actionable pattern of racketeering activity. ROA.555. Yan's allegations against Barrows are temporally confined to the context of her representation of Wang in the divorce. The injuries that Yan claims he suffered by the alleged concealment of Wang's financial status in discovery and through entry of the "TRO" has already occurred, and there is no cognizable risk of future harm to Yan or anyone else. ROA.69.

Each of § 1962(a), (c), and (d) requires pleading and proof of a *pattern* of racketeering activity. *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 205 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). Sufficiently pleading a pattern of racketeering activity requires more than the mere identification of two predicate acts. The RICO plaintiff must "show both a relationship between the predicate offenses . . . and the threat of continuing activity." *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016).

RICO continuity is a temporal concept. *D&T Partners*, 98 F.4th at 205 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). To effectuate Congress's

intent to address "*continuing* racketeering activity," the Supreme Court has explained a plaintiff may satisfy the continuity requirement by showing "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241.

This Court employs "highly fact-intensive analyses" to determine whether continuity has been sufficiently pleaded. *D&T Partners*, 98 F.4th at 206. The test for closed-ended continuity focuses on the duration of the alleged scheme, the number of victims, and the objects of the scheme or schemes. *Id.* at 205–08. Relevant here, closed-ended continuity is unlikely to exist when the alleged scheme is of short duration or affects a limited number of victims. *Id.* at 206 ("When drafting RICO, Congress sought to address '*long-term* unlawful conduct,' not fraudulent acts 'extending over a few weeks or months.'" (quoting *H.J. Inc.*, 492 U.S. at 242)); *Efron v. Embassy Suites, Inc.*, 223 F.3d 12, 19 (1st Cir. 2000) (holding that the complaint failed to allege a pattern of racketeering activity in part due to the presence of only three victims).

Alternatively, open-ended continuity requires facts showing "a threat of criminal activity extends indefinitely into the future." *D&T Partners*, 98 F.4th at 208. This may apply where the predicate crimes are shown to be part of the defendant's ordinary practice in connection with its legitimate business purposes or as part of a broader, ongoing RICO enterprise. *Id.* (citing *H.J. Inc.*, 492 U.S. at 243).

The Complaint fails the continuity test because the "scope and nature of the scheme [is] finite and focused on a singular objective" and the "alleged victims are limited in number." *See D&T Partners*, 98 F.4th at 202. Here, Yan is the singular alleged victim of any conduct attributable to Barrows. But, "a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities is not the type of racketeering pattern RICO seeks to prohibit." *Id.* at 207 (quoting *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990)) (cleaned up).

Similarly, this Court has found continuity lacking when, as here, the entire alleged scheme was carried out during the scope of a single lawsuit. *See, e.g.*, *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) ("*All* of the alleged predicate acts took place as part of the *Burzynski I* litigation, which has ended. . . . The conduct did not constitute or threaten long-term criminal activity."); *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 561 (5th Cir. 2015).

Yan's allegations of concealment add no continuity either. The Court rejects arguments that a defendant's subsequent conduct to conceal past wrongs extends the temporal reach of the alleged pattern of racketeering activity. *See D&T Partners*, 98 F.4th at 208 ("And such actions, 'even if themselves illegal . . . do nothing to extend the duration of the underlying scheme.'" (quoting *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 474 (7th Cir. 2007))).

#### 4. Yan's Section 1962(a) claim fails because he does not plead injury from the use or investment of racketeering income.

Section 1962(a) plaintiffs must allege an injury that flows "from the *use or investment of racketeering income*." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)). Accordingly, Section 1962(a) claims cannot be based on injuries flowing from alleged racketeering activities because section 1962(a) does not prohibit such acts. *Id.* As mentioned, Yan makes conclusory allegations of RICO predicate acts, namely wire fraud and money laundering. Yan does not explain how the money referenced for these predicates was used and invested *and* how he was subsequently injured thereby. This deficiency is a separate reason for dismissing his § 1962(a) RICO claim.

### B. In the alternative, dismissal of the Section 1983 claims should be affirmed because Barrows is not a state actor.

Private attorneys are not state actors amenable to suit under Section 1983. The conspiracy exception does not apply because the Complaint's bald assertions of conspiracy are not supported by allegations of operative facts nor by any reasonable inferences of conspiracy. Barrows raised the state action requirement in her motion to dismiss. ROA.557–558. This is an independent basis for affirming the dismissal of the Section 1983 claim. *Asadi*, 720 F.3d at 622.

