U.S. COURT OF APPEALS
RECEIVED
Aug 25, 2026
FIFTH CIRCUIT

**No. 25-10752**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Conghua Yan, *Plaintiff-Appellant*

v.

The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. Deangelis, in Individual Capacity and Official Capacity as Associated Judge; Panopyra P.L.L.C., A Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,

*Defendants-Appellees*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
USDC No. 4:24-CV-579, The Honorable Reed C. O'Connor, District Judge

PETITION OF PLAINTIFF-APPELLANT CONGHUA YAN FOR REHEARING EN BANC

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Appellant

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant Conghua Yan certifies that the following persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

**Parties:** Conghua Yan; the State of Texas; Leslie Starr Barrows; William Albert Pigg; Lori L. DeAngelis; Panopyra P.L.L.C.; Fuyan Wang; Jiayin Zheng; and Yuanli Tang.

**Counsel who appeared below or on appeal:** Roy Adams, Assistant Attorney General, Office of the Attorney General of Texas (Texas); J. Nathaniel James and Caroline Marie Cyrier, Harris, Finley & Bogle, P.C. (Barrows); William A. Pigg, William A. Pigg PLLC (Pigg); Katherine Elizabeth Owens and Mallory A. Schuit, Tarrant County Criminal District Attorney's Office (DeAngelis); Charles Davis Chapman, Law Office of C. Davis Chapman, and Cody Martin, Martin Oostdyk PLLC (Panopyra P.L.L.C., Wang, and Tang). Jiayin Zheng appeared without counsel.

/s/ Conghua Yan, Pro Se Appellant

STATEMENT UNDER FED. R. APP. P. 40(b)(2)

Yan invokes Fed. R. App. P. 40(b)(2)(B) and (D), and additionally (A). First, the opinion expanded the neutral-adjudicator principle into an Article III bar against a personal-capacity damages claim alleging the judge's own completed conduct. If the opinion's expanded Article III rule is applied as it was here, it swallows the Supreme Court's clear-absence-of-all-jurisdiction exception before immunity can ever be considered. *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1872); *Stump v. Sparkman*, 435 U.S. 349, 356–57 & n.7 (1978). That recurring displacement of a Supreme Court immunity rule presents an exceptionally important question under (D) and a conflict in governing principle under (B).

Second, the panel's first-application-and-simultaneous-futility procedure conflicts with the Supreme Court's party-presentation rule and presents a separate recurring question of appellate procedure. The opinion's nonprecedential designation does not erase the material doctrinal expansion actually applied to Yan's claim, eliminate its conflict with controlling Supreme Court authority under (B), or resolve the recurring importance of either issue under (D). Published *Cuvillier v. Taylor* states the Rule 12 limitation directly: alternative affirmance rests on grounds "raised below and supported by the record." 503 F.3d 397, 401 (5th Cir. 2007).

_Margolin v. Nat'l Ass'n of Immigr. Judges_, 146 S. Ct. 1285, 1288 (2026) (per curiam), applied _United States v. Sineneng-Smith_, 590 U.S. 371, 375 (2020), and held that an appellate court violates party presentation when it decides "a case different from the one [a party] advanced" without giving either side a chance to address the theory. Yan's reply closed briefing on February 3, 2026; _Margolin_ issued afterward, and Yan filed a Rule 28(j) letter citing it before the August 20 opinion.

The opinion cited _Asadi_ for authority to affirm on "any basis supported by the record." Op. 4; 720 F.3d 620, 622 (5th Cir. 2013). But the same paragraph requires accepting all well-pleaded facts as true and viewing them in Yan's favor. *Id.* ROA.67 contained the Western Union transaction table, and Yan reproduced its four control numbers in his Statement of Facts. Opening Br. 19. The opinion omitted those pleaded facts, extended four grounds to Panopyra Defendants who had not raised them, and denied amendment. Under _Cuvillier_, that was neither a ground raised below nor a ground supported by the complete pleaded record.

_Branch Consultants_ and _Davis_ remanded comparable first-instance pleading issues; _Montano_ requires review of trial-court error; and _Great Plains_ ordinarily allows one chance to cure. This procedure cost Yan amendment and potential relation back, a filing fee, and re-service. The issue concerns appellate adjudication, not RICO law.

