U.S. COURT OF APPEALS
RECEIVED
Aug 31, 2026
FIFTH CIRCUIT

**No. 25-10752**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Conghua Yan, Plaintiff-Appellant

v.

The State of Texas; Leslie Starr Barrows; William Albert Pigg; Lori L. DeAngelis; Panopyra P.L.L.C.; Fuyan Wang; Jiayin Zheng; and Yuanli Tang, Defendants-Appellees

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
USDC No. 4:24-CV-579

## PLAINTIFF-APPELLANT'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED PETITION FOR REHEARING EN BANC

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Appellant

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant Conghua Yan certifies that the following persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

Parties: Conghua Yan; the State of Texas; Leslie Starr Barrows; William Albert Pigg; Lori L. DeAngelis; Panopyra P.L.L.C.; Fuyan Wang; Jiayin Zheng; and Yuanli Tang.

Counsel who appeared below or on appeal: Roy Adams (Texas); J. Nathaniel James, Roland K. Johnson, and Caroline Marie Cyrier (Barrows); William A. Pigg (Pigg); Katherine Elizabeth Owens and Mallory A. Schuit (DeAngelis); Charles Davis Chapman and Cody Martin (Panopyra P.L.L.C., Wang, and Tang). Jiayin Zheng did not appear.

/s/ Conghua Yan, Pro Se Appellant

## MOTION

Plaintiff-Appellant Conghua Yan respectfully moves under Fed. R. App. P. 27 and Fifth Circuit Rule 27.4 for leave to file the proposed Amended Petition for Rehearing En Banc submitted as the appendix to this motion. If leave is granted, Yan requests that the proposed amended petition be treated as filed and as superseding the petition docketed on August 24, 2026.

The Court entered judgment on August 20, 2026. **Yan timely filed his petition on August 24**. The Rule 40(d)(1) period expires September 3, 2026, and this request is submitted within that original rehearing period. It is therefore prompt and does not seek an extension or an out-of-time filing.

The proposed amendment preserves the **same** two en banc issues and requests the **same** relief. It **adds** no claim, party, or extra-record factual theory. It **sharpens** the first issue already presented: whether Article III no-adversity governing neutral judges in prospective official-capacity challenges may be extended to a retrospective personal-capacity damages claim and used to bypass the separate judicial-immunity framework. It also **sharpens** the second issue already presented: whether, without notice, the panel could apply Barrows's fact-dependent defenses to nonbriefing Panopyra Appellees—none of whom joined or adopted her brief—and deny amendment before Yan could address that cross-defendant application.

The original petition was docketed earlier on August 24, **before** this Court issued *Fogleman-Laxey v. Guillory* later that day. In dissent, Judge Willett—who also sat on Yan's panel—invoked *Gilbert*'s published statement that alternative affirmance is available "so long as the argument was raised below." *Fogleman-Laxey*, No. 25-30132, slip op. at 24 n.52 (5th Cir. Aug. 24, 2026) (Willett, J., dissenting) (citing *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014)). *Gilbert*

is published authority; Willett's application is persuasive. Because *Fogleman-Laxey* **issued only after Yan filed**, the original petition **could not** cite it; that timing supports the **requested leave to file this timely substitute**. The amended petition uses the newly issued writing on the same party-presentation issue; it adds no claim, issue, or record fact. The amendment also cites recent authority sharpening the first issue. Kellogg v. Nichols, 170 F.4th 20, 24–31 (2d Cir. 2026) (per curiam), treated **personal-capacity nominal-damages claims under judicial immunity** while **applying Article III no-adversity only** to **official-capacity declaratory and injunctive claims**. A separate *Kellogg* writing concerning rehearing en banc **warned** that **broader no-adversity doctrine could create a template for avoiding federal review and "serious jurisdictional defects."** *Kellogg*, No. 23-8093, slip op. at 1–2 (2d Cir. June 30, 2026) (Nathan, J., concurring in denial of rehearing en banc). The proposed amendment uses those authorities to explain why the decision below—which **applied no-adversity to personal damages** and **expressly declined immunity**—presents a court-wide question of exceptional importance.

The amendment also clarifies the already-raised distinction among capacity, remedy, Article III, and immunity under Whole Woman's Health v. Jackson, Kentucky v. Graham, Hafer v. Melo, Nevada v. Hicks, and this Court's decisions in Bauer v. Texas and Reule v. Jackson. It corrects the preservation citation

concerning the challenged instrument and accurately states that Yan cited *Margolin* by Rule 28(j). It also applies this Court's existing reply-brief and adoption decisions—*Benefit Recovery, Inc. v. Donelon*, *Smith v. Hood*, and *United States v. Rojas*—to the already-raised party-presentation issue. Below, Panopyra P.L.L.C., Wang, and Tang answered but did not move on the four grounds later applied; Zheng did not appear. On appeal, no Panopyra Appellee filed a brief or made a Rule 28(i) joinder or adoption; Barrows's brief addressed her own alleged role. The complaint attributed the 2018–2021 Western Union allegations in paragraph 25 to Wang while alleging different attorney-account, instruction, and concealment conduct involving Barrows. A reply to Barrows gave Yan no notice or opportunity to address the cross-defendant application first made in the opinion. The clarification identifies the notice problem: Yan's reply addressed Barrows's brief, and no Panopyra filing gave notice of the later cross-defendant application. Applying governing authority to a properly presented issue is distinct from creating a materially different, defendant-specific ground without notice.

The proposed amended petition is complete in itself, remains within Fed. R. App. P. 40(d)(3)(A)'s 3,900-word limit, and includes the unmarked panel opinion required by Fifth Circuit Rule 40.2.2.10. No response to the petition itself is permitted unless requested, Fed. R. App. P. 40(d)(4); appellees retain their ordinary right to respond to this motion under Rule 27.

Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.4 supply the governing motion procedure. Good cause exists to accept the timely, complete substitute rather than require the full Court to evaluate an earlier formulation that does not present the two already-raised issues with the precision supplied by the recent authorities and the clarified briefing record.

Yan therefore requests that the Court grant leave and order that the proposed Amended Petition for Rehearing En Banc, submitted as the appendix to this motion, be treated as filed and as superseding the petition docketed on August 24, 2026.

## CERTIFICATE OF CONFERENCE

On August 28, 2026, Yan emailed counsel for all represented appellees and unrepresented appellee Jiayin Zheng regarding his intended motion for leave to file a revised petition for rehearing en banc and asked whether they opposed the requested relief. William Albert Pigg replied, "Opposed." No other recipient responded by the time of filing.

*/s/ Conghua Yan*

Conghua Yan, Pro Se Appellant

2140 E Southlake Blvd, Suite L-439, Southlake, Texas 76092 | 214-228-1886 |

arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I served this motion and its appendix, the proposed Amended Petition for Rehearing En Banc, on all represented appellees through counsel using CM/ECF and on unrepresented appellee Jiayin Zheng by first-class mail, postage prepaid, in accordance with Fed. R. App. P. 25.

/s/ Conghua Yan

## CERTIFICATE OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 813 words, excluding the parts exempted by Fed. R. App. P. 32(f), according to the word-count function used to prepare the motion.

This motion complies with Fed. R. App. P. 27(d)(1) and 32(a)(4)–(6): it is on letter-size pages with one-inch margins, uses a proportionally spaced 14-point serif typeface, and is double-spaced except where the rules permit otherwise.

/s/ Conghua Yan