U.S. COURT OF APPEALS
RECEIVED
Aug 31, 2026
FIFTH CIRCUIT

**No. 25-10752**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Conghua Yan, *Plaintiff-Appellant*

v.

The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. DeAngelis, in Individual Capacity and Official Capacity as Associate Judge; Panopyra P.L.L.C., A Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,

*Defendants-Appellees*

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
USDC No. 4:24-CV-579, The Honorable Reed C. O'Connor, District Judge

AMENDED PETITION OF PLAINTIFF-APPELLANT CONGHUA YAN FOR REHEARING EN BANC

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Appellant

CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant Conghua Yan certifies that the following persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

**Parties:** Conghua Yan; the State of Texas; Leslie Starr Barrows; William Albert Pigg; Lori L. DeAngelis; Panopyra P.L.L.C.; Fuyan Wang; Jiayin Zheng; and Yuanli Tang.

Counsel who appeared below or on appeal: Roy Adams, Assistant Attorney General, Office of the Attorney General of Texas (Texas); J. Nathaniel James, Roland K. Johnson, and Caroline Marie Cyrier, Harris, Finley & Bogle, P.C. (Barrows); William A. Pigg, William A. Pigg PLLC (Pigg); Katherine Elizabeth Owens and Mallory A. Schuit, Tarrant County Criminal District Attorney's Office (DeAngelis); Charles Davis Chapman, Law Office of C. Davis Chapman, and Cody Martin, Martin Oostdyk PLLC (Panopyra P.L.L.C., Wang, and Tang). Jiayin Zheng did not appear.

/s/ Conghua Yan, Pro Se Appellant

STATEMENT UNDER FED. R. APP. P. 40(b)(2)

Yan invokes Fed. R. App. P. 40(b)(2)(A)–(D). First, the opinion extended Article III no-adversity to retrospective personal-capacity damages and declined immunity. Op. 2–3 & n.1. That conflicts with *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985); *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991); *Nevada v. Hicks*, 533 U.S. 353, 373 (2001); and *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39–40 (2021). *Kellogg v. Nichols* took the opposite path: immunity for personal-capacity damages and no-adversity only for official-capacity relief. 170 F.4th 20, 24–31 (2d Cir. 2026) (per curiam).

Second, after rejecting the Panopyra Appellees' lower-court grounds, the panel first applied four fact-dependent grounds not raised below for them and denied amendment. That conflicts with *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 343 (2026) (per curiam); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); and *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Four days later, Judge Willett applied *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014), identifying the same Rule 12 circularity. *Fogleman-Laxey*, No. 25-30132, slip op. at 24 & n.52 (5th Cir. Aug. 24, 2026) (Willett, J., dissenting). These conflicts warrant en banc review.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........ 2

STATEMENT UNDER FED. R. APP. P. 40(b)(2) ........ 3

TABLE OF CONTENTS ........ 4

TABLE OF AUTHORITIES ........ 5

**Cases ........ 5**

**Statutes and Rules ........ 6**

**Other Authorities ........ 6**

ISSUES WARRANTING EN BANC CONSIDERATION ........ 7

COURSE OF PROCEEDINGS AND DISPOSITION ........ 8

FACTS NECESSARY TO THE PETITION ........ 9

ARGUMENT ........ 12

I. The opinion converts a prospective official-capacity no-adversity rule into a jurisdictional bar against personal-capacity damages and disables Supreme Court immunity doctrine. ........ 12

