U.S. COURT OF APPEALS
RECEIVED
Sep 10, 2026
FIFTH CIRCUIT

**No. 25-10752**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

Conghua Yan, *Plaintiff-Appellant*

v.

The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. DeAngelis, in Individual Capacity and Official Capacity as Associated Judge; Panopyra P.L.L.C., A Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,

*Defendants-Appellees*

---

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
USDC No. 4:24-CV-579, The Honorable Reed C. O'Connor, District Judge

---

# PLAINTIFF-APPELLANT'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITION FOR REHEARING EN BANC

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
Pro Se Appellant

## CERTIFICATE OF INTERESTED PERSONS

Plaintiff-Appellant Conghua Yan certifies that the following persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

Parties: Conghua Yan; the State of Texas; Leslie Starr Barrows; William Albert Pigg; Lori L. DeAngelis; Panopyra P.L.L.C.; Fuyan Wang; Jiayin Zheng; and Yuanli Tang.

Counsel who appeared below or on appeal: Roy Adams (Texas); J. Nathaniel James, Roland K. Johnson, and Caroline Marie Cyrier (Barrows); William A. Pigg (Pigg); Katherine Elizabeth Owens and Mallory A. Schuit (DeAngelis); Charles Davis Chapman and Cody Martin (Panopyra P.L.L.C., Wang, and Tang). Jiayin Zheng appeared pro se.

/s/ Conghua Yan, Pro Se Appellant

## MOTION

1. Plaintiff-Appellant Conghua Yan respectfully moves under Fed. R. App. P. 27 and Fifth Circuit Rule 27.4 for leave to file the attached Supplemental Memorandum in support of his pending petition for rehearing en banc. On September 8, 2026, the Court granted Yan's August 31 motion for leave to supplement that petition (motion docketed as No. 85). This motion seeks leave to submit an additional memorandum addressing the same Article III issue already presented. Yan does not seek leave to file another rehearing petition.

2. The August 31 submission preserves the same two en banc issues, requests the same relief, and adds no claim, party, or extra-record factual theory. The proposed supplement remains within that boundary. It addresses only the first issue: whether the panel could establish DeAngelis's neutral adjudicatory role, and thus Article III no-adversity, by accepting the challenged instrument's disputed recital that it "followed a hearing," even though the operative complaint alleged no corresponding Wang request or hearing and sought retrospective personal-capacity damages.

3. Continued authority verification identified published Fifth Circuit decisions that materially sharpen the uniformity question. *Adams v. McIlhany*, 764 F.2d 294 (5th Cir. 1985), **separately** resolved damages arising from judicial conduct through absolute judicial immunity and prospective equitable relief through Article

III's case-or-controversy requirement. *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003), by contrast, involved a judge sued 'in his official capacity **only**' for declaratory relief challenging governing law. *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), decided after *Bauer*, again resolved retrospective § 1983 damages arising from judicial conduct through judicial immunity. The attached memorandum also presents a compact claim-by-claim and relief-by-relief comparison with published sister-circuit decisions, including *Kellogg v. Nichols*, 170 F.4th 20 (2d Cir. 2026).

4. The supplemental memorandum is intentionally narrow. It does not alter the Panopyra issue, add record facts, expand the requested relief, or ask the Court to adjudicate the ultimate merits of any immunity defense. It identifies the disputed adjudicatory-role premise, the relevant capacities and remedies, and the distinct treatment of Article III no-adversity and judicial immunity so the Court can evaluate whether the panel's jurisdictional treatment is consistent with this Court's published cases and persuasive sister-circuit decisions.

5. Good cause exists because continued focused research after the August 31 filing identified additional authority whose significance became apparent when compared with the panel's actual Article III rationale. The authorities predate August 31; Yan does not contend otherwise. Their relevance lies in clarifying why the panel's reliance on the challenged instrument's disputed hearing recital matters

to the already-presented actual-role and no-adversity question, and why that inquiry remains distinct from judicial immunity. The supplement adds no issue, claim, party, record fact, requested relief, or extension. Appellees received notice of the proposed memorandum and an opportunity to state their positions, as reflected in the certificate of conference. Allowing it permits the Court to evaluate the pending rehearing petition with the pertinent authorities before it without a successive rehearing petition or resort to Rule 28(j) for preexisting authority. The attached memorandum was prepared before the September 8 order; Yan asks that its references to the pending August 31 motion be understood as supporting the rehearing petition as supplemented pursuant to that order.

6. Yan respectfully requests that the Court grant this motion and accept the attached Supplemental Memorandum as filed in further support of his pending petition for rehearing en banc, as supplemented pursuant to the September 8, 2026 order.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Appellant
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF CONFERENCE

On September 6, 2026, Yan emailed counsel for all represented appellees and pro se appellee Jiayin Zheng requesting their positions. Pigg and Zheng oppose. On September 7, 2026, Katherine E. Owens, counsel for DeAngelis, opposed. Davis Chapman, counsel for Panopyra P.L.L.C., Wang, and Tang, also opposed. As of September 9, 2026, counsel for the State of Texas and Barrows had not responded.

/s/ Conghua Yan

## CERTIFICATE OF SERVICE

I certify that on the filing date, I will serve this motion and the proposed Supplemental Memorandum on counsel through CM/ECF where available and otherwise by prepaid first-class mail, and on pro se appellee Jiayin Zheng by prepaid first-class mail, under Fed. R. App. P. 25.

/s/ Conghua Yan

## CERTIFICATE OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 565 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with Fed. R. App. P. 27(d)(1) and 32(a)(4)-(6): it is on letter-size pages with one-inch margins, uses a proportionally spaced 14-point serif typeface, and is double-spaced except where the rules permit otherwise.

/s/ Conghua Yan