U.S. COURT OF APPEALS
RECEIVED
Sep 10, 2026
FIFTH CIRCUIT

No. 25-10752
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
Conghua Yan, Plaintiff-Appellant
v.
The State of Texas; Leslie Starr Barrows, in Individual Capacity; William Albert Pigg, in Individual Capacity; Lori L. DeAngelis, in Individual Capacity and Official Capacity as Associated Judge; Panopyra P.L.L.C., A Private Company; Fuyan Wang, in Individual Capacity; Jiayin Zheng, in Individual Capacity; Yuanli Tang, in Individual Capacity,
Defendants-Appellees

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
USDC No. 4:24-CV-579, The Honorable Reed C. O'Connor, District Judge

**PLAINTIFF-APPELLANT'S PROPOSED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PENDING MOTION FOR LEAVE TO FILE AMENDED PETITION FOR REHEARING EN BANC**

**SUPPLEMENTAL MEMORANDUM**

1. Plaintiff-Appellant Conghua Yan respectfully submits this narrow supplemental memorandum in support of his pending August 31, 2026 motion for leave to file the proposed Amended Petition for Rehearing En Banc. The supplement seeks no new relief and adds no claim, issue, party, or record fact. It addresses only the Article III issue already presented. Although Yan alleged that the challenged order itself was the product of fraud upon the court, the panel held that DeAngelis occupied an adjudicatory role because the challenged June 2022 order "followed a [2021] hearing at which [Yan] personally appeared," and, from that premise, held that no Article III controversy existed. Op. 2-3. The panel expressly declined to decide judicial immunity. Op. 3 n.1.

2. The fabrication allegation remains material for a limited reason. Yan does not ask the full Court, through this supplement, to decide whether fabrication occurred or whether any particular act was judicial for immunity purposes. The allegation makes the instrument's hearing recital disputed. The operative complaint alleged that Wang filed no corresponding motion or request, that no hearing occurred on such a request, and that no ruling was pronounced in open court. ROA.62-63. Yan's reply preserved that dispute. Reply Br. 19-22. The appearance relied upon by the panel concerned Yan's own 2021 motion, with Anita Cutrer as his counsel; the challenged 2022 instrument instead identified Wang as movant and Yan as respondent. **No independent, undisputed material established that those were the same proceeding**. The additional authorities below show why that disputed historical premise cannot be collapsed into either Article III or immunity.

**I. Published Fifth Circuit decisions keep Article III adversity and judicial immunity on separate doctrinal tracks.**

3. *Adams v. McIlhany*, 764 F.2d 294, 297-300 (5th Cir. 1985), is the closest published Fifth Circuit structural precedent. *Adams* sued a Texas district judge after completed judicial conduct and sought damages, declaratory relief, and injunctive relief. This Court resolved the damages claim through absolute judicial immunity. It separately held that the requested equitable relief lacked the constitutionally required case or controversy. *Adams* did not expressly decide the

precise no-adversity question presented here, but its claim-by-claim treatment matters: classifying conduct as judicial did not itself end Article III jurisdiction over the damages claim. Judicial character did the work within the immunity analysis, while Article III was addressed separately for equitable relief.

4. *Bauer v. Texas*, 341 F.3d 352, 354, 359-61 (5th Cir. 2003), occupied the different lane that produced the no-adversity rule. The probate judge was sued "in his official capacity only," and the plaintiff sought a declaration that governing Texas guardianship law was unconstitutional. *Bauer* held that the plaintiff and neutral judicial defendant lacked adverse legal interests as to that facial statutory challenge. It did not involve retrospective compensation from the judge personally for the judge's own completed conduct.

5. *Ballard v. Wall*, 413 F.3d 510, 514-18 (5th Cir. 2005), decided after *Bauer*, confirms that retrospective Section 1983 damages arising from asserted judicial conduct continued to be analyzed through judicial immunity. The plaintiff alleged that the judge acted outside her authority in issuing a warrant and bond that led to his jailing and sought compensatory and exemplary damages. The Court analyzed the judge's conduct through the judicial-immunity framework. *Ballard* therefore reinforces that *Bauer* did not transform every dispute over conduct associated with adjudication into an Article III no-adversity dismissal.

6. Read together, *Adams*, *Bauer*, and *Ballard* identify the boundary relevant here. A neutral judge asked in an official-capacity suit to defend the constitutionality of governing law may lack Article III adversity. A retrospective damages claim arising from completed fraudulent conduct is ordinarily routed through the separate immunity framework. The panel here never performed that immunity inquiry. Instead, it used the disputed proposition that the challenged instrument followed the Wang hearing to establish an adjudicatory role and terminate Article III jurisdiction before immunity could be addressed.

