# United States Court of Appeals for the Fifth Circuit

No. 25-10752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2026

Lyle W. Cayce
Clerk

Conghua Yan,

*Plaintiff—Appellant*,

*versus*

The State of Texas; Leslie Starr Barrows, *in Individual Capacity*; William Albert Pigg, *in Individual Capacity*; Lori L. DeAngelis, *in Individual Capacity and Official Capacity as Associated Judge*; Panopyra P.L.L.C., *A Private Company*; Fuyan Wang, *in Individual Capacity*; Jiayin Zheng, *in Individual Capacity*; Yuanli Tang, *in Individual Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-579

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Conghua Yan, proceeding pro se, appeals the dismissal of his federal lawsuit arising from his divorce proceedings. Alleging a far-reaching conspiracy against him, Yan sued his attorney, his ex-wife's attorney, the family-court judge, the State of Texas, and his ex-wife's massage-therapy business and two of her business associates. He sought damages under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law, along with declaratory and injunctive relief. The magistrate judge recommended dismissing all claims without leave to amend, and the district court adopted that recommendation over Yan's objections. We AFFIRM.

## I. Yan lacks standing to Sue Judge DeAngelis

Yan first contends that the district court erred in dismissing his claims against Judge Lori DeAngelis for lack of standing. We disagree. Article III confines federal jurisdiction to cases or controversies. U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). There is no case or controversy between a litigant and a judge acting in an adjudicatory capacity. *Reule v. Jackson*, 114 F.4th 360, 365–66 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025); *see also Bauer v. Texas*, 341 F.3d 352, 359–61 (5th Cir. 2003); *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam).

That principle resolved Yan's claims against Judge DeAngelis. She presided over part of Yan's divorce proceedings and entered the temporary order at the heart of this suit. The order bears Yan's signature and followed a hearing at which he personally appeared. Although Yan now disputes the authenticity of that signature, the order itself—referenced in and central to his complaint—confirms that Judge DeAngelis was acting in an adjudicatory

capacity. Yan therefore lacks standing to sue her. Accordingly, we AFFIRM the dismissal of all claims against Judge DeAngelis.[1]

## II. The Claims Against Barrows and Pigg Are Duplicative

Yan next challenges the dismissal of his § 1983 and RICO claims against his ex-wife's attorney, Leslie Starr Barrows, and his former attorney, William Albert Pigg. The magistrate judge relied on res judicata and also concluded that these claims duplicate an earlier suit. *Yan v. State Bar of Texas* (*Yan I*), No. 24-10543, 2025 WL 2759560 (5th Cir. Sept. 29, 2025) (per curiam). Res judicata does not support affirmance on this record, but we agree that the claims are duplicative.[2]

The rule against claim-splitting litigation "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628–30 (5th Cir. 2023) (internal quotation marks and citation omitted). Barrows and Pigg were defendants in *Yan I*.[3] The two suits also arise from the same nucleus of operative facts: the entry of a temporary order in a divorce proceeding that was allegedly procured through fraud and to Yan's financial detriment. The district court therefore did not abuse its

---

[1] Because there is no jurisdiction, we do not address the merits of judicial immunity. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998).

[2] At the time the district court entered judgment here, *Yan I* was pending on appeal. We later dismissed that appeal for lack of appellate jurisdiction and remanded for further proceedings. A judgment is final for res judicata purposes only when "the district court properly entered final judgment, and that judgment never was modified on appeal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013). *Yan I* therefore does not satisfy the finality requirement.

[3] *Yan I* also named Judge DeAngelis, the bank that disbursed funds pursuant to Judge DeAngelis's temporary order, the State Bar of Texas, and attorneys from the bar's Office of Chief Disciplinary Counsel.

discretion in dismissing the claims against Barrows and Pigg as duplicative. We AFFIRM that dismissal.

### III. The Panopyra Defendants' RICO Claims

Yan also challenges the dismissal of his RICO claims against his ex-wife, Fuyan Wang, her massage-therapy business, Panopyra PLLC, and two of her business associates, Yuanli Tang and Jiayin Zheng (collectively, Panopyra Defendants). The magistrate judge recommended dismissal as duplicative and under *Younger* abstention.[4] Dismissal is nonetheless proper but for a more straightforward reason: Yan failed to plead a plausible RICO claim. *See Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) ("We . . . may affirm on any basis supported by the record.").