### 1. Private attorneys do not act under color of state law.

Section 1983 provides a remedy for deprivation of constitutionally protected rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 73 L.Ed. 482 (1982). Actionable conduct must be attributable to the state because the Constitution secures rights primarily against governmental interference *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). Private individuals generally do not act under color of law for purposes of Section 1983. *Id.* Accordingly, even "private misuse of a state statute does not describe conduct that can be attributable to the State." *Lugar*, 457 U.S. at 941.

Leveraging the notion of attorneys as officers of the court, the Complaint conflates Barrows' role as an advocate with state action. That is not the law. Private attorneys are not state actors and are generally not subject to suit under Section 1983. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008).

### 2. The conspiracy or corruption exceptions do not apply.

Private attorneys act under color of state law only in rare circumstances. For instance, an attorney's conduct may be fairly attributable to the state when the attorney acts together with or receives significant aid from a state official. *Dennis v. Sparks*, 449 U.S. 24, 27–79, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). These exceptions

are invoked only by sufficient allegations of conspiracy with or bribery of a state actor to accomplish a deprivation of constitutional rights.

### a. Conclusory allegations of conspiracy are ineffective.

A plaintiff alleging state action via the conspiracy or corruption exceptions must plead the material, operative facts supporting the claim. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("It is now well settled in this Circuit that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). This accords with the broader requirements for conspiracy pleadings under Rule 12. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

### b. No inference of conspiracy or corruption arises from a judge's entry of an order in reliance on attorney submissions.

Requiring plaintiffs to plead the material, operative facts prevents the conspiracy and corruption exceptions from swallowing the rule. Otherwise, every court order would be some evidence of a conspiratorial meeting of the minds

between the judge who signed it and the attorney who argued for it. More is required.

Indeed, this Court has rejected claims of state action by a private attorney even in cases where the attorney procures a ruling through misinformation. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 353 (5th Cir. 2003) ("If a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law."). Accordingly, the mere submission of an order or other document to a court, even if the submission is false, does not become state action by a court's reliance on it. *Richard*, 355 F.3d at 353.

In the Complaint, Yan repeatedly uses the conspiracy and collusion labels. The following conclusory allegations are illustrative:

- "This fraudulent TRO is merely a creation of two attorneys who drafted an order with a forged signature of the Plaintiff, *and associate judge's collusion in signing it . . . .*" ROA.60 (emphasis added).

- "This secretly entered fraudulent TRO on June 21, 2022, lacking of notice, *under conspiracy*, prejudiced and deprived Plaintiff of right to access appellate review." ROA.73 (emphasis added).

- "Barrows, William Albert Pigg, and Lori L. DeAngelis *colluded* to enter a fraudulent (TRO) lacking of actual 'controversies' when no actual motion named in the TRO [was] filed." *Id.* (emphasis added).

- "[Defendants] *jointly conspired* to enter a fraudulent TRO, which was a material misrepresentation made recklessly and with knowledge of its falsity. . . . Defendant William Pigg forged Plaintiff's signature. Defendant Leslie Starr Barrows drafted the fraudulent TRO. Defendant Lori L. DeAngelis signed the fraudulent TRO. Defendant Leslie Starr Barrows entered the order into the docket through submission. *Under*

*conspiracy*, Defendants never served the final signed copy to Plaintiff.[4]" ROA.78 (emphasis added).

Bald allegations of conspiracy do not survive a motion to dismiss. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *Lynch*, 810 F.2d at 1369–70. Repetition of the "conspiracy" and "collusion" terms does not substitute for facts supporting a reasonable inference of conspiracy or collusion.

While plaintiffs receive the support of reasonable inferences, the Complaint depends on unreasonable inferences that are foreclosed by law. The law precludes any inference of collusion or conspiracy arising from a court's reliance on an attorney's submissions in rendering a decision. *Richard*, 355 F.3d at 353. Here, what the Complaint repeatedly describes as DeAngelis's "ministerial act" of signing the agreed order [ROA.73, 76, 78, 82.] does not support any inference of unlawful conspiracy or conclusion. Nor would any such inference be reasonable. A Texas associate judge has authority to enter agreed orders, even agreed final orders. Tex. Fam. Code § 201.007(14). No inference of conspiracy or collusion is needed to explain an associate judge's reliance on the parties' submission of an agreed order.

The dismissal of the Section 1983 claims against Barrows should be affirmed.

---

[4] It is not surprising that neither Barrows (opposing counsel) nor Judge DeAngelis bypassed Yan's counsel to deliver a copy of the order to Yan directly. In any event, the record reflects that the order was publicly filed with the Tarrant County Clerk among the papers of the case with the knowledge and approval of Yan's counsel of record. ROA.198, 235.