## TABLE OF CONTENTS


Certificate of Interested Persons ........................................................................ 2
Statement Under Fed. R. App. P. 40(b)(2) ............................................................... 3
Table of Contents ............................................................................................... 5
Table of Authorities ............................................................................................ 6
Issues Warranting En Banc Consideration ............................................................... 8
Course of Proceedings and Disposition .................................................................... 9
Facts Necessary to the Petition ........................................................................... 10
Argument ........................................................................................................ 14
I. If applied as it was here, the opinion's expanded Article III rule swallows the Supreme Court's clear-absence-of-all-jurisdiction exception ................................ 14
II. Margolin and this Court's first-instance precedents require defendant-specific analysis and prohibit denying amendment before response .................................. 17
Conclusion ....................................................................................................... 24
Certificate of Service ......................................................................................... 25
Certificate of Compliance ................................................................................... 25

## TABLE OF AUTHORITIES

Cases

*Armadillo Hotel Grp., L.L.C. v. Harris, 84 F.4th 623 (5th Cir. 2023)* ..11, 17, 22, 24
*Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013) ....................4, 21
*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003)..........................................................15
*Bradley v. Fisher*, 80 U.S. 335 (1872) ........................................................3, 15–16
*Clark v. Sweeney*, 607 U.S. 7 (2025) (per curiam) ................................................19
*Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007)....................................3–4, 20, 22
*Davis v. Warren, 173 F.4th 566 (5th Cir. 2026)* ..................................................4, 21
*Edionwe v. Bailey, 860 F.3d 287 (5th Cir. 2017)* ..................................................22
*EnvTech, Inc. v. DeBusk, 178 F.4th 208 (5th Cir. 2026)* ........................................20
*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002)* ..........................................................................................4, 22
*Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285 (2026) (per curiam) ..........................................................................................4, 17, 19, 21–22
*Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam) ............................................15–16
*Montano v. Texas, 867 F.3d 540 (5th Cir. 2017)* ................................................4, 21
*Reule v. Jackson*, 114 F.4th 360 (5th Cir. 2024) ....................................................16
*Smith v. Hood, 900 F.3d 180 (5th Cir. 2018)* .........................................................17
*Stump v. Sparkman*, 435 U.S. 349 (1978) ....................................................3, 15–16
*United States ex rel. Branch Consultants v. Allstate Insurance Co., 560 F.3d 371 (5th Cir. 2009)* ..........................................................................................4, 21
*United States v. Chesteen*, No. 19-30195 (5th Cir. Feb. 20, 2020) (per curiam)....20
*United States v. Rojas, 812 F.3d 382 (5th Cir. 2016)* .............................................17
*United States v. Sineneng-Smith, 590 U.S. 371 (2020)* ............................................4
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) ........................................15

Statutes and Rules

U.S. Const. art. III ........ 3, 8–11, 14–16, 24
Fed. R. App. P. 40 ........ 3, 14, 16
Fed. R. Civ. P. 9(b), 12(c), 15(a)(2), (c) ........ 3, 12–13, 17–22
5th Cir. R. 40.2.2.4 ........ 14

## ISSUES WARRANTING EN BANC CONSIDERATION

1. Whether Article III permits the neutral-adjudicator principle to bar a personal-capacity damages claim alleging a judge's own completed conduct solely because that conduct is characterized as adjudicatory, thereby foreclosing the Supreme Court's clear-absence-of-all-jurisdiction exception before immunity is reached.

2. Whether an appellate panel may replace a required defendant-specific, transactional inquiry with a generalized description of subject matter—and may affirm nonbriefing appellees on four other fact-dependent grounds first raised in the opinion—after rejecting every ground used below and while simultaneously denying amendment.

## <u>COURSE OF PROCEEDINGS AND DISPOSITION</u>

Yan filed this separate federal civil action on June 20, 2024. This appeal is from the judgment dismissing that federal action—not from the state divorce decree. The operative complaint alleged claims under 42 U.S.C. § 1983, civil RICO, and state law. The magistrate judge recommended dismissal on standing, duplication, res judicata, and Younger grounds and recommended no leave to amend. ROA.692–714. Yan objected. The district court adopted the recommendation and entered judgment on March 6, 2025. Claims against DeAngelis and the Panopyra Defendants were dismissed without prejudice. ROA.745. The court denied Yan's Rule 59 motion on June 11, 2025, and Yan timely appealed.

On August 20, 2026, the panel affirmed in an unpublished summary-calendar <u>opinion</u>. It used disputed recitals in the challenged instrument to establish DeAngelis's adjudicatory role and therefore held there was no Article III controversy. Op. 2–3. For Barrows and Pigg, it **rejected res judicata** and treated the shared description "entry of a temporary order in a divorce proceeding" as sufficient without identifying the same order or separately comparing the claims against Barrows and Pigg. Op. 3. For the Panopyra Defendants, it **rejected both district-court grounds identified in the opinion**, supplied four different RICO grounds, and held further amendment futile. Op. 4–7.