II. Applying unpresented grounds without notice conflicts with *Margolin* and *Cuvillier*. ........ 18

CONCLUSION ........ 24

CERTIFICATE OF SERVICE ........ 25

CERTIFICATE OF COMPLIANCE ........ 25

## TABLE OF AUTHORITIES

Cases

*Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013) ........................20
*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003)........................................................14
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..................................................17
*Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326 (5th Cir. 2008) ...........................19
*Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872)...................................................16
*Clark v. Sweeney*, 607 U.S. 7 (2025) (per curiam) ................................................19
*Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007)...............................3, 7, 17, 20, 23
*Davis v. Warren*, 173 F.4th 566 (5th Cir. 2026) ....................................................22
*Edionwe v. Bailey*, 860 F.3d 287 (5th Cir. 2017) ..................................................22
*EnvTech, Inc. v. DeBusk*, 178 F.4th 208 (5th Cir. 2026) .........................................18
*FDA v. All. for Hippocratic Med.*, 602 U.S. 367 (2024).........................................13
*Fogleman-Laxey v. Guillory*, No. 25-30132, slip op. (5th Cir. Aug. 24, 2026) .3, 17, 20, 21
*Forrester v. White*, 484 U.S. 219 (1988)................................................................15
*Frazier v. Prince George's Cnty.*, 140 F.4th 556 (4th Cir. 2025)...........................14
*Gilbert v. Donahoe*, 751 F.3d 303 (5th Cir. 2014) ..........................................3, 20, 21
*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002) ................................................................................................3, 22–23
*Hafer v. Melo*, 502 U.S. 21 (1991)...............................................................3, 13, 17
*In re Chesteen*, 799 F. App'x 236 (5th Cir. 2020).................................................20
*Kellogg v. Nichols*, 170 F.4th 20 (2d Cir. 2026) (per curiam) .....................3, 14, 17
*Kellogg v. Nichols, No. 23-8093* (2d Cir. June 30, 2026) (Nathan, J., concurring in denial of reh'g en banc) ..........................................................................15
*Kentucky v. Graham*, 473 U.S. 159 (1985)............................................3, 13, 17
*Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339 (2026) (per curiam) ..3, 7, 17, 19, 21, 23
*Machetta v. Moren*, 726 F. App'x 219 (5th Cir. 2018)...........................................14
*Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam) .................................................16
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)..............................................20
*Montano v. Texas*, 867 F.3d 540 (5th Cir. 2017)...................................................22
*Neitzke v. Williams*, 490 U.S. 319 (1989) ............................................................17
*Nevada v. Hicks*, 533 U.S. 353 (2001).......................................................3, 15, 17
*Pulliam v. Allen*, 466 U.S. 522 (1984) .................................................................14
*Reule v. Jackson*, 114 F.4th 360 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025)...................................................................................................14
*Smith v. Hood*, 900 F.3d 180 (5th Cir. 2018) ........................................................21

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)........................16
*Stump v. Sparkman*, 435 U.S. 349 (1978)..............................................................16
*United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371 (5th Cir. 2009)........................................................................................................22
*United States v. Rojas*, 812 F.3d 382 (5th Cir. 2016)...............................................21
*United States v. Sineneng-Smith*, 590 U.S. 371 (2020)...........................................19
*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021)..................................................13
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021)..............................3, 13, 17
*Younger v. Harris*, 401 U.S. 37 (1971)................................................................8, 17

Statutes and Rules

U.S. Const. art. III.................................................................. 3, 7–9, 12, 14–16, 24
28 U.S.C. § 1915(e)(2)....................................................................................9
42 U.S.C. § 1983..............................................................................................8
Fed. R. App. P. 28(c), (i), (j)..............................................................7, 19, 21
Fed. R. App. P. 32(a)(7)(B)(ii).......................................................................19
Fed. R. App. P. 40.........................................................................................3, 25
Fed. R. Civ. P. 9(b), 12(c), 15(a)(2), (c)................................ 3, 9–12, 16–18, 20–23
5th Cir. R. 40.2.2.4.........................................................................................12

Other Authorities

*Practitioners' Guide to the United States Court of Appeals for the Fifth Circuit* 28 (May 2025)...................................................................................................19

## ISSUES WARRANTING EN BANC CONSIDERATION

1. Whether Article III's adverse-party requirement bars a retrospective **personal-capacity claim** seeking damages from a state judicial officer for completed conduct alleged to have caused concrete injury, merely because the conduct is characterized as adjudicatory, when the plaintiff neither seeks to **enjoin** a court nor asks the officer to defend the **constitutionality** of governing law.

2. Whether, consistently with *Margolin*, *Cuvillier*, Rules 28(c) and 28(i), and the Fifth Circuit's first-instance and amendment precedents, an appellate panel may reject the two lower-court grounds it addressed for nonbriefing appellees, first extend another appellee's fact-dependent theories to them despite no joinder or adoption, and simultaneously deny amendment when the appellant had no brief from those appellees to answer and no notice that his reply had to anticipate the court's cross-defendant application.

COURSE OF PROCEEDINGS AND DISPOSITION

Yan filed this separate federal civil action on June 20, 2024. This appeal challenges dismissal of that federal action; it does not seek appellate review or alteration of the state divorce decree. The operative complaint alleged claims under 42 U.S.C. § 1983, civil RICO, and state law. The magistrate judge recommended dismissal on standing, duplication, res judicata, and *Younger* grounds and recommended no leave to amend. ROA.692–714. Yan objected. The district court adopted the recommendation and entered judgment on March 6, 2025. Claims against DeAngelis and the Panopyra Defendants were dismissed without prejudice. ROA.745–47. The court denied Yan's Rule 59 motion on June 11, 2025. ROA.768–70. Yan timely appealed.

On August 20, 2026, the panel affirmed in an unpublished summary-calendar opinion. It relied on the challenged instrument—whose signature and recitals Yan disputed—to conclude that DeAngelis acted in an adjudicatory capacity and therefore dismissed all claims against her for lack of an Article III controversy; it expressly declined to reach judicial immunity. Op. 2–3 & n.1. For the Panopyra Defendants, it rejected the two lower-court grounds it addressed, supplied four different RICO grounds, and held further amendment futile. Op. 4–7.