**II. Sister-circuit authority reinforces the actual-role inquiry and the separation of remedies.**

7. *Allen v. DeBello*, 861 F.3d 433, 440-42 (3d Cir. 2017), illustrates why adjudicatory status is an actual-role inquiry. The Third Circuit distinguishes neutral adjudicators from enforcers or administrators by examining the role and authority actually exercised, including who initiated the proceeding, what procedures governed it, and whether the judge exercised administrative or enforcement functions. The point is not that *Allen* decides this case. It shows that the neutral-adjudicator classification rests on what proceeding actually existed and what role the judge actually occupied, not merely on the label attached to a challenged document.

8. *Kellogg v. Nichols*, 170 F.4th 20, 25-31 (2d Cir. 2026) (per curiam), is the closest modern claim-and-remedy comparator. The same judicial defendant faced individual-capacity nominal-damages claims and official-capacity equitable claims arising from the same licensing decisions. The Second Circuit applied absolute judicial immunity to the individual damages claims and separately applied Article III no-adversity to the official-capacity equitable claims. The court therefore did not use no-adversity as a substitute for the individual-capacity immunity analysis.

9. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996), illustrates the missing factual predicate. The Eleventh Circuit found judicial capacity because the challenged incident occurred while the judge was actually hearing a domestic-relations case and the proceeding was "properly before him." Only after establishing that predicate did the court apply judicial immunity to the individual-capacity damages claim. Here, by contrast, whether the corresponding Wang proceeding ever occurred is itself disputed: the complaint alleged no Wang request and no hearing on such a request, while the challenged instrument allegedly supplied that procedural history. *Simmons* therefore supports the narrower point that adjudicatory status turns on the proceeding and role that actually existed, not merely on a challenged instrument's recital that a hearing occurred.

10. *Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th Cir. 1987), is factually instructive but must be used narrowly. The plaintiff alleged that a judge caused a

false certificate to memorialize a conference that never occurred and caused alteration of the transcript and docket. The Seventh Circuit tested the resulting damages claim through judicial immunity. *Eades* ultimately held the judge immune because an actual criminal case and post-trial judicial proceedings indisputably existed, facts materially different from Yan's allegation that the specific Wang matter recited in the challenged instrument was never before DeAngelis. Its relevance is doctrinal: even allegations involving a false recital of a nonexistent conference were analyzed through immunity, not treated as automatically eliminating Article III adversity.

**III. The added authorities sharpen the existing en banc question without asking the Court to decide fabrication or immunity.**

11. The amended petition already presents the Rule 12 defect: the panel could recognize that the challenged instrument exists and says it followed a hearing, but it could not resolve the pleaded historical dispute by treating that recital as conclusive proof that the recited Wang proceeding occurred. The additional authorities explain why the consequence of that factual shortcut matters. The supposed hearing supplied the panel's adjudicatory-role classification; that classification supplied no-adversity; and no-adversity prevented the Court from ever reaching the distinct immunity framework that published Fifth Circuit and sister-circuit cases ordinarily apply to retrospective damages.

12. Assuming arguendo, without conceding, that DeAngelis's challenged conduct ultimately qualifies as judicial for immunity purposes, that conclusion must be reached under the immunity framework after the relevant role and historical facts are properly determined. It cannot operate backward to establish that the disputed hearing recital was true at Rule 12. Fabrication is therefore neither hidden nor offered as an ultimate merits conclusion. It is the reason the instrument's recital could not supply its own factual predicate for Article III no-adversity.

13. These additional authorities do not change either en banc issue or the requested relief. They reinforce the pending petition's narrower question: whether a disputed recital in the challenged instrument may establish the actual neutral-adjudicator role necessary for the panel's Article III holding, while simultaneously preventing application of the separate immunity framework governing retrospective personal liability.

## CONCLUSION

14. For these additional reasons, Yan respectfully requests that the Court grant his pending August 31, 2026 motion for leave and treat the proposed Amended Petition for Rehearing En Banc submitted with that motion as filed. This supplement requests no additional relief.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Appellant
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date the accompanying motion for leave to file this Supplemental Memorandum is filed, this proposed Supplemental Memorandum will be served with that motion on all represented appellees through counsel using CM/ECF and on unrepresented appellee Jiayin Zheng by first-class mail, postage prepaid, in accordance with Fed. R. App. P. 25.

/s/ Conghua Yan

## CERTIFICATE OF COMPLIANCE

This proposed supplemental memorandum contains approximately 1,325 words, excluding the parts exempted by Fed. R. App. P. 32(f). The final filed version should be checked against the word-count function used to prepare the filed document.

This filing uses letter-size pages with one-inch margins, a proportionally spaced 14-point serif typeface, and double-spaced text except where the rules permit otherwise.

/s/ Conghua Yan