To state a viable civil RICO claim, a plaintiff must plead a violation of the criminal RICO statute and a resulting injury to business or property. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021). A violation of 18 U.S.C. § 1962 contains "three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 204–05 (5th Cir. 2024) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). The pattern element requires "at least two predicate acts of racketeering

---

[4] Neither ground supports affirmance. The Panopyra Defendants were not parties to *Yan I* and the record does not otherwise establish privity. *See Armadillo*, 84 F.4th at 630–31. Nor does *Younger* provide a basis for affirmance. Yan's RICO claim is not, at bottom, a challenge to the validity of the family-court order. It is an independent claim that the Panopyra Defendants laundered cash beginning in 2018—*before* the 2021 divorce proceedings. The claim does not ask a federal court to invalidate, enjoin, or otherwise interfere with a state-court order, and we are not persuaded that a private civil-damages claim of this sort falls within the three "exceptional circumstances" to which *Younger* narrowly applies. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) ("We have not applied *Younger* outside these three 'exceptional' categories[.]").

activity." *Crowe v. Henry*, 115 F.3d 294, 297 (5th Cir. 1997). Yan identifies wire fraud and money laundering as predicate acts.[5] His wire-fraud allegations must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Yan's allegations fall short. His complaint alleges, largely in conclusory terms, that the Panopyra Defendants laundered cash and structured deposits to evade reporting requirements, using overseas wire transfers to carry out their racketeering enterprise. But as to wire fraud, Yan does not identify a scheme to defraud or plead the use of interstate or foreign wires in furtherance of one. *See* 18 U.S.C. § 1343 (wire fraud requirements). As to money laundering, Yan does not identify the "specified unlawful activity" that generated the alleged proceeds or plead facts showing that any defendant knew the property represented proceeds of unlawful activity. *See* 18 U.S.C. §§ 1956(a)(1), (c)(7) (money-laundering requirements).

The complaint independently fails to plead the continuity required for a pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239–43 (1989). Continuity requires facts showing either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241–42. Yan alleges neither. The supposed scheme centers on one victim—Yan—and one objective connected

---

[5] Yan also alleges perjury and financial structuring as predicate acts. Perjury is not a RICO predicate. *See* 18 U.S.C. § 1961(1) (listing the predicate offenses). Financial structuring can qualify as a predicate act, *id.* § 1961(1)(E) (including acts indictable under the Currency and Foreign Transactions Reporting Act), but it nonetheless "sound[s] in fraud" for pleading purposes because its gravamen is the deliberate breaking up of transactions to deceive a financial institution. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

to the dissolution of his marriage. He alleges no facts suggesting an indefinite threat of repetition. And we have repeatedly treated finite schemes aimed at a limited set of victims and a singular objective as insufficient to establish closed-ended continuity, even when the alleged conduct spans years. *E.g.*, *D&T Partners*, 98 F.4th at 206–08; *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).

Because Yan has not pleaded a plausible RICO violation, we AFFIRM the dismissal of his claims against the Panopyra Defendants.

## IV. Sovereign Immunity Bars the Claims Against Texas

Yan correctly concedes in his reply brief that his claims for declaratory and injunctive relief against Texas are barred by sovereign immunity. Texas has not waived its Eleventh Amendment immunity. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Nor does the *Ex parte Young* exception permit suit against the State itself. *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). We therefore AFFIRM the dismissal of Yan's claims against Texas.

## V. Supplemental Jurisdiction Was Properly Declined

Yan next argues that the district court erred by dismissing his remaining state-law claims. We disagree. A district court "may decline" to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We review that decision for abuse of discretion. *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016). That discretion in deciding whether to retain jurisdiction over state-law claims is "wide" and "not lightly disturb[ed]" on appeal. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (per curiam). Once the district court properly dismissed all of Yan's federal claims, declining to

retain jurisdiction over the remaining state-law claims was well within that discretion.

## VI. Further Amendment Would be Futile

Finally, Yan argues that the district court abused its discretion by dismissing his claims without granting leave to amend. Rule 15 favors liberal amendment. Fed. R. Civ. P. 15(a)(2). But a court does not abuse its discretion in denying leave where amendment would be futile, *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320–21 (5th Cir. 1991), particularly where the plaintiff does not identify additional facts that would cure the defect, *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017). Yan has already filed multiple iterations of his complaint across two federal lawsuits arising from the same divorce proceeding. Neither below nor on appeal has he identified additional facts that another amendment would add, much less facts that would cure the defects. On this record, denying further leave to amend as futile was not an abuse of discretion.

## VII. Conclusion

The judgment of the district court is AFFIRMED.