**V. The District Court did not abuse its discretion in declining jurisdiction over supplemental state law claims.**

The District Court's refusal to exercise supplemental jurisdiction over Yan's Texas and Minnesota common-law claims is reviewed for abuse of discretion. *Heggemeier v. Caldwell Cty, Texas.*, 826 F.3d 861, 872 (5th Cir. 2016). Having dismissed all claims within the Court's original jurisdiction, the District Court had wide discretion to decline supplemental jurisdiction. *Id.* This Court has followed the general rule that a district court does not abuse its discretion in declining supplemental jurisdiction "when all federal-law claims are eliminated before trial." *Id.* (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

Under 28 U.S.C. § 1367(c), this Court properly declined to exercise supplemental jurisdiction here for several reasons. *First*, the remaining state law claims predominate over future proceedings. *See* 28 U.S.C. § 1367(c)(2); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). *Second*, the litigation was at its infancy. *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011). *Finally*, there is no indication of prejudice. *Enochs*, 641 F.3d at 160 ("[I]t was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court.").

The District Court's refusal to consider the supplemental state law claims was not an abuse of discretion.

## VI. In the alternative, the District Court's dismissal of Yan's Texas and Minnesota claims against Barrows should be affirmed under Rule 12(b)(1) or Rule 12(b)(6).

Because the District Court's dismissal of Yan's RICO and Section 1983 claims can be affirmed on multiple, independent bases supported by the record, the Court need not reach the merits of Yan's supplemental state law claims, which the District Court properly declined to retain. *Supra* 33. Nevertheless, to the extent the Court reaches the state law claims against Barrows, the dismissal of Yan's Texas common-law claims should be affirmed under Rule 12(b)(1) based on the doctrine of attorney immunity or under Rule 12(b)(6) for failure to state a claim. To the extent it is unique from the Texas fraud claim, the Minnesota common law claims should be affirmed under Rule 12(b)(6) for failure to state a claim. Yan does not address these alternative grounds which were raised below and provide an independent basis for affirming the dismissal of claims against Barrows. ROA.560–64.

### A. The doctrine of attorney immunity deprives the Court of jurisdiction over the Texas claims.

The attorney-immunity doctrine deprives this Court of jurisdiction over the Texas fraud and conspiracy claims. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016). Under Texas common law, attorneys are generally "immune from civil liability to non-clients for actions taken in connection with representing a

client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (internal quotation marks omitted); *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). Yan is a non-client as to Barrows, and he challenges Barrows' conduct regarding the allegedly fraudulent TRO. Yan cannot escape the immunity bar by simply labeling Barrows' conduct as fraudulent and conspiratorial. *Cantey Hanger*, 467 S.W.3d at 483 ("Merely labeling an attorney's conduct fraudulent does not and should not remove it from the scope of client representation or render it foreign to the duties of an attorney." (internal quotation marks omitted)). If the Court reaches the merits of the state law claims, it should affirm the dismissal based on attorney immunity.

Even assuming jurisdiction, the fraud claim is not cognizable. To state a plausible fraud claim under Texas law, plaintiffs must allege: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009). Plaintiffs must allege these elements with particularity. *See* Fed. R. Civ. P. 9(b). Yan does not allege with particularity facts suggesting Barrows made any affirmative misrepresentation *to him* on which she intended him to rely and on which he did rely.

Yan's sole allegation of misrepresentation is that Barrows, Pigg, and Judge DeAngelis "jointly colluded to enter a fraudulent TRO, which was a material misrepresentation made recklessly and with knowledge of its falsity." ROA.76. The submission of an agreed order, signed by Yan's counsel, is not a "material misrepresentation" by Barrows. Yan is charged with the knowledge possessed by his attorney and agent, Pigg, who also signed it. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1979)) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"). The Complaint further facially negates the reliance element because Yan claims he had no knowledge of the TRO until nearly two years later: "Plaintiff did not become fully aware of this fraudulent TRO until March 2024." *Id.* at 3 ¶ 2. Yan did not rely on any alleged misrepresentation by Barrows.

Even if the conspiracy claim could survive the attorney immunity doctrine, the claim necessarily fails in the absence of a plausibly pleaded predicate tort. A "civil conspiracy is a derivative tort that depends on participation in some underlying tort." *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 138 (Tex. 2019)

(internal quotation marks omitted). Civil conspiracy claims require pleading and proof of: "(1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages [] as a proximate result." *Adams v. Alcolac, Inc.*, 974 F.3d 540, 544 (5th Cir. 2020).

The predicate tort for Yan's conspiracy claim is fraud. Yan similarly alleges that Barrows, Pigg, and Judge DeAngelis "jointly conspired to enter a fraudulent TRO." ROA.78. As discussed above, the Court lacks jurisdiction over Yan's fraud claim due to the attorney-immunity doctrine, and the claim is otherwise not cognizable. Yan's civil conspiracy claim necessarily fails along with the fraud claim.