## FACTS NECESSARY TO THE PETITION

The opinion opens by describing Yan as appealing a federal suit "arising from his divorce proceedings" and as alleging a "far-reaching conspiracy against him." Op. 2. That characterization obscures the timing, identified actors, and specific transactions pleaded. This is an appeal from the dismissal of a separate federal civil action, not from the divorce decree. The RICO claim alleged that Wang operated Panopyra and used structuring and overseas transfers to launder massage-business cash beginning in 2018, three years before Yan filed for divorce; it identified four Western Union control numbers and alleged later attorney-fee and third-party channels through 2024. ROA.62, 66–69. The § 1983 claim separately alleged one June 21, 2022 instrument, no filed Wang motion, no notice or hearing on that motion, a forged signature, secret docketing, concealment, home exclusion, and wage garnishment. ROA.62–63, 71–73, 78; see also ROA.729. No appellee identified a docketed Wang motion, hearing notice, or hearing entry. At Rule 12, the question was whether those well-pleaded facts plausibly stated claims when accepted as true and viewed in Yan's favor—not whether the overall theory could be labeled "far-reaching." The divorce proceeding is part of the factual setting and alleged means of some later conduct; it is not the judgment under appellate review. **Yan does not ask this Court to divide marital property, modify the divorce decree, or exercise appellate jurisdiction over the state court.**

The complaint further alleged that DeAngelis personally participated in creating and using an instrument that caused completed losses of Yan's home and wages and sought damages against her individually. ROA.62–63, 71–73. It further alleged that Barrows drafted and submitted the instrument, Pigg forged Yan's signature, Wang filed no predicate motion, no notice or hearing on that motion occurred, and the instrument was secretly docketed and withheld from Yan. ROA.62–63, 78. Yan preserved that dispute. ROA.741–42; Opening Br. 28–32, 41–44; Reply Br. 19–22. The opinion nevertheless treated the instrument's apparent signature and Yan's appearance at a different proceeding as proving that **it "followed a hearing," established an adjudicatory role**, found no Article III controversy, and declined to reach immunity. Op. 2–3 & n.1.

The claim-splitting disposition also collapsed two defendant-specific comparisons. Barrows invoked *Armadillo* for herself. Barrows Br. 10, 15–19. Pigg separately argued res judicata, mootness, and factual duplication and compared the claims against him in both suits. Pigg Br. 2–8. But the opinion did not identify the same order or perform either separate comparison. It grouped Barrows and Pigg and compressed the April–May 2022 QDRO and ERISA claims and the different June 21 instrument, concealment, home-exclusion, and wage-garnishment claims into one "temporary order." Op. 3; ROA.62–63, 71–73; ROA.24-10543.1046–57, 1105–09; Opening Br. 38–40.

The procedural departure began below. This was a paid civil action, not mandatory screening under 28 U.S.C. § 1915(e)(2); **Yan paid the $405 filing fee**. Dist. Ct. ECF Nos. 1–2. **Panopyra and Wang jointly answered**, and **Tang answered separately**; none filed a Rule 12 dismissal motion. Dist. Ct. ECF Nos. 52–53. Zheng appeared pro se and obtained an extension through January 16, 2025, to 'answer, move, or otherwise respond,' but filed no answer or dismissal motion by the time the FCR issued that same date. *Id*. Nos. 54–55, 58, 63. **Without a dismissal motion from any Panopyra Defendant, the FCR sua sponte recommended dismissal without prejudice**, and the district court adopted that recommendation. ROA.692–714, 745. On appeal, all four filed no brief even after overdue-brief notices; the docket records, 'No response received.' 5th Cir. Dkt. 53–55. Barrows's counsel did not represent them, and Barrows requested alternative RICO affirmance only against Barrows. Barrows Br. 4, 20–28. **The opinion rejected duplication** because the Panopyra Defendants were not parties or privies in *Yan I* and **rejected *Younger*** because the alleged cash scheme predated and was independent of the divorce. Op. 4 n.4.

The panel then first extended and applied four grounds to the Panopyra claims: wire-fraud sufficiency; specified unlawful activity and knowledge; Rule 9(b) particulars for structuring; and continuity. Op. 4–6. Barrows had raised similar theories only for herself on appeal. As to the Panopyra Defendants, those grounds

were neither raised below nor presented on appeal. The opinion simultaneously held amendment futile because Yan had filed pleadings across two lawsuits, although the Panopyra Defendants were absent from Yan I. Op. 7.