## FACTS NECESSARY TO THE PETITION

The complaint alleged that DeAngelis personally participated in creating and using an instrument that caused completed losses of Yan's home and wages, and it sought damages against her individually. ROA.62–63, 71–73, 78. The complaint alleged, based on the state docket, that Wang filed no predicate motion and that there was no notice, hearing on such a motion, or open-court ruling. ROA.62–63. It further alleged that the challenged instrument bore an allegedly forged signature and was entered without service. ROA.62–63, 78. The appearance cited by the opinion concerned Yan's different motion, with Anita Cutrer as his counsel; Pigg was not Yan's counsel at that cited appearance. Apart from the challenged instrument, its disputed signature, and material concerning that different proceeding, no independent evidence established the recited Wang proceeding. Yan preserved the issue below and on appeal. ROA.728–30; Opening Br. 28–32, 41–44; Reply Br. 19–22. The opinion nevertheless used the challenged instrument's disputed recitals to hold that it "followed a hearing," establish an adjudicatory role, and eliminate Article III jurisdiction. Op. 2–3 & n.1.

This was a paid civil action, not mandatory screening under 28 U.S.C. § 1915(e)(2); the FCR instead invoked inherent authority applicable to paid complaints. ROA.710. Panopyra and Wang jointly answered, Tang answered

separately, and none filed a Rule 12 dismissal motion. ROA.582, 586, 692. Zheng obtained an extension through January 16, 2025, to "answer, move, or otherwise respond," but filed no answer or merits response by the time the FCR issued that day. ROA.599, 692. Without a Panopyra dismissal motion, the FCR sua sponte recommended dismissal and the district court adopted it. ROA.692–714, 745. On appeal, the Panopyra Defendants filed no appellee brief and neither joined nor adopted another brief under Rule 28(i). 5th Cir. Dkts. 53–55. Barrows's counsel did not represent them, and her issue sought alternative RICO affirmance only "against Barrows." Barrows Br. 2, 20–27, 39.

The panel then first extended and applied four grounds to the Panopyra claims: wire-fraud sufficiency; specified unlawful activity and knowledge; Rule 9(b) particulars for structuring; and continuity. Op. 4–6. Barrows had raised similar theories only for herself on appeal. No Panopyra Defendant raised those grounds below or obtained a ruling on them. ROA.582, 586, 599, 692–714. The opinion simultaneously held amendment futile because Yan had filed pleadings across two lawsuits, although the Panopyra Defendants were absent from the prior federal action. Op. 7.

ROA.66–67 ¶¶ 24–26 attributed to Wang four Western Union transfers totaling $11,700: 3323973310 ($2,900, Aug. 16, 2021); 6649450578 ($3,000, Aug. 22, 2020);

4601136731 ($2,900, Nov. 23, 2019); and 6987537723 ($2,900, Oct. 10, 2019). The pleading identified Wang as sender, a named China recipient, three transfers through First Convenience Bank #694, one through Woodforest #0723, and the identification requirement allegedly evaded. Opening Br. 16–17. It separately alleged grouped bank deposits, an attorney-controlled account, and third-party channels through 2024. ROA.67–69 ¶¶ 27–34. Yan requested Rule 15 relief. Opening Br. 28. Those actor- and transaction-specific facts required analysis rather than automatic cross-defendant interchangeability.

## ARGUMENT

Consistent with Fifth Circuit Rule 40.2.2.4, this petition presents two court-wide questions: whether Article III no-adversity for neutral adjudicators in prospective official-capacity litigation may be extended to retrospective personal-capacity damages, displacing the Supreme Court's separate immunity rules; and whether party presentation, first-instance adjudication, and Rule 15 permit first applying unpresented grounds to nonbriefing appellees while simultaneously denying amendment.

### I. The opinion converts a prospective official-capacity no-adversity rule into a jurisdictional bar against personal-capacity damages and disables Supreme Court immunity doctrine.

The opinion held that no Article III controversy exists because DeAngelis acted in an "adjudicatory role." Op. 3. But Yan did not challenge the constitutionality of a statute applied by a neutral judge or seek to stop a future state proceeding. He sought retrospective damages from DeAngelis personally for completed conduct alleged to have caused loss of his home and wages. ROA.62–63, 71–73. Nor does he seek review or rejection of the divorce decree. The parties' legal and financial interests are directly opposed.

This Court must respect the capacity and remedy pleaded. Official-capacity claims are functionally against the government; personal-capacity claims seek liability from the named individual and may be executed against that individual's assets. *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985). Officers sued personally "come to court as individuals," and personal immunity defenses belong to the individual defendant. *Hafer v. Melo*, 502 U.S. 21, 25–27, 30–31 (1991). DeAngelis therefore is not a disinterested representative asked to defend Texas law. She is the individual from whom Yan seeks compensation for injury allegedly caused by her own completed conduct.