### B. Even if the Minnesota fraud claim could escape attorney immunity, Yan did not state a cognizable Minnesota common law claim.

The Complaint provides no basis for application of Minnesota common law governing fraud claims. Yan is a Texas resident, Barrows is a Texas resident, and the allegedly tortious misconduct is a TRO entered in a Texas state court. ROA.64–65. As set forth below, Texas law governs the alleged fraud claim. But, even if Minnesota law applied, Yan has failed to state a fraud claim for which relief could be granted.

Federal courts follow the choice-of-law rules of the state in which they sit. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Texas courts apply

the "most significant relationship" test following the Restatement (Second) of Conflicts of Laws to resolve choice of law issues and determine what state's substantive law governs a particular case. *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 116-17 (Tex. App.—Dallas 2020, no pet.) (collecting cases); *Red Roof Inns, Inc. v. Murat Holdings, L.L.C.*, 223 S.W.3d 676, 685 (Tex. App.—Dallas 2007, pet. denied) (applying "most significant relationship" test to fraud claims). In determining which state has the most significant relationship to the alleged tortious conduct, Texas courts consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (citing Restatement (Second) of Conflicts of Laws, § 145).

Here, all of the factors weigh in favor of Texas being the state with the most significant relationship to the alleged tortious conduct. Though Yan pleads that his employer is a Minnesota company, Yan is not suing for injuries suffered by his employer, whether in Minnesota or elsewhere. Yan is the sole alleged victim of the fraud, and he too resides and works in the state of Texas. ROA.64. And all of the parties and all of allegedly fraudulent events occurred in the context of the Tarrant County Texas divorce. ROA.82. Accordingly, Texas law governs the alleged fraud claim, and the Texas doctrine of attorney immunity bars the claim. *Supra* 34–36.

However, even if Minnesota law applied to the fraud cause of action, the claim still fails because Yan does not state with particularity the facts upon which the fraud allegations are based. Fed. R. Civ. Proc. 9(b). Under Minnesota law, a fraud plaintiff must still plead and prove the existence of a material misrepresentation, made with knowledge of falsity and intent to induce others to act, and that the plaintiff "was induced to act by the representation." *Davis v. Re-Trac Mfg. Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38-39 (1967). Yan pleads that his own attorney, not Barrows, signed his name to the TRO. ROA.78. Yan does not plead the existence of any material misrepresentation by Barrows nor does he plead facts from which it may reasonably be inferred that Yan was induced to act by any such representation.

## CONCLUSION

Based on the foregoing, the Barrows Appellees respectfully request the Court overrule Yan's appellate issues, affirm the Final Judgment and Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Independently Assessing Additional Motions dismissing Yan's claims against Barrows, and for all other and further relief to which Barrows may be entitled.

Dated: November 24, 2025.              Respectfully submitted,


                                       */s/ J. Nathaniel James*
                                       J. Nathaniel James
                                       State Bar No. 24078730
                                       njames@hfblaw.com

Roland K. Johnson
State Bar No. 00000084
rolandjohnson@hfblaw.com
Caroline M. Cyrier
State Bar No. 24097558
ccyrier@hfblaw.com
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:  817-870-8700
Facsimile:  817-332-6121

Attorney of record for Appellee
Leslie Starr Barrows

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 24th day of November 2025, a true and correct copy of the foregoing instrument has been served on all parties who have entered an appearance via their counsel of record in compliance with the Fed. R. App. P. 25 (b) and (c) and transmitted to the Clerk of the Court via the Court's electronic-filing system and to:

Conghua Yan (Pro Se)                    *Via U.S. Mail*
2140 E. Southlake Blvd, Suite L-439
Southlake, Texas 76092
Arnold200@gmail.com

Jiayin Zheng (Pro Se)                   *Via U.S. Mail*
2209 Creekside Circle
Irving, TX 75063
Email: jiayin.zheng@gmail.com

Counsel for Panopyra, P.L.L.C, Fuyan
Wang, and Yuanli Tang

Charles Davis Chapman                   *Via U.S. Mail*
Law Office of C. Davis Chapman
P.O. Box 387
Fort Worth, Texas 76101

Dated: November 24, 2025.          */s/ J. Nathaniel James*
                                    J. Nathaniel James

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the Brief contains 9,115 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as computed by the word-processing system used to prepare this Brief.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief was prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font (other than footnotes, which are in 12-point Times New Roman per 5th Cir. R. 32.1).

Dated: November 24, 2025.      */s/ J. Nathaniel James*
                                     J. Nathaniel James

1566814.3