ROA.67 paragraphs 24–26 identified Wang as sender; a China recipient; $11,700 cash; four dates, amounts, control numbers; and two agent locations. Yan reproduced the control numbers and cited ROA.67. Opening Br. 19. The complaint also alleged grouped bank transactions, an attorney-controlled account, cash payments to counsel, and third-party channels through 2024. ROA.67–69 paragraphs 27–34. Yan requested Rule 15 relief. Opening Br. 33–34, 60.

## ARGUMENT

Consistent with Fifth Circuit Rule 40.2.2.4, this petition presents two court-wide questions: whether an expanded Article III rule may foreclose the Supreme Court's clear-absence-of-all-jurisdiction exception before immunity is reached; and whether first-instance appellate adjudication permits resolving fact-dependent defenses without a separate defendant-specific analysis while extending four other grounds to nonbriefing appellees and denying amendment.

### I. If applied as it was here, the opinion's expanded Article III rule swallows the Supreme Court's clear-absence-of-all-jurisdiction exception.

The opinion held that no Article III controversy exists because DeAngelis acted in an "adjudicatory role." Op. 3. But the underlying federal action did not seek appellate review of the divorce decree or attack a statute applied by a neutral judge; it sought personal-capacity damages for DeAngelis's alleged participation in creating and using a particular instrument that caused completed injury. ROA.62–63, 71–73. The instrument's truth and origin were the claim. At Rule 12, the opinion nevertheless allowed the challenged instrument to prove the very adjudicatory facts alleged to have been fabricated: it treated the instrument's apparent signature and Yan's appearance at a different proceeding as establishing that it "followed a hearing." Op. 2–3. Thus, as applied here, an instrument alleged to have been fabricated, forged, secretly docketed, and concealed without notice was treated as adjudicatory because

its disputed recital was linked to a hearing on another motion. A disputed recital cannot prove its own truth.

*Whole Woman's Health v. Jackson* found no controversy between a judge neutrally adjudicating claims under a statute and a litigant attacking that statute's constitutionality. 595 U.S. 30, 39 (2021). *Bauer v. Texas* likewise limited its no-adversity holding to whether the challenged statute was facially unconstitutional and treated capacity as conduct-specific. 341 F.3d 352, 359–61 (5th Cir. 2003). Neither decision makes "adjudicatory capacity" a categorical Article III bar to retrospective personal-capacity damages alleging the judge's own completed conduct.

If the opinion's expanded Article III rule is applied as it was here, it swallows the Supreme Court's clear-absence-of-all-jurisdiction exception before immunity can ever be considered. *Bradley* explained that a probate judge who tries a criminal case acts in clear absence of all jurisdiction and is not protected from liability. 80 U.S. at 351–52. *Stump* preserved that example and distinction. 435 U.S. at 356–57 & n.7. *Mireles v. Waco* distilled the rule: immunity does not cover "actions, though judicial in nature, taken in the complete absence of all jurisdiction." 502 U.S. 9, 11–12 (1991) (per curiam). Under the opinion's approach, however, the probate judge's trial and order would establish an adjudicatory role, eliminate Article III adversity, and prevent any court from reaching the Supreme Court's exception.

*Bradley*, *Stump*, and *Mireles* are immunity decisions rather than express Article III holdings; that is precisely why the opinion's threshold rule is consequential. It makes their immunity exception legally inoperative. *Reule v. Jackson* expressly separates "the lack of an Article III case or controversy" from "the availability of judicial immunity." 114 F.4th 360, 367 n.3 (5th Cir. 2024). It further recognizes that when a defendant's conduct causes injury, damages will ordinarily redress it. *Id*. at 367 n.4. Yan alleged that DeAngelis personally participated in conduct causing completed losses of his home and wages and sought damages against her individually. ROA.62–63, 71–73. The panel expressly did not reach immunity. Op. 3 n.1. It could not use the disputed adjudicatory-role premise to eliminate jurisdiction in a manner that prevents the separate immunity inquiry from ever being reached.

This is not merely a disagreement over whether DeAngelis ultimately has immunity. It is whether Article III may be expanded so that the Supreme Court's acknowledged no-immunity category can never be adjudicated whenever the challenged act takes judicial form. That recurring rule governing who may sue a judge warrants en banc review under Rule 40(b)(2)(D), and its displacement of *Bradley*, *Stump*, and *Mireles* warrants review under Rule 40(b)(2)(B).

II. Margolin and this Court's first-instance precedents require defendant-specific analysis and prohibit denying amendment before response.