Ordinary standing doctrine confirms adversity. Economic and property losses are concrete injuries, and when a defendant's action causes injury, damages ordinarily redress it. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380–81 (2024). Even nominal damages redress a completed violation. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291–92 (2021). Yan alleges actual economic losses, attributes them to DeAngelis and alleged joint actors, and requests compensatory damages. ROA.62–63, 71–73. Whether he ultimately establishes liability does not erase the controversy.

*Whole Woman's Health* addressed the opposite relationship: a pre-enforcement, official-capacity suit seeking to enjoin clerks from docketing and judges from hearing future cases under a statute challenged as unconstitutional. 595 U.S. at 39–

41. The judges had caused no completed injury, faced no personal liability, and existed to decide future controversies rather than "wage battle as contestants." *Id.* at 40. *Pulliam*'s Article III discussion was likewise expressly about injunctive relief where a litigant challenges governing law, not damages for a completed wrong. 466 U.S. 522, 538 n.18 (1984). Removing those predicates turns a limited neutral-adjudicator principle into judge-specific immunity from Article III itself.

The panel's Fifth Circuit precedents retain those missing predicates. *Bauer* involved an official-capacity-only declaration challenging guardianship statutes, not personal wrongdoing. 341 F.3d 352, 359–61 & nn.5, 7 (5th Cir. 2003). *Reule* likewise concerned prospective official-capacity relief under Texas's vexatious-litigant statute. 114 F.4th 360, 363, 365–66 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025). *Reule* separated Article III from immunity and recognized damages as redress for defendant-caused injury. *Id.* at 366 n.3, 368 n.4. *Machetta v. Moren*, 726 F. App'x 219, 219–20 (5th Cir. 2018), involved only prospective relief challenging Texas family law. None authorizes jurisdictional dismissal of personal-capacity damages.

Recent appellate decisions confirm that capacity and remedy control the doctrinal path. *Frazier* applied no-adversity to declaratory relief sought against judicial defendants. 140 F.4th 556, 565 (4th Cir. 2025). *Kellogg*, by contrast,

adjudicated personal-capacity nominal-damages claims under absolute judicial immunity, then separately applied Article III no-adversity to official-capacity declaratory and injunctive claims. 170 F.4th at 24–31. The opinion below did the reverse: it applied no-adversity to personal damages and expressly declined immunity. Op. 2–3 & n.1. The divergent methods determine whether a court lacks subject-matter jurisdiction or instead applies the distinct immunity framework.

The issue is already producing institutional concern. Concurring in the denial of rehearing en banc in *Kellogg*, Judge Nathan warned that routing enforcement through judges could become a template for evading federal review and could leave important precedent with "serious jurisdictional defects." Kellogg, No. 23-8093, slip op. at 1–2 (2d Cir. June 30, 2026) (Nathan, J., concurring in denial of reh'g en banc). Her warning arose in prospective litigation; the unpublished decision here extends the same no-adversity language further, to retrospective personal-capacity damages. En banc review is warranted before that extension becomes a jurisdictional shortcut.

Immunity is the established framework for personal damages arising from judicial acts, and it is not jurisdictional. "There is no authority whatever for the proposition that absolute- and qualified-immunity defenses pertain to the court's jurisdiction." *Nevada v. Hicks*, 533 U.S. 353, 373 (2001). The inquiry is functional and act-specific. *Forrester v. White*, 484 U.S. 219, 224, 227–29 (1988). The panel

expressly declined to reach immunity. Op. 3 n.1. Immunity therefore is not an alternative appellate holding that sustains the judgment; after the Article III error is corrected, any properly preserved immunity issue may be addressed under its own framework on remand.

The panel cited _Steel Co. v. Citizens for a Better Environment_, 523 U.S. 83, 98 (1998), to explain why it did not reach immunity. Op. 3 n.1. *Steel Co.* requires that "jurisdiction be established as a threshold matter," *id.* at 94; it does not answer the disputed antecedent question whether DeAngelis is constitutionally nonadverse merely because the challenged conduct is characterized as adjudicatory.

The Supreme Court's complete-absence rule demonstrates why the separation matters. _Bradley_'s traditional example is a probate judge trying a criminal case: the act is judicial in form but wholly outside the court's jurisdiction. 80 U.S. at 351–52. _Stump_ preserved that example, 435 U.S. at 356–57 & n.7, and _Mireles_ confirms that immunity does not cover judicial acts taken in the complete absence of all jurisdiction, 502 U.S. 9, 11–12 (1991) (per curiam). Under the opinion's rule, however, the probate trial and resulting order themselves establish adjudicatory capacity, end Article III jurisdiction, and prevent a court from ever applying the Supreme Court's exception. A threshold rule cannot make a governing immunity rule legally inoperative.