The claim-splitting disposition illustrates the broader doctrinal problem. The concern is not merely that the opinion's discussion was brief. Its stated rationale made the shared abstraction—"entry of a temporary order in a divorce proceeding"—dispositive without identifying the same order, transaction, or defendant-specific claim. If that abstraction suffices, same-claim inquiry becomes same-subject-matter inquiry, bypassing *Armadillo*'s published transactional test. 84 F.4th at 628–31. Barrows invoked that test for herself; Pigg separately briefed factual duplication. Barrows Br. 10, 15–19; Pigg Br. 2–8. The full-court question is not how the transactional factors should be weighed, but whether they may be replaced by a generalized description that collapses distinct instruments, injuries, and separately situated defendants.

Published Rule 28(i) precedent supplies a limiting analogy, not the source of Yan's party-presentation claim. *Smith* rejected a requirement that an actual joinder letter explain itself, but preserved the requirement that adopted arguments be "equally applicable"; the appellees there filed joinders and the court found equal applicability. *Smith v. Hood*, 900 F.3d 180, 184 n.4 (5th Cir. 2018). *Rojas* held that a fact- and defendant-specific argument cannot be adopted without individual briefing. *United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016). Here, Pigg never joined

Barrows's claim-splitting defense, and their claims rest on different alleged conduct; the Panopyra Defendants filed neither briefs nor joinders. The opinion nevertheless supplied no defendant-specific application.

The opinion rejected both grounds it identified below against the Panopyra Defendants. Duplication failed because they were not parties to *Yan I* and privity was absent; Younger failed because the alleged RICO conduct predated and was independent of the divorce. Op. 4 n.4. But the procedural void existed at both levels: no Panopyra Defendant filed a Rule 12 dismissal motion; the FCR and district court supplied the dismissal sua sponte; and all four filed no appellate brief even after overdue-brief notices. Dist. Ct. ECF Nos. 52–55, 58, 63; ROA.692–714, 745; 5th Cir. Dkt. 53–55. Barrows's counsel did not represent them, and her stated issue requested alternative RICO affirmance only "against Barrows." Barrows Br. 4, 20–28.

The panel nevertheless first applied four grounds to those defendants: wire-fraud sufficiency; specified unlawful activity and knowledge; Rule 9(b) particulars for structuring; and continuity. Op. 4–6. Each required defendant-specific analysis of transactions, knowledge, allegations, and competing inferences. This was not ordinary alternative-ground affirmance on a fully considered record. The opinion treated the grounds as record-supported without addressing contrary pleaded

particulars at ROA.67—particulars reproduced and preserved in Yan's Statement of Facts. Opening Br. 19. This petition does not ask the en banc court to decide those RICO questions. It asks whether a panel may extend those grounds to nonbriefing appellees who never presented them and close amendment before the appellant receives notice of their defendant-specific application.

*Margolin* supplies intervening controlling law. There the Fourth Circuit reversed the prevailing party below on a novel ground. The Supreme Court held that deciding "a case different from the one [a party] advanced" without giving either side a chance to address the theory was a drastic departure from party presentation and an abuse of discretion. 146 S. Ct. at 1288. Briefing here closed on February 3, 2026; *Margolin* issued May 26; and Yan filed a Rule 28(j) letter citing it before the opinion.

*Clark v. Sweeney* put the point plainly: courts "call balls and strikes"; they do not "get a turn at bat." 607 U.S. 7, 9 (2025) (per curiam). *Margolin* then applied that rule and reversed because the appellate court decided a materially different issue without giving either side an opportunity to address it. 146 S. Ct. at 1288. Here, the panel supplied four grounds that no Panopyra Defendant presented, treated them as dispositive while omitting the Western Union transaction facts, and ended the

proceeding by declaring amendment futile before Yan could address or cure their defendant-specific application.

The reversal/affirmance distinction does not resolve the conflict. In the Rule 12 context, *Cuvillier* permits affirmance on grounds "raised below and supported by the record." 503 F.3d at 401. *United States v. Chesteen* applies that rule and rejects affirmance merely because a ground is record-supported when it was not raised below. No. 19-30195, slip op. at 9–10 (5th Cir. Feb. 20, 2020) (per curiam). It applied the general rule because the opponent lacked an opportunity to develop and contest the ground, the ground was not implicit in an issue raised below, the record was inadequately developed, and the trial court had no opportunity to rule. *Id.* The narrow exception for a pure legal question briefed by all parties does not fit transaction particulars, knowledge, Rule 9(b), continuity, or competing inferences.