The Rule 12 posture makes the expansion especially consequential. The opinion's opening characterization of the case as a "far-reaching conspiracy" did not permit a different pleading standard. Op. 2. The complaint alleged that the proceeding recited in the challenged instrument never occurred. Yet the panel used that instrument's disputed recital and an appearance on a different motion to establish that it "followed a hearing." Op. 2–3. Under *Bell Atl. Corp. v. Twombly*, factual allegations are assumed true "even if doubtful in fact," and Rule 12 does not permit "dismissals based on a judge's disbelief." 550 U.S. 544, 555–56 (2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Judge Willett identified the same circular error: rejecting an alleged historical fact, then dismissing "because the fact it rejected is missing." *Fogleman-Laxey*, slip op. at 24 (Willett, J., dissenting). A disputed recital cannot prove the truth of adjudicatory facts alleged fabricated. Assuming *arguendo*, without conceding, that the conduct was adjudicatory, that characterization does not eliminate adversity in a personal-capacity damages action.

This is not a request to decide ultimate liability. It is the antecedent question the panel actually decided: whether personal-capacity defendants become constitutionally nonadverse merely because the challenged conduct is labeled adjudicatory. *Graham*, *Hafer*, *Hicks*, *Whole Woman's Health*, and *Kellogg* require the capacity, remedy, and immunity inquiries to remain distinct. The full Court should restore that boundary.

II. Applying unpresented grounds without notice conflicts with *Margolin* and *Cuvillier*.

The opinion rejected the two lower-court grounds it addressed for the Panopyra Defendants: duplication and *Younger*. Op. 4 n.4. But these appellees filed answers or obtained an extension, moved on none of the four later grounds, and received a *sua sponte* dismissal recommendation in a paid action. ROA.582, 586, 599, 692–714. On appeal, these nonbriefing appellees filed no brief and did not join or adopt another under Rule 28(i). 5th Cir. Dkts. 53–55. Barrows's counsel did not represent them, and her stated issue sought alternative RICO affirmance only "against Barrows." Barrows Br. 2, 20–27, 39.

The panel nevertheless first applied wire-fraud sufficiency, specified unlawful activity and knowledge, Rule 9(b) particulars for structuring, and continuity. Op. 4–6. The transaction and knowledge issues were actor-specific. ROA.66–67 ¶¶ 24–26 supplied Wang, the recipient, four dates, four amounts, four control numbers, two agent locations, and the identification requirement allegedly evaded. The opinion mentioned overseas transfers but did not address those particulars. *EnvTech* rejects a defendant-favoring tie between plausible explanations. 178 F.4th at 222. It reached an unaddressed continuity issue only because that issue had been "presented to [the district court] in the parties' motion to dismiss papers." *Id.* at 227. Here, no Panopyra Defendant presented any of the four grounds. EnvTech therefore confirms, rather

than defeats, the presentation limit. This petition seeks no en banc ruling on RICO sufficiency; it asks whether the panel could disregard pleaded facts, supply defendant-specific grounds, and foreclose amendment before notice.

The panel's procedure imposed incompatible briefing obligations. Rule 28(c) authorizes a reply to an appellee's brief; the Clerk's Guide says a reply should rebut an important appellee argument rather than repeat the opening brief. Fifth Circuit Practitioners' Guide 28 (May 2025). A reply has half the principal-brief limit and generally may not introduce unrelated issues. Fed. R. App. P. 32(a)(7)(B)(ii); *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008). Those constraints mattered here because there was no Panopyra brief to answer.

*Margolin* supplies the controlling party-presentation principle, and Yan cited it by Rule 28(j) before the panel opinion. There the Fourth Circuit vacated and remanded on a novel ground. The Supreme Court held that deciding "a case different from the one [a party] advanced" without allowing the parties to address the theory was a drastic departure from party presentation and an abuse of discretion. 608 U.S. at 343; *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (courts ordinarily rely on the parties to frame the issues for decision). The same principle applies where an appellate court extends one appellee's fact-dependent theory to nonbriefing appellees and simultaneously forecloses amendment.

Clark v. Sweeney put the point plainly: courts "call balls and strikes"; they do not "get a turn at bat." 607 U.S. 7, 9 (2025) (per curiam). Margolin then applied that rule and reversed because the appellate court decided a materially different issue without giving either side an opportunity to address it. 608 U.S. at 343. Here, the panel supplied four grounds that no Panopyra Defendant presented, treated them as dispositive without addressing the pleaded Western Union allegations, and ended the proceeding by declaring amendment futile before Yan could address or cure their cross-defendant application.

The reversal/affirmance distinction does not resolve the conflict. In the Rule 12 context, Cuvillier permits affirmance on grounds "raised below and supported by the record." 503 F.3d at 401. The panel cited Asadi v. G.E. Energy (USA), L.L.C., 720 F.3d 620, 622 (5th Cir. 2013), for the general proposition that this Court "may affirm on any basis supported by the record." Op. 4. But Asadi cannot be read to dispense with the Rule 12 limitation imposed by Cuvillier and Gilbert; otherwise their published "raised below" rule would be a nullity. In re Chesteen applied that rule and rejected affirmance merely because a ground was record-supported when it had not been raised below. 799 F. App'x 236, 242 (5th Cir. 2020) (per curiam). It applied the general rule because the opponent lacked an opportunity to develop and contest the ground, the ground was not implicit in an issue raised below, the record was inadequately developed, and the trial court had no opportunity to rule. *Id.* That

exception does not fit the transaction-particularity and actor-knowledge issues, which turn on defendant-specific allegations and competing inferences.