*EnvTech* confirms the limiting principle. Although it reached a continuity issue not addressed in the district court's opinion, it did so because the issue had been "presented to [the district court] in the parties' motion-to-dismiss papers." 178 F.4th at 227. No Panopyra Defendant presented the panel's four grounds below or on appeal.

Those conditions were absent here. No Panopyra Defendant presented the four grounds, no lower-court ruling applied them, and Barrows raised similar theories

only for herself. The panel then made the grounds dispositive by omitting contrary pleaded transaction facts and drawing competing inferences against Yan, contrary to *Asadi*'s Rule 12 standard. 720 F.3d at 622. That combination—not alternative-ground affirmance alone—produced the conflict with *Margolin* and this Court's published Rule 12 rule.

*Branch Consultants* confirms the proper appellate response. After rejecting the district court's dismissal ground, this Court declined to decide alternative Rule 9(b) issues because that analysis is customarily performed first by the district court and remanded. 560 F.3d 371, 383 (5th Cir. 2009). *Davis* similarly declined first-instance resolution and allowed amendment on remand, relying on *Montano*'s rule that this Court reviews trial-court error rather than first making legal conclusions. 173 F.4th 566, 573 (5th Cir. 2026); 867 F.3d 540, 546 (5th Cir. 2017). Authority to affirm on a different ground did not require first formulating and applying four defendant-specific grounds for appellees who filed no brief.

The simultaneous futility ruling magnified the conflict. Rule 15(a)(2) favors leave when justice so requires. *Great Plains* ordinarily affords at least one opportunity to cure unless defects are clearly incurable or the plaintiff says he cannot or will not amend. 313 F.3d 305, 329 (5th Cir. 2002). Here the opinion first made four grounds dispositive against the Panopyra Defendants and then faulted Yan for

not already supplying curative facts. Op. 7. That sequence is not a meaningful opportunity to amend.

*Edionwe* is materially different. A Rule 12(c) motion identified the defect; the plaintiff requested amendment in response without stating curative facts; and a later proposed complaint still lacked the required property right. 860 F.3d 287, 289–90, 294 (5th Cir. 2017). Here no Panopyra motion or ruling identified the panel's four grounds, and the Panopyra Defendants were absent from Yan I. Pleadings in that other case were not opportunities to amend these claims after notice of these defects.

Dismissal without prejudice did not eliminate prejudice. Denial of amendment forces Yan to file another action, pay another filing fee, re-serve Wang, Zheng, Tang, and Panopyra, incur additional delay and service expense, and lose the opportunity to seek amendment and relation back under Rule 15 in this action. The issue is not whether a new action might remain theoretically possible; it is whether the panel could make first-applied grounds simultaneously incurable here.

En banc review is warranted. *Margolin* supplies the Supreme Court rule; *Cuvillier* and *Great Plains* supply this Court's Rule 12 and amendment limits. The opinion cites no authority for either extension. First, it treated a generalized shared setting as a substitute for *Armadillo*'s transactional inquiry and did not separately compare the claims against Barrows and Pigg. Second, as to Panopyra, the precise

combination was a sua sponte trial-court dismissal; no merits defense by the affected appellees on appeal; rejection of both trial-court grounds; first appellate application of four different fact-dependent grounds; omission of pleaded particulars; and simultaneous denial of amendment. These are material expansions of alternative-ground affirmance, not merely applications of settled law. The court-wide concern is objective, not motive-dependent: in practical effect, operative grounds at both levels came from courts rather than the affected defendants, and Yan first received notice of their defendant-specific application in the opinion itself.

## CONCLUSION

The Court should grant rehearing en banc, vacate the judgment as to DeAngelis, Barrows, Pigg, and the Panopyra Defendants, and remand. As to DeAngelis, the Court should withdraw the expanded Article III rule and decide adversity from the pleaded personal-capacity claim without using disputed recitals or an immunity characterization as a jurisdictional shortcut. As to Barrows and Pigg, it should withdraw the categorical claim-splitting rationale and remand for defendant-specific application of *Armadillo*. As to the Panopyra Defendants, it should remand for first-instance consideration after notice and an opportunity to amend. If a federal claim is reinstated, the supplemental-jurisdiction disposition of the related state-law claims should also be vacated.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan, Pro Se Appellant
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
| 214-228-1886 |
arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I served this Petition for Rehearing En Banc on all counsel and unrepresented parties in accordance with Fed. R. App. P. 25.

*/s/ Conghua Yan*

## CERTIFICATE OF COMPLIANCE

This petition complies with Fed. R. App. P. 40(d)(3)(A) because it contains 3,517 words, excluding the parts exempted by Fed. R. App. P. 32(f), according to the word-count function used to prepare the petition.