*Fogleman-Laxey* illustrates the difference between new authority and a new ground. There, defendants moved on qualified immunity and *Monell*, the district court dismissed on those grounds, and the majority affirmed. *Fogleman-Laxey*, slip op. at 4–10. Here, no Panopyra Defendant moved on the panel's four grounds or obtained a ruling, and Barrows's fact-specific argument addressed Barrows alone. ROA.582, 586, 599, 692–714; Barrows Br. 2, 20–27, 39. *Gilbert* supplies the published circuit rule. 751 F.3d at 311. The dissent likewise applied *Gilbert* and Rule 12. *Fogleman-Laxey*, slip op. at 24 n.52, 26 (Willett, J., dissenting).

Rule 28(i) confirms rather than erases the party-presentation problem. The Panopyra Appellees could have joined Barrows's brief or adopted it by reference; they did neither. *Smith v. Hood* held that adopted arguments must be "equally applicable." 900 F.3d 180, 184 n.4 (5th Cir. 2018). *United States v. Rojas* rejected adoption of a defendant-specific drug-quantity argument. 812 F.3d 382, 413 (5th Cir. 2016). Barrows's theory concerned her divorce representation and discovery concealment; the complaint attributed the 2018–2021 Western Union transfers to Wang and different conduct to Barrows. Barrows Br. 24–25; ROA.65–69. If the panel independently extended Barrows's defense, notice and an opportunity to

address that actor-specific application were required. Its failure to address Wang's allegations before doing so—not alternative-ground affirmance alone—produced the conflict with *Margolin* and this Court's Rule 12 precedents.

*Branch Consultants* confirms the proper appellate response. After rejecting the district court's dismissal ground, this Court declined to decide alternative Rule 9(b) issues because that analysis is customarily performed first by the district court and remanded. 560 F.3d 371, 383 (5th Cir. 2009). *Davis* similarly declined first-instance resolution and allowed amendment on remand, relying on *Montano*'s rule that this Court reviews trial-court error rather than first making legal conclusions. 173 F.4th 566, 573 (5th Cir. 2026); 867 F.3d 540, 546 (5th Cir. 2017). Authority to affirm on a different ground did not require first applying unpresented, allegation-specific grounds to nonbriefing appellees.

The simultaneous futility ruling magnified the conflict. Rule 15(a)(2) **favors leave when justice so requires**. *Great Plains* ordinarily affords **at least one opportunity to cure unless defects are clearly incurable** or **the plaintiff says he cannot or will not amend**. 313 F.3d 305, 329 (5th Cir. 2002). Here the opinion **first made four grounds dispositive** against the Panopyra Defendants and then **faulted Yan for not already supplying curative facts**. Op. 7. That sequence is not a meaningful opportunity to amend.

*Edionwe* is materially different. A Rule 12(c) motion identified the defect; the plaintiff requested amendment in response without stating curative facts; and a later proposed complaint still lacked the required property right. 860 F.3d 287, 289–90, 294 (5th Cir. 2017). Here no Panopyra motion or ruling identified the panel's four grounds, and the Panopyra Defendants were absent from the prior federal action. Pleadings in that other case were not opportunities to amend these claims after notice of these defects.

Dismissal without prejudice did not eliminate practical prejudice. To continue those claims, Yan would have to file another action, pay another filing fee, re-serve Wang, Zheng, Tang, and Panopyra, and incur additional delay and service expense. The issue is not whether a new action might remain theoretically possible; it is whether the panel could make first-applied grounds simultaneously incurable here.

En banc review is warranted. *Margolin* supplies the Supreme Court's party-presentation rule; *Cuvillier* and *Great Plains* supply this Court's Rule 12 and amendment limits. First extending fact-dependent grounds to nonbriefing appellees and denying amendment before notice is not merely a factual application of correct precedent.

## CONCLUSION

This amended petition deliberately limits en banc relief to DeAngelis and the Panopyra Defendants; it does not withdraw Yan's separately filed panel-rehearing request as to Barrows and Pigg. The Court should grant rehearing en banc, vacate the judgment as to DeAngelis and the Panopyra Defendants, and remand. As to DeAngelis, the Court should withdraw the expanded Article III rule and assess adversity from the pleaded personal-capacity claim without converting an immunity characterization into a jurisdictional bar or accepting disputed recitals as true. Any properly preserved immunity issue may then be addressed under its distinct framework. As to the Panopyra Defendants, the Court should remand for first-instance consideration after notice and an opportunity to amend. If a federal claim is reinstated, the supplemental-jurisdiction disposition of the related state-law claims should also be vacated.