This petition complies with Fed. R. App. P. 32(a)(4)-(6): the principal text is double-spaced, all four margins are at least one inch, and the petition uses a proportionally spaced 14-point serif typeface.

/s/ Conghua Yan

# United States Court of Appeals for the Fifth Circuit

No. 25-10752
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 20, 2026
Lyle W. Cayce
Clerk

Conghua Yan,

*Plaintiff—Appellant*,

*versus*

The State of Texas; Leslie Starr Barrows, *in Individual Capacity*; William Albert Pigg, *in Individual Capacity*; Lori L. Deangelis, *in Individual Capacity and Official Capacity as Associated Judge*; Panopyra P.L.L.C., *A Private Company*; Fuyan Wang, *in Individual Capacity*; Jiayin Zheng, *in Individual Capacity*; Yuanli Tang, *in Individual Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-579

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Conghua Yan, proceeding pro se, appeals the dismissal of his federal lawsuit arising from his divorce proceedings. Alleging a far-reaching conspiracy against him, Yan sued his attorney, his ex-wife's attorney, the family-court judge, the State of Texas, and his ex-wife's massage-therapy business and two of her business associates. He sought damages under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law, along with declaratory and injunctive relief. The magistrate judge recommended dismissing all claims without leave to amend, and the district court adopted that recommendation over Yan's objections. We AFFIRM.

## I. Yan lacks standing to Sue Judge DeAngelis

Yan first contends that the district court erred in dismissing his claims against Judge Lori DeAngelis for lack of standing. We disagree. Article III confines federal jurisdiction to cases or controversies. U.S. CONST. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). There is no case or controversy between a litigant and a judge acting in an adjudicatory capacity. *Reule v. Jackson*, 114 F.4th 360, 365–66 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025); *see also Bauer v. Texas*, 341 F.3d 352, 359–61 (5th Cir. 2003); *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam).

That principle resolved Yan's claims against Judge DeAngelis. She presided over part of Yan's divorce proceedings and entered the temporary order at the heart of this suit. The order bears Yan's signature and followed a hearing at which he personally appeared. Although Yan now disputes the authenticity of that signature, the order itself—referenced in and central to his complaint—confirms that Judge DeAngelis was acting in an adjudicatory

capacity. Yan therefore lacks standing to sue her. Accordingly, we AFFIRM the dismissal of all claims against Judge DeAngelis.[1]

## II. The Claims Against Barrows and Pigg Are Duplicative

Yan next challenges the dismissal of his § 1983 and RICO claims against his ex-wife's attorney, Leslie Starr Barrows, and his former attorney, William Albert Pigg. The magistrate judge relied on res judicata and also concluded that these claims duplicate an earlier suit. *Yan v. State Bar of Texas* (*Yan I*), No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025) (per curiam). Res judicata does not support affirmance on this record, but we agree that the claims are duplicative.[2]

The rule against claim-splitting litigation "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628–30 (5th Cir. 2023) (internal quotation marks and citation omitted). Barrows and Pigg were defendants in *Yan I*.[3] The two suits also arise from the same nucleus of operative facts: the entry of a temporary order in a divorce proceeding that was allegedly procured through fraud and to Yan's financial detriment. The district court therefore did not abuse its

---

[1] Because there is no jurisdiction, we do not address the merits of judicial immunity. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998).

[2] At the time the district court entered judgment here, *Yan I* was pending on appeal. We later dismissed that appeal for lack of appellate jurisdiction and remanded for further proceedings. A judgment is final for res judicata purposes only when "the district court properly entered final judgment, and that judgment never was modified on appeal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013). *Yan I* therefore does not satisfy the finality requirement.

[3] *Yan I* also named Judge DeAngelis, the bank that disbursed funds pursuant to Judge DeAngelis's temporary order, the State Bar of Texas, and attorneys from the bar's Office of Chief Disciplinary Counsel.

discretion in dismissing the claims against Barrows and Pigg as duplicative. We AFFIRM that dismissal.

## III. The Panopyra Defendants' RICO Claims

Yan also challenges the dismissal of his RICO claims against his ex-wife, Fuyan Wang, her massage-therapy business, Panopyra PLLC, and two of her business associates, Yuanli Tang and Jiayin Zheng (collectively, Panopyra Defendants). The magistrate judge recommended dismissal as duplicative and under *Younger* abstention.[4] Dismissal is nonetheless proper but for a more straightforward reason: Yan failed to plead a plausible RICO claim. *See Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) ("We . . . may affirm on any basis supported by the record.").