Respectfully submitted,

*/s/ Conghua Yan*

Conghua Yan, Pro Se Appellant

2140 E Southlake Blvd, Suite L-439, Southlake, Texas 76092 | 214-228-1886 |

arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that, on the date this Amended Petition for Rehearing En Banc is filed, I will serve all represented appellees through counsel using CM/ECF and will serve unrepresented appellee Jiayin Zheng by first-class mail, postage prepaid, in accordance with Fed. R. App. P. 25.

/s/ Conghua Yan

## CERTIFICATE OF COMPLIANCE

This amended petition complies with Fed. R. App. P. 40(d)(3)(A) because it contains 3,780 words, excluding the parts exempted by Fed. R. App. P. 32(f), according to the word-count function used to prepare the petition.

This petition complies with Fed. R. App. P. 32(a)(4)-(6): the principal text is double-spaced, all four margins are at least one inch, and the petition uses a proportionally spaced 14-point serif typeface.

/s/ Conghua Yan

# United States Court of Appeals for the Fifth Circuit

No. 25-10752
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 20, 2026
Lyle W. Cayce
Clerk

Conghua Yan,

*Plaintiff—Appellant*,

*versus*

The State of Texas; Leslie Starr Barrows, *in Individual Capacity*; William Albert Pigg, *in Individual Capacity*; Lori L. DeAngelis, *in Individual Capacity and Official Capacity as Associated Judge*; Panopyra P.L.L.C., *A Private Company*; Fuyan Wang, *in Individual Capacity*; Jiayin Zheng, *in Individual Capacity*; Yuanli Tang, *in Individual Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-579

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Conghua Yan, proceeding pro se, appeals the dismissal of his federal lawsuit arising from his divorce proceedings. Alleging a far-reaching conspiracy against him, Yan sued his attorney, his ex-wife's attorney, the family-court judge, the State of Texas, and his ex-wife's massage-therapy business and two of her business associates. He sought damages under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law, along with declaratory and injunctive relief. The magistrate judge recommended dismissing all claims without leave to amend, and the district court adopted that recommendation over Yan's objections. We AFFIRM.

## I. Yan lacks standing to Sue Judge DeAngelis

Yan first contends that the district court erred in dismissing his claims against Judge Lori DeAngelis for lack of standing. We disagree. Article III confines federal jurisdiction to cases or controversies. U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). There is no case or controversy between a litigant and a judge acting in an adjudicatory capacity. *Reule v. Jackson*, 114 F.4th 360, 365–66 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025); *see also Bauer v. Texas*, 341 F.3d 352, 359–61 (5th Cir. 2003); *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam).

That principle resolved Yan's claims against Judge DeAngelis. She presided over part of Yan's divorce proceedings and entered the temporary order at the heart of this suit. The order bears Yan's signature and followed a hearing at which he personally appeared. Although Yan now disputes the authenticity of that signature, the order itself—referenced in and central to his complaint—confirms that Judge DeAngelis was acting in an adjudicatory

capacity. Yan therefore lacks standing to sue her. Accordingly, we AFFIRM the dismissal of all claims against Judge DeAngelis.[1]

## II. The Claims Against Barrows and Pigg Are Duplicative

Yan next challenges the dismissal of his § 1983 and RICO claims against his ex-wife's attorney, Leslie Starr Barrows, and his former attorney, William Albert Pigg. The magistrate judge relied on res judicata and also concluded that these claims duplicate an earlier suit. *Yan v. State Bar of Texas* (*Yan I*), No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025) (per curiam). Res judicata does not support affirmance on this record, but we agree that the claims are duplicative.[2]

The rule against claim-splitting litigation "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628–30 (5th Cir. 2023) (internal quotation marks and citation omitted). Barrows and Pigg were defendants in *Yan I*.[3] The two suits also arise from the same nucleus of operative facts: the entry of a temporary order in a divorce proceeding that was allegedly procured through fraud and to Yan's financial detriment. The district court therefore did not abuse its

---

[1] Because there is no jurisdiction, we do not address the merits of judicial immunity. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998).

[2] At the time the district court entered judgment here, *Yan I* was pending on appeal. We later dismissed that appeal for lack of appellate jurisdiction and remanded for further proceedings. A judgment is final for res judicata purposes only when "the district court properly entered final judgment, and that judgment never was modified on appeal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013). *Yan I* therefore does not satisfy the finality requirement.

[3] *Yan I* also named Judge DeAngelis, the bank that disbursed funds pursuant to Judge DeAngelis's temporary order, the State Bar of Texas, and attorneys from the bar's Office of Chief Disciplinary Counsel.

discretion in dismissing the claims against Barrows and Pigg as duplicative. We AFFIRM that dismissal.