To state a viable civil RICO claim, a plaintiff must plead a violation of the criminal RICO statute and a resulting injury to business or property. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021). A violation of 18 U.S.C. § 1962 contains "three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204–05 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). The pattern element requires "at least two predicate acts of racketeering

---

[4] Neither ground supports affirmance. The Panopyra Defendants were not parties to *Yan I* and the record does not otherwise establish privity. *See Armadillo*, 84 F.4th at 630–31. Nor does *Younger* provide a basis for affirmance. Yan's RICO claim is not, at bottom, a challenge to the validity of the family-court order. It is an independent claim that the Panopyra Defendants laundered cash beginning in 2018—*before* the 2021 divorce proceedings. The claim does not ask a federal court to invalidate, enjoin, or otherwise interfere with a state-court order, and we are not persuaded that a private civil-damages claim of this sort falls within the three "exceptional circumstances" to which *Younger* narrowly applies. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) ("We have not applied *Younger* outside these three 'exceptional' categories[.]").

activity." *Crowe v. Henry*, 115 F.3d 294, 297 (5th Cir. 1997). Yan identifies wire fraud and money laundering as predicate acts.[5] His wire-fraud allegations must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Yan's allegations fall short. His complaint alleges, largely in conclusory terms, that the Panopyra Defendants laundered cash and structured deposits to evade reporting requirements, using overseas wire transfers to carry out their racketeering enterprise. But as to wire fraud, Yan does not identify a scheme to defraud or plead the use of interstate or foreign wires in furtherance of one. *See* 18 U.S.C. § 1343 (wire fraud requirements). As to money laundering, Yan does not identify the "specified unlawful activity" that generated the alleged proceeds or plead facts showing that any defendant knew the property represented proceeds of unlawful activity. *See* 18 U.S.C. §§ 1956(a)(1), (c)(7) (money-laundering requirements).

The complaint independently fails to plead the continuity required for a pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989). Continuity requires facts showing either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241–42. Yan alleges neither. The supposed scheme centers on one victim—Yan—and one objective connected

---

[5] Yan also alleges perjury and financial structuring as predicate acts. Perjury is not a RICO predicate. *See* 18 U.S.C. § 1961(1) (listing the predicate offenses). Financial structuring can qualify as a predicate act, *id.* § 1961(1)(E) (including acts indictable under the Currency and Foreign Transactions Reporting Act), but it nonetheless "sound[s] in fraud" for pleading purposes because its gravamen is the deliberate breaking up of transactions to deceive a financial institution. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

to the dissolution of his marriage. He alleges no facts suggesting an indefinite threat of repetition. And we have repeatedly treated finite schemes aimed at a limited set of victims and a singular objective as insufficient to establish closed-ended continuity, even when the alleged conduct spans years. *E.g.*, *D&T Partners*, 98 F.4th at 206–08; *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).

Because Yan has not pleaded a plausible RICO violation, we AFFIRM the dismissal of his claims against the Panopyra Defendants.

## IV. Sovereign Immunity Bars the Claims Against Texas

Yan correctly concedes in his reply brief that his claims for declaratory and injunctive relief against Texas are barred by sovereign immunity. Texas has not waived its Eleventh Amendment immunity. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Nor does the *Ex parte Young* exception permit suit against the State itself. *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). We therefore AFFIRM the dismissal of Yan's claims against Texas.

## V. Supplemental Jurisdiction Was Properly Declined

Yan next argues that the district court erred by dismissing his remaining state-law claims. We disagree. A district court "may decline" to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We review that decision for abuse of discretion. *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016). That discretion in deciding whether to retain jurisdiction over state-law claims is "wide" and "not lightly disturb[ed]" on appeal. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per curiam). Once the district court properly dismissed all of Yan's federal claims, declining to

retain jurisdiction over the remaining state-law claims was well within that discretion.

## VI. Further Amendment Would be Futile

Finally, Yan argues that the district court abused its discretion by dismissing his claims without granting leave to amend. Rule 15 favors liberal amendment. Fed. R. Civ. P. 15(a)(2). But a court does not abuse its discretion in denying leave where amendment would be futile, *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320–21 (5th Cir. 1991), particularly where the plaintiff does not identify additional facts that would cure the defect, *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017). Yan has already filed multiple iterations of his complaint across two federal lawsuits arising from the same divorce proceeding. Neither below nor on appeal has he identified additional facts that another amendment would add, much less facts that would cure the defects. On this record, denying further leave to amend as futile was not an abuse of discretion.

## VII. Conclusion

The judgment of the district court is AFFIRMED.