### III. The Panopyra Defendants' RICO Claims

Yan also challenges the dismissal of his RICO claims against his ex-wife, Fuyan Wang, her massage-therapy business, Panopyra PLLC, and two of her business associates, Yuanli Tang and Jiayin Zheng (collectively, Panopyra Defendants). The magistrate judge recommended dismissal as duplicative and under *Younger* abstention.[4] Dismissal is nonetheless proper but for a more straightforward reason: Yan failed to plead a plausible RICO claim. *See Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) ("We . . . may affirm on any basis supported by the record.").

To state a viable civil RICO claim, a plaintiff must plead a violation of the criminal RICO statute and a resulting injury to business or property. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021). A violation of 18 U.S.C. § 1962 contains "three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204–05 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). The pattern element requires "at least two predicate acts of racketeering

---

[4] Neither ground supports affirmance. The Panopyra Defendants were not parties to *Yan I* and the record does not otherwise establish privity. *See Armadillo*, 84 F.4th at 630–31. Nor does *Younger* provide a basis for affirmance. Yan's RICO claim is not, at bottom, a challenge to the validity of the family-court order. It is an independent claim that the Panopyra Defendants laundered cash beginning in 2018—*before* the 2021 divorce proceedings. The claim does not ask a federal court to invalidate, enjoin, or otherwise interfere with a state-court order, and we are not persuaded that a private civil-damages claim of this sort falls within the three "exceptional circumstances" to which *Younger* narrowly applies. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) ("We have not applied *Younger* outside these three 'exceptional' categories[.]").

activity." *Crowe v. Henry*, 115 F.3d 294, 297 (5th Cir. 1997). Yan identifies wire fraud and money laundering as predicate acts.[5] His wire-fraud allegations must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Yan's allegations fall short. His complaint alleges, largely in conclusory terms, that the Panopyra Defendants laundered cash and structured deposits to evade reporting requirements, using overseas wire transfers to carry out their racketeering enterprise. But as to wire fraud, Yan does not identify a scheme to defraud or plead the use of interstate or foreign wires in furtherance of one. *See* 18 U.S.C. § 1343 (wire fraud requirements). As to money laundering, Yan does not identify the "specified unlawful activity" that generated the alleged proceeds or plead facts showing that any defendant knew the property represented proceeds of unlawful activity. *See* 18 U.S.C. §§ 1956(a)(1), (c)(7) (money-laundering requirements).

The complaint independently fails to plead the continuity required for a pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989). Continuity requires facts showing either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241–42. Yan alleges neither. The supposed scheme centers on one victim—Yan—and one objective connected

[5] Yan also alleges perjury and financial structuring as predicate acts. Perjury is not a RICO predicate. *See* 18 U.S.C. § 1961(1) (listing the predicate offenses). Financial structuring can qualify as a predicate act, *id.* § 1961(1)(E) (including acts indictable under the Currency and Foreign Transactions Reporting Act), but it nonetheless "sound[s] in fraud" for pleading purposes because its gravamen is the deliberate breaking up of transactions to deceive a financial institution. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

to the dissolution of his marriage. He alleges no facts suggesting an indefinite threat of repetition. And we have repeatedly treated finite schemes aimed at a limited set of victims and a singular objective as insufficient to establish closed-ended continuity, even when the alleged conduct spans years. *E.g.*, *D&T Partners*, 98 F.4th at 206–08; *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).

Because Yan has not pleaded a plausible RICO violation, we AFFIRM the dismissal of his claims against the Panopyra Defendants.

## IV. Sovereign Immunity Bars the Claims Against Texas

Yan correctly concedes in his reply brief that his claims for declaratory and injunctive relief against Texas are barred by sovereign immunity. Texas has not waived its Eleventh Amendment immunity. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Nor does the *Ex parte Young* exception permit suit against the State itself. *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). We therefore AFFIRM the dismissal of Yan's claims against Texas.

## V. Supplemental Jurisdiction Was Properly Declined

Yan next argues that the district court erred by dismissing his remaining state-law claims. We disagree. A district court "may decline" to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We review that decision for abuse of discretion. *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016). That discretion in deciding whether to retain jurisdiction over state-law claims is "wide" and "not lightly disturb[ed]" on appeal. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per curiam). Once the district court properly dismissed all of Yan's federal claims, declining to

retain jurisdiction over the remaining state-law claims was well within that discretion.

## VI. Further Amendment Would be Futile

Finally, Yan argues that the district court abused its discretion by dismissing his claims without granting leave to amend. Rule 15 favors liberal amendment. FED. R. CIV. P. 15(a)(2). But a court does not abuse its discretion in denying leave where amendment would be futile, *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320–21 (5th Cir. 1991), particularly where the plaintiff does not identify additional facts that would cure the defect, *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017). Yan has already filed multiple iterations of his complaint across two federal lawsuits arising from the same divorce proceeding. Neither below nor on appeal has he identified additional facts that another amendment would add, much less facts that would cure the defects. On this record, denying further leave to amend as futile was not an abuse of discretion.

## VII. Conclusion

The judgment of the district court is AFFIRMED.